**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Big Village Holding LLC, *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-10174 (___)<br><br>(Joint Administration Requested) |

**DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTIONS 105(a) AND 365(a) OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL PROPERTY EFFECTIVE AS OF THE PETITION DATE**

> **\*\*ANY PARTY RECEIVING THIS MOTION SHOULD CAREFULLY REVIEW SCHEDULE 1 TO THE PROPOSED ORDER TO DETERMINE WHETHER IT IS A COUNTERPARTY TO A REJECTED LEASE THAT IS THE SUBJECT OF THE RELIEF REQUESTED IN THIS MOTION\*\***

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (this "**Motion**") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), pursuant to sections 105(a) and 365(a) of title 11 of the United States Code, 11 U.SC. §§ 101 *et seq.* (the "**Bankruptcy Code**"), authorizing the Debtors to reject the Rejected Leases (as defined herein) set forth on Schedule 1 to the Proposed Order, effective as of the Petition Date (as defined herein). In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Kasha Cacy in*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Big Village Holding LLC (6595); Big Village Group Holdings LLC (5882); Big Village Group Inc. (6621); Big Village Insights, Inc. (8960); Big Village Media LLC (7288); EMX Digital, Inc. (5543); Big Village USA Corporation, Inc. (3414); Big Village Agency, LLC (0767); Balihoo, Inc. (9666); Deep Focus, Inc. (8234); and Trailer Park Holdings Inc. (1447). The Debtors' service address is 301 Carnegie Center, Suite 301, Princeton, NJ 80540.

29901380.2

*Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"),[2] filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over these chapter 11 cases and this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012 (the "**Amended Standing Order**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 105(a) and 365 of the Bankruptcy Code and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

**I.    General**

2. On the date hereof (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committees have been appointed in these chapter 11 cases and no request has been made for the appointment of a trustee or examiner.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

29901380.2

2

3. Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the First Day Declaration.

## II. The Rejected Leases and Subleases

4. Certain of the Debtors are currently lessees and under various unexpired nonresidential leases (the "**Leases**"). In addition, Debtor Big Village Group Inc. subleases, and is a sublessor under two of the Leases (the "**Subleases**," and collectively with the Leases, the "**Rejected Leases**").[3]

5. After careful review, the Debtors identified the Leases for office space that the Debtors no longer use or occupy. Likewise, the Debtors seek to reject the Subleases. The Debtors have determined that the Rejected Leases are no longer necessary to the Debtors' business affairs, are not otherwise beneficial to their estates, and present burdensome contingent liabilities. Therefore, the Debtors have determined that rejecting the Rejected Leases is an appropriate exercise of their business judgment.

## **RELIEF REQUESTED**

6. By this Motion, to preserve and maximize the value of their estates, the Debtors, in an exercise of their business judgment, seek to reject the Rejected Leases effective as of the Petition Date, and abandon any personal property of the Debtors, including but not limited

---

[3] The inclusion of any contract, lease, sublease, or other agreement on <u>Schedule 1</u> to the Proposed Order is not intended as, nor shall be deemed to constitute, an admission by the Debtors or their estates that such contract, lease, or other agreement is or is not an executory contract or unexpired lease. The Debtors and their estates reserve any and all rights, claims, and defenses with respect to the characterization of the Rejected Leases under section 365 of the Bankruptcy Code, applicable non-bankruptcy law, or otherwise, including, without limitation, any and all rights to argue that any of the Rejected Leases do not constitute an executory contract or unexpired lease.

29901380.2

3

to, furniture, fixtures, and equipment (collectively, the "**Personal Property**") that remains, as of the Petition Date, on the premises (the "**Premises**") subject to the Rejected Leases, as applicable.

## BASIS FOR RELIEF

**I.   Rejection of the Rejected Leases as of the Petition Date Reflects the Debtors' Sound Business Judgment.**

7. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). As courts have held, "[t]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993) (quoting 2 *Collier on Bankruptcy* ¶ 365.01[1] (15th ed. 1993)).

8. The standard applied to determining whether the rejection of an unexpired lease or executory contract should be authorized is the "business judgment" standard. *Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the "product of bad faith, whim, or caprice"); *see also In re Tayfur*, 599 F. App'x 44, 49–50 (3d Cir. 2015) (extending the standard articulated in *Sharon Steel* to unexpired leases). Once a debtor states a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc.* (*In re Integrated Res., Inc.*),

29901380.2

4

147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).

9. The business judgment rule is crucial in chapter 11 cases and shields a debtor's management from judicial second-guessing. *See Comm. of Asbestos Related Litigants and/or Creditors v. Johns-Manville Corp.*, 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986) ("The Code favors the continued operation of a business by a debtor and a presumption of reasonableness attached to a debtor's management decisions."). Generally, courts defer to a debtor-in-possession's business judgment to reject a lease or an executory contract. *See, e.g.*, *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984), *superseded by statute on other grounds*, Bankruptcy Amendments and Federal Judgeship Act of 1984, sec. 541, § 1113, Pub. L. No. 98-353, 98 Stat. 333 (codified at 11 U.S.C. § 1113); *In re Minges*, 602 F.2d 38, 43 (2d Cir. 1979); *In re Riodizio*, 204 B.R. 417, 424–25 (Bankr. S.D.N.Y. 1997); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994).

10. Upon finding that the Debtors have exercised their sound business judgment in determining that the rejection of the Rejected Leases is in the best interests of the Debtors and their estates, the Court should approve the proposed rejections under section 365(a) of the Bankruptcy Code. *See, e.g.*, *Westbury Real Estate Ventures, Inc. v. Bradlees, Inc.* (*In re Bradlees Stores, Inc.*), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996); *Summit Land Co. v. Allen* (*In re Summit Land Co.*), 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). If a debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract. *See, e.g.*, *Sharon Steel Corp.*, 872 F.2d at 39-40. The Debtors have determined that the

29901380.2

5

Rejected Leases are not integral to the Debtors' chapter 11 efforts, are not otherwise beneficial to the Debtors' estates, and may present burdensome contingent liabilities. Accordingly, the Debtors' decision to reject the Rejected Leases is an exercise of sound business judgment, and therefore should be approved.

11. Furthermore, under California law, a subtenant's rights "are dependent upon and subject to the sublessor's rights.... [R]ights under the sublease stand or fall with those of the sublessor...." *Fifth & Broadway Partnership v. Kimny, Inc.* 162 Cal.Rptr. 271 (Cal. App. 1980) (citing *Superior Motels, Inc. v. Rinn Motor Hotels, Inc.* 241 Cal.Rptr. 487 (Cal. App. 1987) (internal quotation marks omitted)). Therefore, if the Leases are deemed rejected as of the Petition Date, the relevant Subleases shall be deemed rejected by operation of law. *See Chatlos Sys., Inc. v. Kaplan* (*In re Chatlos Sys., Inc.*), 147 B.R. 96, 99-100 (D. Del. 1992) ("When a lease is deemed rejected any subleases under that primary lease must also be deemed rejected since the sublessee's rights in the property are extinguished with those of the sublessor."); *Teleglobe Commc'ns Corp., v. Teleglobe Commc'ns Corp.*, 304 B.R. 79, 84 (Bankr. D.Del. 2004) (holding subtenant's interest in property extinguished by rejection by debtor of primary lease). Notwithstanding this result, the Debtors request, out of an abundance of caution, entry of an order authorizing and confirming their rejection of the identified Subleases that are related to the Leases.

12. To avoid potentially paying any unnecessary expenses related to the Rejected Leases, the Debtors seek to reject the Rejected Leases effective as of the Petition Date. The Court has routinely authorized a debtor's rejection of unexpired leases and executory contracts as of the date of the filing of the applicable rejection motion. *See In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004); *see also In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (rejection permitted effective as of the date of the motion or the date the premises

29901380.2

surrendered). Generally, courts have permitted retroactive rejection of an unexpired lease and executory contract when the non-debtor party to the agreement was given definite notice of the intention to reject. *See, e.g.*, *In re FLYi, Inc.*, Case No. 05-20011 (MFW) (Bankr. D. Del. Aug. 21, 2006).

13. The facts in these chapter 11 cases and the balance of the equities favor the Debtors' rejection of the Rejected Leases effective as of the Petition Date. Without doing so, the Debtors may incur unnecessary administrative charges for agreements that are not necessary to their business affairs or chapter 11 efforts, as the Debtors are no longer using the Premises that are the subject of the Rejected Leases. The Debtors do not need the leasehold interests created by the Rejected Leases to conduct their go-forward businesses. On the other hand, requiring the Debtors to continue to perform under the Rejected Leases after the Petition Date could impose onerous obligations on the Debtors and their estates. Without a retroactive date of rejection, the Debtors may incur unnecessary administrative charges for leases or contracts that are not necessary to their ongoing business operations.

14. Moreover, the lessors and sublessees under the Rejected Leases will not be unduly prejudiced if the Rejected Leases are rejected effective as of the Petition Date because, on the Petition Date, the Debtors have served this Motion on the lessors and sublessees and/or their agents or representatives by overnight delivery, electronic mail and/or facsimile, thereby advising such lessor or sublessee that the Debtors intend to reject the Rejected Leases effective as of the Petition Date. Furthermore, the Debtors have, on or before the date hereof, relinquished the keys to the Premises and provided the alarm code(s) to the lessors or their representatives, abandoned the Premises, and, in conjunction therewith, indicated that they were unequivocally surrendering

possession as a result thereof. The keys were delivered to the lessors under the Rejected Leases, together with an appropriate correspondence, on or before the Petition Date.

15. In light of the foregoing facts and circumstances, the Debtors respectfully submit that their rejection of the Rejected Leases under section 365 of the Bankruptcy Code, effective as of the Petition Date, is a sound exercise of their business judgment, and is necessary, prudent, and in the best interests of the Debtors, their estates, and their creditors. Accordingly, entry of the Proposed Order is appropriate.

II. **Authorizing the Debtors to Abandon Any Personal Property Remaining at the Premises as of the Petition Date Is Appropriate.**

16. Although the Debtors have not operated at the Premises for months prior to the Petition Date, and they do not believe that there is any Personal Property remaining thereon, in the event that any Personal Property does remain on the Premises as of the Petition Date, the Debtors request the Court's approval of the Debtors' abandonment of such Personal Property (collectively, the "**Abandoned Personal Property**"), pursuant to section 554(a) of the Bankruptcy Code, effective as of the Petition Date.

17. Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the [debtor] may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The right to abandon is virtually unfettered, unless abandonment of the property will contravene laws designed to protect public health and safety and the property poses an imminent threat to the public's welfare. *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986). Neither of these imitations is relevant in this case.

18. The Debtors submit that any Abandoned Personal Property is of inconsequential value or burdensome to the Debtors' estates to remove. Among other things, the

Debtors believe that the cost of retrieving, marketing, and reselling the Abandoned Personal Property—to the extent there is any—outweighs any recovery that the Debtors and their estates could reasonably hope to attain for such Abandoned Personal Property.  As a result, the Debtors have determined, in their business judgment, that the abandonment of any such Abandoned Personal Property, effective as of the Petition Date, is a sound exercise of their business judgment, and is necessary, prudent, and in the best interests of the Debtors, their estates, and creditors.

### RESERVATION OF RIGHTS

19.    Nothing in the Proposed Orders or this Motion:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay a claim.

### NOTICE

20.    Notice of this Motion has been provided to:  (a) the Office of the United States Trustee for the District of Delaware (Attn: Linda Richenderfer); (b) the Debtors' thirty (30) largest unsecured creditors (excluding insiders); (c) counsel to the Agent, Mayer Brown LLP, Attn: Brian Trust, Scott Zemser, and Joaquin C de Baca and Potter Anderson & Corroon LLP, Attn: L. Katherine Good; (d) the Internal Revenue Service; (e) the Securities and Exchange Commission; (f) the Office of the United States Attorney for the District of Delaware; and (g) the counterparties to the Rejected Leases (via overnight delivery).  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtors request entry of the Proposed Orders, granting the relief requested herein and such other and further relief as is just and proper.

Dated: February 8, 2023  
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Joseph M. Mulvihill*
Michael R. Nestor (No. 3526)
Joseph M. Barry (No. 4221)
Matthew B. Lunn (No. 4119)
Joseph M. Mulvihill (No. 6061)
1000 North King Street
Rodney Square
Wilmington, Delaware 19801
Tel.: (302) 571-6600
Facsimile: (302) 571-1253
Email:  mnestor@ycst.com
         jbarry@ycst.com
         mlunn@ycst.com
         jmulvihill@ycst.com

*Proposed Counsel for Debtors and Debtors in Possession*

## EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Big Village Holding LLC, *et al.*,[1] | Case No. 23-10174 (___) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No.** _____ |

### ORDER, PURSUANT TO SECTIONS 105(a) AND 365(a) OF THE BANKRUPTCY CODE, AUTHORIZING THE DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL PROPERTY AND EXECUTORY CONTRACTS, EFFECTIVE AS OF THE PETITION DATE

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order, pursuant to sections 105(a) and 365 of the Bankruptcy Code, authorizing the Debtors to reject those certain leases and subleases set forth on Schedule 1 to this Order (collectively, the "**Rejected Leases**"), effective as the Petition Date; and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Big Village Holding LLC (6595); Big Village Group Holdings LLC (5882); Big Village Group Inc. (6621); Big Village Insights, Inc. (8960); Big Village Media LLC (7288); EMX Digital, Inc. (5543); Big Village USA Corporation, Inc. (3414); Big Village Agency, LLC (0767); Balihoo, Inc. (9666); Deep Focus, Inc. (8234); and Trailer Park Holdings Inc. (1447). The Debtors' service address is 301 Carnegie Center, Suite 301, Princeton, NJ 80540.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Rejected Leases are hereby rejected by the Debtors, with such rejection being effective as of the Petition Date.

3. Pursuant to sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rule 6007, any Personal Property remaining, as of the Petition Date, on the Premises is hereby abandoned by the Debtors, with such abandonment being effective as of the Petition Date.

4. Nothing herein shall impair, prejudice, waive or otherwise affect the rights of the Debtors to: (a) assert that the Rejected Leases (i) were terminated prior to the Petition Date, or (ii) are not executory contracts or unexpired leases under 365 of the Bankruptcy Code; (b) assert that any claim for damages arising from the rejection of the Rejected Leases is limited to the remedies available under any applicable termination provisions of the Rejected Leases; (c) assert that any such claim is an obligation of a third party, and not that of the Debtors or their estates; or (d) otherwise contest any claims that may be asserted in connection with the Rejected Leases. All rights, claims, defenses and causes of action that the Debtors and their estates may have against the counterparties to the Rejected Leases, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejected Leases, are reserved, and nothing herein is intended or shall be

deemed to impair, prejudice, waive or otherwise such rights, claims, defenses and causes of action.

5. Claims arising out of the rejection of the Rejected Leases must be filed on or before the later of (a) the deadline for filing proofs of claim based on prepetition claims against any of the Debtors as set by an order of this Court or (b) thirty (30) days after entry of this Order.

6. The requirements in Bankruptcy Rule 6006 are satisfied.

7. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

8. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

## Schedule 1

## Rejected Leases[1]

| Debtor(s) | Counterparty | Counterparty's Address | Rejected Agreement |
|---|---|---|---|
| Big Village Insights, Inc. (agreement signed as ORC International, Inc.) | Columbia Property Trust, Inc. | 315 Park Avenue South New York, N.Y. 10010 | Assignment and Assumption of Lease between Collective, Inc. and ORC International, Inc. dated February 5, 2016 for space located at 229 W. 43rd Street, 8th Floor, New York, NY 10036 |
| Big Village Insights, Inc. (lease signed as ORC International, Inc.) | International Plaza Partners 2, LLC | 7900 International Drive, Suite 150 Bloomington, MN 55425 | Office Lease for space located at 7900 International Drive, Suite 960 & 970 Bloomington, MN 55425 between International Plaza Partners 2, LLC and ORC International, Inc., dated March 21, 2013, as amended by the First Amendment to Office Lease dated May 29, 2014 |
| Trailer Park Inc. and Big Village Group Inc. (signed as Engine Group Inc.) | Massandra Harbor Hollywood Owner, LLC | 200 Pine Ave, Suite 502 Long Beach, CA 90802 | Office Lease for space located at 6922 Hollywood Blvd Ste 314 Los Angeles, CA 90028 between Hudson 6922 Hollywood, LLC and Trailer Park Inc. |

---

[1] Each, as may be amended, modified, or supplemented from time to time and together with any schedules thereto.

29901380.2

| **Debtor(s)** | **Counterparty** | **Counterparty's Address** | **Rejected Agreement** |
|---|---|---|---|
| Big Village Group Inc. | iBASE Spaces Hollywood, LLC | 6922 Hollywood Blvd Floor 7 Los Angeles, CA 90028 | Sublease for office space located at 6922 Hollywood Blvd Ste 314 Los Angeles, CA 90028, Floors 4, 6, and 7 between Big Village Group, Inc. and iBASE Spaces Hollywood, LLC, dated April 4, 2022 |
| Big Village Group Inc. (lease signed as Engine Group Inc.) | Pacific Design Center 1, LLC | 750 Lexington Ave. #28 New York, NY 10022 | Office Lease for space at 700 San Vicente Boulevard, Suite G460 Part of 4th Floor, Green Building, West Hollywood, California 90069 between Pacific Design Center 1, LLC and Big Village Group, Inc. Dated October 7, 2019 |
| Big Village Group Inc. | SOS Beauty Inc. | 700 San Vicente Boulevard, G460 West Hollywood, CA 90069 | Sublease between Pacific Design Center 1, LLC, Big Village Group Inc., and SOS Beauty Inc. for space located at 700 San Vicente Boulevard, Suite G460 Part of 4th Floor, Green Building West Hollywood, California 90069, dated October 27, 2020 |

29901380.2