## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Big Village Holding LLC, *et al.*,[1] | Case No. 23-10174 (CTG) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 5 |

**INTERIM ORDER, PURSUANT TO SECTIONS 105(a), 363(b), 507(a)(4), AND 507(a)(5) OF THE BANKRUPTCY CODE, (A) AUTHORIZING (I) PAYMENT OF PREPETITION EMPLOYEE WAGES, SALARIES, AND OTHER COMPENSATION; (II) PAYMENT OF PREPETITION OBLIGATIONS OWED TO INDEPENDENT CONTRACTORS; (III) CONTINUATION OF BONUS OBLIGATIONS TO BE PAID IN THE ORDINARY COURSE; (IV) PAYMENT OF PREPETITION EMPLOYEE BUSINESS EXPENSES; (V) CONTRIBUTIONS TO PREPETITION EMPLOYEE BENEFIT PROGRAMS AND CONTINUATION OF SUCH PROGRAMS IN THE ORDINARY COURSE; (VI) PAYMENT OF SEVERANCE OBLIGATIONS; (VII) PAYMENT OF WORKERS' COMPENSATION OBLIGATIONS; (VIII) PAYMENTS FOR WHICH PREPETITION PAYROLL DEDUCTIONS WERE MADE; (IX) PAYMENT OF ALL COSTS AND EXPENSES INCIDENT TO THE FOREGOING PAYMENTS AND CONTRIBUTIONS; AND (X) PAYMENT TO THIRD PARTIES OF ALL AMOUNTS INCIDENT TO THE FOREGOING PAYMENTS AND CONTRIBUTIONS; AND (B) AUTHORIZING BANKS TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors

and debtors in possession (collectively, the "**Debtors**") for the entry of interim and final orders,

pursuant to sections 105(a), 363(b), 507(a)(4), and 507(a)(5) of the Bankruptcy Code,

(a) authorizing, but not directing, the Debtors, in accordance with their stated policies and in their

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Big Village Holding LLC (6595); Big Village Group Holdings LLC (5882); Big Village Group Inc. (6621); Big Village Insights, Inc. (8960); Big Village Media LLC (7288); EMX Digital, Inc. (5543); Big Village USA Corporation, Inc. (3414); Big Village Agency, LLC (0767); Balihoo, Inc. (9666); Deep Focus, Inc. (8234); and Trailer Park Holdings Inc. (1447).  The Debtors' service address is 301 Carnegie Center, Suite 301, Princeton, NJ 80540.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

discretion, to pay, honor or otherwise satisfy the Employee Wages and Benefits, including amounts and obligations related to the period prior to the Petition Date, and (b) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and upon consideration of the First Day Declaration; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required except as otherwise provided herein; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. A final hearing on the relief sought in the Motion shall be conducted on March 8, 2023 at 3:00 (ET) (the "**Final Hearing**"). Any party objecting to the relief sought at the Final Hearing or the Proposed Final Order shall file and serve a written objection, which objection shall be served upon proposed counsel for the Debtors and co-counsel to the Agent, in each case so as to be received no later than March 1, 2023 at 4:00 p.m. (ET). If no objections to the entry of the Proposed Final Order are timely filed, this Court may enter the Proposed Final Order without further notice or a hearing.

3. The Debtors are authorized, in their discretion, to pay, honor, or otherwise satisfy amounts and obligations on account of the Employee Wages and Benefits in the ordinary course of their business, including, without limitation, any amounts and obligations related to the

period prior to the Petition Date; *provided, however*, that: (a) no payment to any Employee or Independent Contractor on account of Unpaid Wages shall exceed, in the aggregate, the $15,150.00 statutory cap provided for under section 507(a)(4) of the Bankruptcy Code; (b) with respect to the Employee Wages and Benefits set forth in the table immediately below, the Debtors shall not pay any prepetition obligations on account of such Employee Wages and Benefits in excess of the applicable amounts set forth therein, unless required by applicable state law; and (c) the Debtors shall not cash out any prepetition obligations on account of Paid Time Off unless applicable state law requires such cash-out payment.

| **Employee Wages and Benefits** | **Aggregate Amount** |
| --- | --- |
| Unpaid Wages | $1,600,000.00 |
| Payroll Processor Fees | $18,000.00 |
| Employee Expenses | $50,000.00 |
| Wage Deductions | $250,000.00 |
| Trust Fund Taxes and Payroll Taxes | $350,000.00 |
| Health Benefits | $200,000.00 |
| Paid Time Off | Unless required by applicable state law, no cash-out payments for accrued and unused Paid Time Off will be made. However, the Debtors intend to continue the Paid Time Off programs in the ordinary course of business. |
| 401(k) Plan | $10,000.00 |
| Life and AD&D Insurance and Disability Benefits | $21,000.00 |
| Severance Obligations | $67,000.00 |
| Workers' Compensation Program | $13,250.00 |

4.      Subject to Paragraph 3 of this Order, the Debtors are authorized, in their discretion, in the ordinary course of their business, to (a) continue to pay, honor, or otherwise satisfy Unpaid Wages, Payroll Processor Fees, Employee Expenses, Paid Time Off, and Severance Obligations, (b) withhold, and remit to the applicable third-parties, Wage Deductions, Trust Fund Taxes, and Payroll Taxes; and (c) administer the Employee Benefits and the Workers' Compensation Program.

5.      The Debtors are authorized, but not directed, in their sole discretion, to honor and continue the Bonus Programs that were in effect as of the Petition Date; *provided, however*, that such relief shall not constitute or be deemed as an assumption or authorization to assume any of the Bonus Programs under section 365(a) of the Bankruptcy Code; and *provided further, however*, that the Debtors shall not make any payments under the Bonus Programs prior to entry of the Proposed Final Order.

6.      Nothing in this Order shall be deemed to authorize the payment of any amounts subject to section 503(c) of the Bankruptcy Code.

7.      Nothing in this Order:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay any claim.

8.      The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

9.      The requirements of Bankruptcy Rule 6003(b) are satisfied.

10.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

11.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: February 9th, 2023**
**Wilmington, Delaware**

30109711.3