# EXHIBIT 1

**Bar Date Notice**

30076375.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Big Village Holding LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10174 (CTG)<br><br>(Jointly Administered) |

**NOTICE OF DEADLINE FOR THE FILING
OF PROOFS OF CLAIM, INCLUDING FOR CLAIMS
ASSERTED UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**THE GENERAL BAR DATE IS 5:00 P.M. (PREVAILING EASTERN TIME) ON [*]**

TO:   ALL HOLDERS OF POTENTIAL CLAIMS AGAINST THE DEBTORS (AS LISTED BELOW)

Please take notice that on February 8, 2023 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

Please take further notice that on [●], 2023, the Court entered an order (the "**Bar Date Order**")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code (the "**Proofs of Claim**").

For your convenience, except with respect to beneficial owners of the Debtors' debt and equity securities, enclosed with this notice (this "**Notice**") is a Proof of Claim Form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (collectively, the "**Schedules**"). If the Debtors believe that you hold claims against more than one (1) Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Big Village Holding LLC (6595); Big Village Group Holdings LLC (5882); Big Village Group Inc. (6621); Big Village Insights, Inc. (8960); Big Village Media LLC (7288); EMX Digital, Inc. (5543); Big Village USA Corporation, Inc. (3414); Big Village Agency, LLC (0767); Balihoo, Inc. (9666); Deep Focus, Inc. (8234); and Trailer Park Holdings Inc. (1447).  The Debtors' service address is 301 Carnegie Center, Suite 301, Princeton, NJ 80540.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order, unless otherwise noted.

30076375.1

As used in this Notice, the term "**creditor**" has the meaning given to it in section 101(10) of the Bankruptcy Code, and includes all persons, entities, estates, trusts, governmental units, and the United States Trustee.  In addition, the terms "**persons**," "**entities**," and "**governmental units**" are defined in sections 101(41), 101(15), and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "**claim**" or "**Claim**" has the meaning given to it in section 101(5) of the Bankruptcy Code, and includes as to or against the Debtors:  (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE OR YOU MAY ASSERT A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.  THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND *DISCUSS* IT WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**General Information About the Debtors' Cases**.  The Debtors' cases are being jointly administered under case number 23-10174 (CTG). No trustee or examiner has been requested in these chapter 11 cases, and no committees have been appointed.

**Individual Debtor Information**.  The last four digits of each Debtor's federal tax identification number are set forth below.  The Debtors' mailing address is 301 Carnegie Center, Suite 301, Princeton, NJ 80540.

| **Debtor** | **Case No.** | **EID# (Last 4 Digits)** |
|---|---|---|
| Big Village Holding LLC | 23-10174 (CTG) | 6595 |
| Big Village Group Holdings LLC | 23-10175 (CTG) | 5882 |
| Big Village Group Inc. | 23-10176 (CTG) | 6621 |
| Big Village Insights, Inc. | 23-10178 (CTG) | 8960 |
| Big Village Media LLC | 23-10179 (CTG) | 7288 |
| EMX Digital, Inc. | 23-10180 (CTG) | 5543 |
| Big Village USA Corporation, Inc. | 23-10181 (CTG) | 3414 |
| Big Village Agency, LLC | 23-10182 (CTG) | 0767 |
| Balihoo, Inc. | 23-10183 (CTG) | 9666 |
| Deep Focus, Inc. | 23-10184 (CTG) | 8234 |
| Trailer Park Holdings Inc. | 23-10185 (CTG) | 1447 |

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF SUCH CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

1. **THE BAR DATES**

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (collectively, the "**Bar Dates**"):

    a. *General Bar Date*. Except as expressly set forth in this Notice, all entities (except governmental units) holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file Proofs of Claim *by 5:00 p.m., prevailing Eastern time on [●]*. Except as expressly set forth in this Notice, the General Bar Date applies to all types of claims against the Debtors that arose on or prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

    b. *Governmental Bar Date*. All governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date are required to file Proofs of Claim by *August 7, 2023 at 5:00 p.m., prevailing Eastern Time*. The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose on or prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

    c. *Rejection Damages Bar Date.* Unless otherwise ordered by the Court, all entities holding claims against the Debtors arising from the rejection of executory contracts and unexpired leases of the Debtors are required to file Proofs of Claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is twenty-one (21) days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors.

    d. *Amended Schedules Bar Date.* If, subsequent to the date of this Notice, the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is twenty-one (21) days from the date on which the Debtors mail notice of the amendment to the Schedules (or another time period as may be fixed by the Court).

2. **PERSONS OR ENTITIES WHO MUST FILE A PROOF OF CLAIM.**

Any person or entity that has or seeks to assert a claim against the Debtors which arose, or is deemed to have arisen, prior to the Petition Date, including, without limitation, a claim under section 503(b)(9) of the Bankruptcy Code, **MUST FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE** in order to potentially share in the Debtors' estates.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code. All other administrative claims under section 503(b) of the

Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by Proof of Claim. No deadline has yet been established for the filing of administrative claims other than claims under section 503(b)(9) of the Bankruptcy Code. **Claims under section 503(b)(9) of the Bankruptcy Code must be filed by the applicable Bar Date**.

Acts or omissions of the Debtors that occurred or arose before the Petition Date may give rise to claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured, are contingent, or have not become fixed or liquidated prior to or as of the Petition Date.

THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS BELIEVE THAT YOU HAVE A CLAIM. A CLAIMANT SHOULD CONSULT AN ATTORNEY IF SUCH CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.

A. **Claims for Which No Proof of Claim Is Required to Be Filed.**

Notwithstanding the above, holders of the following claims are not required to file a Proof of Claim on or before the applicable Bar Date **solely with respect to such claim**:

a. a claim against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of the Bankruptcy Court for the District of Delaware or Kroll Restructuring Administration LLC ("**Kroll**") in a form substantially similar to Official Bankruptcy Form No. 410;

b. a claim that is listed on the Debtors' Schedules if and only if (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated" **and** (ii) the holder of such claim agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

c. an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

d. an administrative expense claim for postpetition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

e. a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of the Court;

f. a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

g. a claim of any Debtor against another Debtor;

h. any fees payable to the United States Trustee under 28 U.S.C. § 1930; and

          i.      a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date.

**Please take notice that any Claimant exempted from filing a Proof of Claim pursuant to <u>paragraph A</u> above <u>must still properly and timely file</u> a Proof of Claim for any other claim that does not fall within the exemptions provided by <u>paragraph A</u> above.** As set forth above, creditors are not required to file a Proof of Claim with respect to any amounts paid by the Debtors.

    B.    **<u>No Bar Date for Proof of Interest.</u>**

Any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtors (an "**Interest Holder**") is not required to file a proof of interest on or before the applicable Bar Date; *provided*, however, that an Interest Holder that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest, including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date. The Debtors have reserved the right to establish at a later time a bar date requiring Interest Holders to file proofs of interest. If such a bar date is established, Interest Holders will be notified in writing of the bar date for filing of proofs of interest at the appropriate time.

**3.**    **<u>WHEN AND WHERE TO FILE.</u>**

All Claimants must submit (by overnight mail, courier service, hand delivery, regular mail, or in person) an original, written Proof of Claim that substantially conforms to the Proof of Claim Form so as to be **<u>actually received</u>** by Kroll, the Debtors' claims and notice agent, by no later than 5:00 p.m. (prevailing Eastern Time) on or before the applicable Bar Date at the following address:

> Big Village Holding LLC Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> 850 3rd Avenue, Suite 412
> Brooklyn, NY 11232

Alternatively, Claimants may submit a Proof of Claim electronically by completing the Proof of Claim Form that can be accessed at Kroll's website, https://cases.ra.kroll.com/BigVillage/.

Proofs of Claim will be deemed timely filed only if **<u>actually received</u>** by Kroll on or before the applicable Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission. Any facsimile, telecopy, or electronic mail submissions will **not** be accepted and will **not** be deemed filed until a Proof of Claim is submitted to Kroll by overnight mail, courier service, hand delivery, regular mail, in person, or through Kroll's website listed above.

Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Kroll must submit (a) a copy of the Proof of Claim and (b) a self-addressed, stamped envelope (in addition to the original Proof of Claim sent to Kroll).

**4.       CONTENTS OF A PROOF OF CLAIM.**

With respect to preparing and filing of a Proof of Claim, the Debtors propose that each Proof of Claim be required to be consistent with the following:

a.       Each Proof of Claim must: (i) be legible; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) set forth with specificity the legal and factual basis for the alleged claim; (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (v) be signed by the Claimant, or by an authorized agent or legal representative of the Claimant on behalf of the Claimant, whether such signature is an electronic signature or is ink.

b.       Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also (i) set forth with specificity: (1) the date of shipment of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (2) the date, place, and method (including carrier name) of delivery of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (3) the value of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; and (4) whether the Claimant timely made a demand to reclaim such goods under section 546(c) of the Bankruptcy Code; (ii) attach any documentation identifying the particular invoices for which a claim under section 503(b)(9) of the Bankruptcy Code is being asserted; and (c) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.       Proofs of Claim signed electronically by the Claimant or an authorized agent or legal representative of the Claimant may be deemed acceptable for purposes of claims administration. Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.       Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number (23-10174 (CTG)), or otherwise without identifying a specific Debtor, will be deemed as filed only against Big Village Holding LLC.

e.       Unless otherwise ordered by the Court, each Proof of Claim must state a claim against **only one (1)** Debtor, clearly indicate the Debtor against which the claim is asserted, and be filed on the claims register of such Debtor. To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Big Village Holding LLC.

f.       Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why

such documentation is not available; *provided* that any creditor shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.

        g.        Each Proof of Claim must be filed, including supporting documentation so as to be **actually received** by Kroll on or before the applicable Bar Date as follows: electronically through the interface available at https://cases.ra.kroll.com/BigVillage/, or if submitted through non-electronic means, by U.S. Mail or other hand delivery system at the following address: Big Village Holding LLC Claims Processing Center c/o Kroll 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

        h.        Proofs of claim sent by facsimile or electronic mail will not be accepted.

        i.        Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Kroll must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Kroll) and (ii) a self-addressed, stamped envelope.

**5.**        **CONSEQUENCES OF FAILURE TO FILE PROOF OF CLAIM BY THE BAR DATE.**

Any Claimant that is required to file a Proof of Claim in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Bar Date Order with respect to a particular claim against the Debtors, but that fails to do so properly by the applicable Bar Date, shall not be treated as a creditor with respect to such claim for purposes of voting and distribution.

**6.**        **CONTINGENT CLAIMS.**

Acts or omissions of or by the Debtors that occurred, or that are deemed to have occurred, prior to the Petition Date, including, without limitation, acts or omissions related to any indemnity agreement, guarantee, services provided to or rendered by the Debtors, or goods provided to or by the Debtors, may give rise to claims against the Debtors notwithstanding the fact that such claims (or any injuries on which they may be based) may be contingent or may not have matured or become fixed or liquidated prior to the Petition Date. Therefore, any person or entity that holds a claim or potential claim against the Debtors, no matter how remote, contingent, or unliquidated, **MUST** file a Proof of Claim on or before the applicable Bar Date.

**7.**        **THE DEBTORS' SCHEDULES.**

You may be listed as the holder of a claim against the Debtors in the Schedules. The Schedules are available free of charge on Kroll's website at https://cases.ra.kroll.com/BigVillage/. If you rely on the Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules. As described above, if (a) you agree with the nature, amount and status of your claim as listed in the Schedules **and** (b) your claim is **NOT** described as "disputed," "contingent," or "unliquidated," then you are not required to file a Proof of Claim in these chapter 11 cases with respect to such claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice and the Bar Date Order.

**8. RESERVATION OF RIGHTS.**

Nothing contained in this Notice or the Bar Date Order is intended or should be construed as a waiver of any of the Debtors' rights, including without limitation, their rights to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (c) otherwise amend or supplement the Schedules. In addition, nothing contained herein of the Bar Date Order is intended or should be construed as an admission of the validity of any claim against the Debtors or an approval, assumption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code. All such rights and remedies are reserved.

**9. ADDITIONAL INFORMATION.**

The Schedules, the Proof of Claim Form, and Bar Date Order are available free of charge on Kroll's website at https://cases.ra.kroll.com/BigVillage/. If you have questions concerning the filing or processing of Claims, you may contact the Debtors' claims agent, Kroll, by telephone at (888) 819-5647 (toll-free), (646) 440-4398 (international), or by email at BigVillageInfo@ra.kroll.com. If you require additional information regarding the filing of a Proof of Claim, you may contact counsel for the Debtors in writing at the addresses below.

Dated: [*], 2023  
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ DRAFT*  
Michael R. Nestor (No. 3526)  
Joseph M. Barry (No. 4221)  
Matthew B. Lunn (No. 4119)  
Joseph M. Mulvihill (No. 6061)  
1000 North King Street  
Rodney Square  
Wilmington, Delaware 19801  
Tel.: (302) 571-6600  
Facsimile: (302) 571-1253  
Email: mnestor@ycst.com  
   jbarry@ycst.com  
   mlunn@ycst.com  
   jmulvihill@ycst.com

*Proposed Counsel for Debtors and Debtors in Possession*

# EXHIBIT 2

## Proof of Claim Form

30076375.1

**United States Bankruptcy Court, District of Delaware**

| Fill in this information to identify the case (Select only one Debtor per claim form): | |
|---|---|
| ☐ Big Village Holding LLC (Case No. 23-10174) | ☐ Big Village USA Corporation, Inc. (Case No. 23-10181) |
| ☐ Big Village Group Holdings LLC (Case No. 23-10175) | ☐ Big Village Agency, LLC (Case No. 23-10182) |
| ☐ Big Village Group Inc. (Case No. 23-10176) | ☐ Balihoo, Inc. (Case No. 23-10183) |
| ☐ Big Village Insights, Inc. (Case No. 23-10178) | ☐ Deep Focus, Inc. (Case No. 23-10184) |
| ☐ Big Village Media LLC (Case No. 23-10179) | ☐ Trailer Park Holdings Inc. (Case No. 23-10185) |
| ☐ EMX Digital, Inc. (Case No. 23-10180) | |

Modified Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

_____
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

_____
Name

_____
Number     Street

_____
City           State       ZIP Code

Contact phone _____

Contact email _____

**Where should payments to the creditor be sent?** (if different)

_____
Name

_____
Number     Street

_____
City           State       ZIP Code

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.    Claim number on court claims registry (if known) _____    Filed on ___ / ___ / _____
                                                                                                                              MM  /  DD  /  YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

6. **Do you have any number you use to identify the debtor?**
   - ❏ No
   - ❏ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. **How much is the claim?** $_____. **Does this amount include interest or other charges?**
   - ❏ No
   - ❏ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.
   _____

9. **Is all or part of the claim secured?**
   - ❏ No
   - ❏ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   - ❏ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
   - ❏ Motor vehicle
   - ❏ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:** $_____

   **Amount of the claim that is secured:** $_____

   **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:** $_____

   **Annual Interest Rate** (when case was filed) _____%
   - ❏ Fixed
   - ❏ Variable

10. **Is this claim based on a lease?**
    - ❏ No
    - ❏ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

11. **Is this claim subject to a right of setoff?**
    - ❏ No
    - ❏ Yes. Identify the property: _____

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ❏ No<br><br>❏ Yes. *Check one:* | **Amount entitled to priority** |
| | ❏ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ❏ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ❏ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ❏ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ❏ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ❏ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ❏ No<br><br>❏ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

### Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

❏ I am the creditor.
❏ I am the creditor's attorney or authorized agent.
❏ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
❏ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                    MM / DD / YYYY

_____
Signature

**Name of the person who is completing and signing this claim:**

Name          _____
              First name        Middle name        Last name

Title         _____

Company       _____
              Identify the corporate servicer as the company if the authorized agent is a servicer.

Address       _____
              Number       Street

              _____
              City                          State     ZIP Code

Contact phone _____  Email _____

<u>Modified Official Form 410</u>

# Instructions for Proof of Claim
United States Bankruptcy Court                                    12/15

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at
https://cases.ra.kroll.com/bigvillage.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate.
11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

# **EXHIBIT 3**

**Publication Notice**

30076375.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Big Village Holding LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10174 (CTG)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 58** |

### NOTICE TO ALL CREDITORS OF BAR DATES FOR FILING PROOFS OF CLAIM

    On February 8, 2023 (the "**Petition Date**"), the above captioned debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). On March [*], 2023 the Court entered an order (the "**Bar Date Order**") [D.I. [*]][2] establishing certain claims bar dates in the Debtors' chapter 11 cases. By the Bar Date Order, the Court established [**April 24, 2023] at 5:00 p.m. (prevailing Eastern Time)** as the general claims bar date (the "**General Bar Date**"). Except as described below, the Bar Date Order requires all persons or entities that have or assert any prepetition Claims (as defined below) against the Debtors to file proofs of claim (each, a "**Proof of Claim**") with Kroll Restructuring Administration LLC ("**Kroll**"), the claims and noticing agent in these chapter 11 cases, so that such Proofs of Claim are actually received by Kroll on or before the General Bar Date. The term "**Claim**" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Big Village Holding LLC (6595); Big Village Group Holdings LLC (5882); Big Village Group Inc. (6621); Big Village Insights, Inc. (8960); Big Village Media LLC (7288); EMX Digital, Inc. (5543); Big Village USA Corporation, Inc. (3414); Big Village Agency, LLC (0767); Balihoo, Inc. (9666); Deep Focus, Inc. (8234); and Trailer Park Holdings Inc. (1447). The Debtors' service address is 301 Carnegie Center, Suite 301, Princeton, NJ 80540.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bar Date Order, unless otherwise noted.

30167365.2

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases:

General Bar Date:  Pursuant to the Bar Date Order, the last date and time for all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert a Claim, including, without limitation, **any Claims under section 503(b)(9) of the Bankruptcy Code** (each, a "**503(b)(9) Claim**"), secured Claims, and priority Claims, which arose prior to the Petition Date, to file a Proof of Claim on account of such Claim is [**April *, 2023] at 5:00 p.m. (prevailing Eastern Time)** (*i.e.*, the General Bar Date).

Government Bar Date:  Pursuant to the Bar Date Order, the last date and time for governmental units to file a Proof of Claim on account of a Claim against the Debtors is **August 7, 2023 at 5:00 p.m. (prevailing Eastern Time)** (the "**Government Bar Date**").

Amended Schedules Bar Date:  If the Debtors amend or supplement their Schedules, the Debtors will give notice of any such amendment or supplement to the holders of Claims affected thereby, and such holders shall be afforded **the later of (a) the General Bar Date or (b) 5:00 p.m. (prevailing Eastern Time) on the date that is twenty-one (21) days from the date that the Debtors provide written notice to the affected creditor that the Schedules have been amended** (the "**Amended Schedules Bar Date**").

Rejection Bar Date:  Except as otherwise provided by another order of the Court, the last date and time for any person or entity whose Claim arises out of the Court-approved rejection of an executory contract or unexpired lease in accordance with section 365 of the Bankruptcy Code (a "**Rejection Damages Claim**") to file a Proof of Claim on account of such Rejection Damages Claim is **the later of (a) the General Bar Date or (b) 5:00 p.m. (prevailing Eastern Time) on the date that is twenty-one (21) days following service of an order approving such rejection** (collectively with the General Bar Date, the Government Bar Date, and the Amended Schedules Bar Date, each, a "**Bar Date**").  **Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a Claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a Rejection Damages Claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date unless such party is expressly excluded from filing a Proof of Claim**.

Entities That Must File Proofs of Claim by the Applicable Bar Date:  You MUST file a Proof of Claim to vote on any chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a Claim that arose prior to the Petition Date and it is not one of the types of Claims described below for which a Proof of Claim is not required to be filed.  Acts or omissions of the Debtors that arose before the Petition Date may give rise to Claims against the Debtors that must be filed by the applicable Bar Date, notwithstanding that such Claims may not have matured or become fixed or liquidated prior to the Petition Date.

Entities Not Required to File Proofs of Claim by the Applicable Bar Date:  You need **NOT** file a Proof of Claim if:  (a) your Claim is listed on the schedules of assets and liabilities filed by the Debtors (collectively, the "**Schedules**") and (i) your Claim is **not** described therein as "disputed," "contingent," or "unliquidated," and (ii) you do **not** dispute the amount, priority, or nature of the

Claim as set forth in the Schedules; (b) your Claim has been paid in full; (c) you hold a direct or indirect interest in the Debtors, which interest is based exclusively upon the ownership of equity interests or rights to purchase, sell, or subscribe to such an interest; *provided, however*, that if you are an interest holder and wish to assert Claims (as opposed to ownership interests) against the Debtors, including, without limitation, Claims that arise out of or relate to the ownership or purchase of an interest, or the sale, issuance, or distribution of the interest, you must file Proofs of Claim on or before the applicable Bar Date unless another exception identified herein applies; (d) you hold a Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates, *unless you are a holder of a 503(b)(9) Claim, which must be asserted by filing a Proof of Claim on or prior to the General Bar Date*; (e) you hold a Claim that has been allowed by a final order of the Court entered on or before the applicable Bar Date; (f) you hold a Claim for which a separate deadline is fixed by the Court; (g) you hold a Claim against the Debtors properly filed previously with the Clerk of the Court or with Kroll (utilizing a claim form that substantially conforms to the Proof of Claim Form); (h) any officer or director of the Debtors as of the Petition Date who has a Claim for indemnification, contribution, or reimbursement; and (i) you hold a Claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930.

**Consequences of Failure to File Proof of Claim**:  **Any person, entity, or governmental unit not excepted from filing a Proof of Claim pursuant to the Bar Date Order, that fails to do so by the applicable Bar Date and in the form and manner provided for in the Bar Date Order, shall not be treated as a creditor with respect to such Claim for the purposes of voting and distributions in these chapter 11 cases.**

Procedures for Filing Proofs of Claim:  A Proof of Claim will be deemed timely only if the original Proof of Claim is **actually received** by Kroll on or before the applicable Bar Date at 5:00 p.m. (prevailing Eastern Time) either (a) electronically through Kroll's website at https://cases.ra.kroll.com/BigVillage/ or (b) by first-class mail, overnight delivery service, or hand delivery at the following address:  Big Village Holding LLC Claims Processing Center c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.  Proof of Claim Forms may be obtained from Kroll's website at https://cases.ra.kroll.com/BigVillage/.  Proof of Claim Forms may also be obtained from the Court's website: http://www.deb.uscourts.gov/.  **PROOFS OF CLAIM WILL BE DEEMED TIMELY FILED ONLY IF ACTUALLY RECEIVED BY KROLL ON OR BEFORE THE APPLICABLE BAR DATE AT 5:00 P.M. (PREVAILING EASTERN TIME).  PROOFS OF CLAIM MAY NOT BE DELIVERED BY FACSIMILE, TELECOPY, OR EMAIL.**

Additional Information:  Copies of the Schedules and the Bar Date Order are available for inspection during regular business hours at the Office of the Clerk of the Court, 3rd Floor, 824 N. Market Street, Wilmington, Delaware 19801.  In addition, copies of the Schedules and the Bar Date Order may be viewed on the internet for a fee at the Court's website (http://www.deb.uscourts.gov/) by following directions for accessing the Court's electronic filing system on such website, or free of charge on Kroll's website for these chapter 11 cases (https://cases.ra.kroll.com/BigVillage/).  If you require additional information regarding the contents hereof, you may contact Kroll's call center for the Debtors at (888) 819-5647 (toll-free), (646) 440-4398 (international), or submit an inquiry via email to BigVillageInfo@ra.kroll.com.  Please be advised that Kroll is not permitted to provide legal advice.

| | |
|---|---|
| Dated: March [*], 2023<br>Wilmington, Delaware | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ DRAFT*<br>Michael R. Nestor (No. 3526)<br>Joseph M. Barry (No. 4221)<br>Matthew B. Lunn (No. 4119)<br>Joseph M. Mulvihill (No. 6061)<br>1000 North King Street<br>Rodney Square<br>Wilmington, Delaware 19801<br>Tel.: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email:  mnestor@ycst.com<br>            jbarry@ycst.com<br>            mlunn@ycst.com<br>            jmulvihill@ycst.com<br><br>*Proposed Counsel for Debtors and Debtors in Possession* |