# **EXHIBIT 3**

**Assumption Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Big Village Holding LLC, *et al.*,[1] | Case No. 23-(_____) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No.___ |

## NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT AND CURE AMOUNTS WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE DEBTORS

**PLEASE TAKE NOTICE THAT:**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), on [*], in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The Debtors are seeking to assume and assign certain of their executory contracts and unexpired leases in connection with the sale (the "**Sale**") of their assets (the "**Assets**"), free and clear of all Encumbrances other than Assumed Liabilities and Permitted Encumbrances.[2] In connection with the Sale, the Debtors have entered into Asset Purchase Agreements for: (i) the sale of certain assets related to the Debtors' Agency and Insights businesses (the "**A&I Stalking Horse Assets**") to NMMB, Inc. (the "**A&I Stalking Horse Purchaser**"); and (ii) the sale of certain assets related to the Debtors' managed digital marketing services businesses (the "**EMX Stalking Horse Assets**" and collectively with the A&I Stalking Horse Assets, the "**Stalking Horse Assets**"), to ZStream Acquisition LLC (the "**EMX Stalking Horse Purchaser**")subject to the Debtors' acceptance of higher or otherwise better offers in accordance with the Bidding Procedures.

By order, dated [*] [Docket No. *] (the "**Bidding Procedures Order**"), the Bankruptcy Court approved certain relief requested in the related motion [Docket No. *] (the "**Bidding Procedures Motion**"), certain "**Assumption and Assignment Procedures**" that govern the Debtors' assumption and assignment of their executory contracts and unexpired leases in connection with the Sale, and certain "**Bid Procedures**" that govern the sale of the Assets to the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Big Village Holding LLC (6595); Big Village Group Holdings LLC (5882); Big Village Group Inc. (6621); Big Village Insights, Inc. (8960); Big Village Media LLC (7288); EMX Digital, Inc. (5543); Big Village USA Corporation, Inc. (3414); Big Village Agency, LLC (0767); Balihoo, Inc. (9666); Deep Focus, Inc. (8234); and Trailer Park Holdings Inc. (1447). The Debtors' service address is 301 Carnegie Center, Suite 301, Princeton, NJ 80540.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bidding Procedures Order (as defined below).

highest or otherwise best bidders. Copies of the Bidding Procedures Motion, the Bidding Procedures Order, the Bid Procedures and the Stalking Horse APA are available for download at https://cases.ra.kroll.com/bigvillage. (the "**Case Website**") or from the Debtors' claims and noticing agent, Kroll Restructuring Administration, LLC, via telephone at (888) 819-5647 (Toll-free) or (646) 440-4398 (International) or via email at: bigvillageinfo@ra.kroll.com.

**You are receiving this Notice because you may be a party to an unexpired lease or an executory contract that *may* be assumed and assigned (collectively, the "Contracts") in connection with such Sale. A list of the Contracts is attached hereto as <u>Exhibit A</u>.**

The Debtors have determined the cure amounts owing (each, a "**Cure Claim**," and collectively, the "**Cure Claims**") under each Contract, and have listed the applicable Cure Claims on <u>Exhibit A</u> attached hereto. The Cure Claims are the only amounts proposed to be paid upon any assumption and assignment of the Contracts, in full satisfaction of all amounts outstanding under the Contracts.

**To the extent that a Counterparty to a Contract objects to (a) the assumption and assignment of such party's Contract, (b) the applicable Cure Claim, or (c) the provision of adequate assurance of future performance, the Counterparty must file and serve an objection (a "Contract Objection"). Any Contract Objection shall: (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Rules; (iii) be filed with the Clerk of the Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 <u>on or before 4:00 p.m. (ET) on March 29, 2023</u> (the "Contract Objection Deadline"), and proof of service of such Contract Objection upon the Objection Notice Parties shall be filed with the Court as and when required by the Local Rules; (iv) be served upon the Objection Notice Parties; and (v) state with specificity the grounds for such objection, including, without limitation, the fully liquidated cure amount and the legal and factual bases for any unliquidated cure amount that the Counterparty believes is required to be paid under section 365(b)(1)(A) and (B) of the Bankruptcy Code for the Contract, along with the specific nature and dates of any alleged defaults, the pecuniary losses, if any, resulting therefrom, and the conditions giving rise thereto.**

**\*Any objections to adequate assurance of performance by the Stalking Horse Purchasers shall be filed by the Contract Objection Deadline.\***

**\*\*Any objections to adequate assurance of future performance by a Winning Bidder other than the Stalking Horse Purchasers shall be filed not later than <u>April 5, 2023 at noon (ET)</u>.\*\***

The "**Objection Notice Parties**" are as follows: (a) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Michael R. Nestor (mnestor@ycst.com), Joseph Barry (jbarry@ycst.com), and Joseph M. Mulvihill (jmulvihill@ycst.com)); (b) proposed investment banker for the Debtors, Stephens Inc., Sachin Lulla (Sachin.Lulla@stephens.com); (c) counsel to the A&I Stalking Horse Purchaser, Ballard Spahr LLP, 919 N Market Street, 11th Floor, Wilmington, Delaware 19801 (Attn: Tobey M. Daluz (daluzt@ballardspahr.com)); (c) counsel to the EXM Stalking Horse Purchaser, DLA Piper LLP (US), 6225 Smith Avenue, Baltimore, Maryland 21209 (Attn: C. Kevin Kobbe (kevin.kobbe@dlapiper.com)); (d) counsel to the Prepetition Agent, Mayer Brown LLP, 1221 Avenue of the Americas, New York, New York 10020-1001 (Attn: Brian Trust

(btrust@mayerbrown.com) and Scott M. Zemser (szemser@mayerbrown.com) and Potter Anderson & Corroon LLP, 1313 N. Market Street, 6th Floor, Wilmington, DE 19801-6108 (Attn. L. Katherine Good (kgood@potteranderson.com); (e) counsel to the Official Committee of Unsecured Creditors; and (f) the Office of the United States Trustee for the District of Delaware, 855 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Linda Richenderfer (Linda.Richenderfer@usdoj.gov)).

**If no Contract Objection is timely received with respect to a Selected Assigned Contract: (a) the Counterparty to such Selected Assumed Contract shall be deemed to have consented to the assumption by the Debtors and assignment to the Stalking Horse Purchaser or, in the event the Stalking Horse Purchaser is not the Winning Bidder, then to the Winning Bidder, of the Selected Assigned Contract, and be forever barred from asserting any objection with regard to such assumption and assignment (including, without limitation, with respect to adequate assurance of future performance by the Stalking Horse Purchasers or, in the event the Stalking Horse Purchasers are not the Winning Bidders, then the Winning Bidder); (b) any and all defaults under the Selected Assigned Contract and any and all pecuniary losses related thereto shall be deemed cured and compensated pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code; and (c) the Cure Claim for such Selected Assigned Contract shall be controlling, notwithstanding anything to the contrary in such Selected Assigned Contract, or any other related document, and the Counterparty shall be deemed to have consented to the Cure Claim and shall be forever barred from asserting any other claims related to such Selected Assigned Contract against the Debtors and their estates or the Stalking Horse Purchasers or, in the event the Stalking Horse Purchasers are not the Winning Bidder, then the Winning Bidder, or the property of any of them, that existed prior to the entry of the Sale Order.**

**If no timely objection is received as to adequate assurance of future performance with respect to a Contract, the non-Debtor party to such Contract shall be deemed to have consented to the assumption, assignment, and/or transfer of the applicable Contract to the proposed assignee, and shall be forever barred and estopped from asserting or claiming that any conditions to such assumption, assignment, and/or transfer must be satisfied under such applicable Contract or that any related right or benefit under such applicable Contract cannot or will not be available to the proposed assignee.**

Subject to the terms of the Bidding Procedures Order, an auction (the "**Auction**") for the Assets, including the Contracts, will be conducted on **April 4, 2023, at 9:00 a.m. (ET),** at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801. After the Auction, the Debtors will file and serve a notice that identifies the Winning Bidder for the Assets, including any Contracts**.**

**The Debtors will seek to assume and assign the Contracts that have been selected by the Winning Bidder (each, a "Selected Assigned Contract" and collectively, the "Selected Assigned Contracts") at a hearing before the Honorable [*], in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, [*] ([*]th) Floor, Courtroom #[*], Wilmington, Delaware 19801 (a "Sale Hearing") on [*] at * (ET), or such other date as determined by the Debtors, in consultation with the Stalking Horse Purchasers or, in the event the Stalking Horse Purchasers are not the Winning Bidders, then in consultation with**

**the Winning Bidder**, **in accordance with the terms of the Bidding Procedures Order**. To the extent that the parties are unable to consensually resolve any Contract Objection prior to the commencement of the Sale Hearing, including, without limitation, any dispute with respect to the Cure Claim (any such dispute, a "**Cure Dispute**"), such Contract Objection will be adjudicated at the Sale Hearing or at such other date and time as may be determined by the Debtors, in consultation with the Winning Bidder, or fixed by the Court; provided, however, that if the Contract Objection relates solely to a Cure Dispute, the Selected Assigned Contract may be assumed by the Debtors and assigned to a Stalking Horse Purchaser or, in the event a Stalking Horse Purchaser is not the Winning Bidder, then to the Winning Bidders, provided that the cure amount that the Counterparty asserts is required to be paid under section 365(b)(1)(A) and (B) of the Bankruptcy Code (or such lower amount as agreed to by the Counterparty) is deposited in a segregated account by the Debtors or the Stalking Horse Purchaser or, in the event the Stalking Horse Purchaser is not the Winning Bidders, then the Winning Bidder, pending the Court's adjudication of the Cure Dispute or the parties' consensual resolution of the Cure Dispute.

| | |
|---|---|
| Dated: [*], 2023<br>Wilmington, Delaware | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>_____<br>Michael R. Nestor (No. 3526)<br>Joseph Barry (No. 4221)<br>Matthew B. Lunn (No. 4119)<br>Joseph M. Mulvihill (No. 6061)<br>1000 North King Street<br>Rodney Square<br>Wilmington, Delaware 19801<br>Tel.: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: mnestor@ycst.com<br>       jbarry@ycst.com<br>       mlunn@ycst.com<br>       jmulvihill@ycst.com<br><br>*Counsel for Debtors and Debtors in Possession* |

# EXHIBIT A to Assumption Notice