## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Big Village Holding LLC, *et al.*,[1] | Case No. 23-10174 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 14, 124, & 129** |

## ORDER (I) APPROVING APA, (II) AUTHORIZING THE SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES OTHER THAN ASSUMED LIABILITIES AND PERMITTED ENCUMBRANCES, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "**Bankruptcy Code**"), Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2002-1 and 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for the entry of an order (this "**Sale Order**") (a) authorizing and approving that certain Asset Purchase Agreement, dated as of April 11, 2023, attached hereto as **Exhibit 1** (the "**APA**"), between the Debtor, EMX Digital, Inc. and Cadent, LLC (the "**Buyer**"), (b) approving the sale of the Acquired

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Big Village Holding LLC (6595); Big Village Group Holdings LLC (5882); Big Village Group Inc. (6621); Big Village Insights, Inc. (8960); Big Village Media LLC (7288); EMX Digital, Inc. (5543); Big Village USA Corporation, Inc. (3414); Big Village Agency, LLC (0767); Balihoo, Inc. (9666); Deep Focus, Inc. (8234); and Trailer Park Holdings Inc. (1447).  The Debtors' service address is 301 Carnegie Center, Suite 301, Princeton, NJ 80540.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the APA (as defined below), or to the extent not defined therein, the Bidding Procedures Order (as defined below).

Assets pursuant to the APA (the "**Sale**"), (c) approving the assumption and assignment of certain executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code in connection with the Sale, (d) authorizing the Debtors to consummate transactions related to the APA, and (e) granting other related relief; and the Court having entered on March 13, 2023 that certain *Order (A) Scheduling a Hearing on the Approval of the Sale of All or Substantially All of the Debtors' Assets Free and Clear of all Encumbrances Other than Assumed Liabilities and Permitted Encumbrances, and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (B) Approving Certain Bid Procedures, Bid Protections, and Assumption and Assignment Procedures, and the Form and Manner of Notice Thereof, and (C) Granting Related Relief* [Docket No. 129] (the "**Bidding Procedures Order**"); and the Debtors having determined that the highest and otherwise best offer for the Acquired Assets was made by the Buyer pursuant to the APA; and the Court having conducted a hearing on April 6, 2023 (the "**Sale Hearing**"), at which time all parties in interest were offered an opportunity to be heard with respect to the Sale, to consider the approval of the Sale pursuant to the terms and conditions of the APA, and the Court having considered (i) the Motion and any objections thereto, (ii) the Sale, (iii) the arguments of counsel made, and evidence adduced, related thereto, and (iv) the full record in these Chapter 11 Cases, including the record related to the hearing to consider the Bidding Procedures Order and the Sale Hearing held before the Court; and all parties in interest having been heard, or having had the opportunity to be heard, regarding the approval of the APA, the Sale, and the transactions contemplated by the APA; and it appearing that the relief requested provided for herein is in the best interests of the Debtors, their bankruptcy estates, their creditors, and other

DM3\9563073.3

parties in interest in these Chapter 11 Cases; it is hereby **FOUND, CONCLUDED, AND DETERMINED THAT**:[3]

      A.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to these Chapter 11 Cases pursuant to Bankruptcy Rule 9014.

      B.      To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

      C.      This Court has jurisdiction over the Motion and over the property of the Debtors, including the Acquired Assets to be sold, transferred, and conveyed pursuant to the APA, pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these Chapter 11 Cases and the Motion in this District and Court is proper under 28 U.S.C. §§ 1408 and 1409.

      D.      This Sale Order is intended to be a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court finds that there is no just reason for delay in the implementation of this Sale Order, and directs entry of judgment as set forth herein.

      E.      The Acquired Assets constitute property of the Debtors' bankruptcy estates and title thereto is vested in the Debtors' bankruptcy estates within the meaning of section 541(a) of the Bankruptcy Code.

---

[3] All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Motion are hereby incorporated herein to the extent not inconsistent herewith.

F.     The statutory bases for the relief requested in the Motion and provided for herein are sections 105, 363, 365, 503 and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 6006, and Local Rules 2002-1 and 6004-1.

G.     On February 8, 2023 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Since the Petition Date, the Debtors have continued to maintain their business and manage their property as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

H.     This Court previously entered the Bidding Procedures Order, among other things:  (i) establishing certain bidding and auction procedures; (ii) scheduling the Auction (if necessary) and the Sale Hearing to consider the sale of the Acquired Assets; (iii) establishing certain procedures for noticing and determining Cure Claims related to the Debtors' executory contracts and unexpired leases; (iv) approving the form and manner of notice of certain procedures, dates and deadlines in connection with the Bid Procedures and the Sale; and (v) granting certain related relief.

I.     As evidenced by the affidavits of service and publication previously filed with the Court [Docket Nos. 155, 165, & 166], and based on the representations of counsel at the Sale Hearing, due, proper, timely, adequate, and sufficient notice of the Motion, the Sale Hearing, the Auction, the Sale, and the assumption and assignment of the executory contracts and unexpired leases to be assumed and assigned to the Buyer at Closing pursuant to this Sale Order and the APA (collectively, the "**Assumed and Assigned Contracts**") has been provided in accordance with sections 102(1), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 9007, and 9014, and in compliance with the Bidding Procedures Order, to each party entitled to such notice.  With respect to entities whose identities are not reasonably ascertained by the Debtors,

4

publication of the Sale Notice once in the national edition of *USA Today* on March 16, 2023, as evidenced by the affidavit of service filed by the Debtors at Docket No. 165 in these Chapter 11 Cases, was, and is deemed, sufficient, and reasonably calculated under the circumstances to reach such entities.  The notices described above were good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, the Auction, the Sale, and the Sale Hearing is, or shall be, required.

J.    The Debtors have articulated good and sufficient reasons for this Court to grant the relief requested in the Motion as it pertains to the Sale and provided for herein.

K.    The Sale Notice provided all interested parties with timely and proper notice of the Sale, the Sale Hearing, and the Auction.

L.    The disclosures made by the Debtors in the Motion, the Sale Notice, and related documents filed with the Court concerning the APA, the Auction, the Sale, and the Sale Hearing were good, complete and adequate.

M.    The Bid Procedures set forth in the Bidding Procedures Order are non-collusive, proposed and executed in good faith as a result of arms'-length negotiations, designed to maximize the value of the Acquired Assets, and substantively and procedurally fair to all parties.

N.    The Debtors conducted the process with respect to the Sale in accordance with, and have otherwise complied in all respects with, the Bidding Procedures Order.  The sale process set forth in the Bidding Procedures Order afforded a full, fair, and reasonable opportunity for any entity to make a higher or otherwise better offer to purchase the Acquired Assets.

O.    The APA and the Sale contemplated thereby represent a fair and reasonable offer to purchase the Acquired Assets.  No other entity or group of entities has presented a higher

5

or otherwise better offer to the Debtors to purchase the Acquired Assets for greater economic value to the Debtors' bankruptcy estates than the Buyer.

P.      Approval of the Motion and the APA and the consummation of the Sale contemplated thereby is in the best interests of the Debtors, their bankruptcy estates, their creditors and other parties in interest in these Chapter 11 Cases.

Q.      The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the Sale of the Acquired Assets because, among other reasons, (i) the APA constitutes the highest and best offer for the Acquired Assets, (ii) the APA and the closing thereon will present the best opportunity to realize the value of the Acquired Assets, and (iii) any other transaction would not have yielded as favorable an economic result.

R.      The Buyer is purchasing the Acquired Assets in good faith and is a good-faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and therefore is entitled to the full benefits and protections of section 363(m) of the Bankruptcy Code, and otherwise has proceeded in good faith in all respects in connection with the Sale.

S.      The APA and the transactions contemplated thereby cannot be avoided under section 363(n) of the Bankruptcy Code.  The Debtors, the Buyer and their respective agents, representatives and affiliates have not engaged in any conduct that would cause or permit the APA or the consummation of the transactions contemplated thereby to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

T.      The consideration provided by the Buyer pursuant to the APA:  (i) is fair and adequate, and constitutes reasonably equivalent value and fair consideration and value, under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or

the District of Columbia (including the Uniform Fraudulent Transfer Act); and (ii) will provide a greater recovery for the Debtors' bankruptcy estates and creditors than would be provided by any other reasonably practicable available alternative.  The APA was not entered into, and the Sale is not consummated, for the purpose of hindering, delaying or defrauding creditors of the Debtors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof, or the District of Columbia, or any other applicable law.  Neither the Debtors nor the Buyer have entered into the APA or are consummating the Sale with any fraudulent or otherwise improper purpose.

U.    By consummating the Sale, the Buyer is not a mere continuation of the Debtors or their bankruptcy estates, and there is no continuity, no common identity, and no continuity of enterprise between the Debtors and the Buyer.  The Buyer is not holding itself out to the public as a continuation of the Debtors.  The Buyer is not a successor to the Debtors or their bankruptcy estates by reason of any theory of law or equity, and the Sale does not amount to a consolidation, merger, or de facto merger of the Buyer and the Debtors.  Neither the Buyer nor any of its agents, representatives or affiliates shall assume or in any way be responsible for any obligation or liability of the Debtors and their bankruptcy estates except as expressly provided in this Sale Order or the APA.  None of the transactions contemplated by the APA, including, without limitation, the Sale or the assumption and assignment of any Assumed and Assigned Contracts, is being undertaken for the purpose of hindering, delaying, or defrauding any creditors under the Bankruptcy Code, under the laws of the United States, or under the laws of any state, territory, possession, or the District of Columbia.

DM3\9563073.3

V.       The Sale neither impermissibly restructures the rights of the Debtors' creditors, nor impermissibly dictates the terms of a plan of reorganization of the Debtors.  The Sale does not constitute a *sub rosa* plan.

W.       The Debtors, acting by and through their agents, representatives, directors, and officers, have full corporate power and authority to execute and deliver the APA and all other documents contemplated thereby, and the Debtors require no further consents or approvals to consummate the Sale contemplated by the APA, except as otherwise set forth in the APA.

X.       The transfer of each of the Acquired Assets to the Buyer will be as of the Closing Date a legal, valid, and effective transfer of such assets, and vests or will vest the Buyer with all right, title, and interest to the Acquired Assets free and clear of all Encumbrances other than Assumed Liabilities and Permitted Encumbrances.

Y.       The Debtors may sell the Acquired Assets free and clear of all Encumbrances other than Assumed Liabilities and Permitted Encumbrances because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.  Those holders of Encumbrances against the Debtors, their bankruptcy estates, or any of the Acquired Assets who did not object, or who withdrew their objections, to the Sale or the Motion are deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code.  Those holders of such Encumbrances who did object fall within one or more of the other subsections of section 363(f) and are adequately protected by having their Encumbrances, if any, in each instance against the Debtors, their bankruptcy estates, or any of the Acquired Assets, attach to the proceeds of the Sale ultimately attributable to the Acquired Assets in which such creditor alleges an Encumbrance, in the same order of priority, with the same validity, force, and effect that such creditor had prior to the Sale, subject to any claims and defenses that the Debtors and their

8

bankruptcy estates may possess with respect thereto.  All other holders of Encumbrances could be compelled in a legal or equitable proceeding to accept money satisfaction of such claim or interest, or otherwise falls within section 363(f) of the Bankruptcy Code.

Z.      If the Sale were not free and clear of all Encumbrances other than Assumed Liabilities and Permitted Encumbrances, or if the Buyer would, or in the future could, be liable for any Encumbrances other than Assumed Liabilities and Permitted Encumbrances, the Buyer would not have entered into the APA and would not consummate the Sale, thus adversely affecting the Debtors, their bankruptcy estates, and their creditors.  Except as otherwise provided in the APA, the Buyer shall not be responsible for any Encumbrances, other than Assumed Liabilities and Permitted Encumbrances.  A sale of the Acquired Assets other than one free and clear of all Encumbrances other than Assumed Liabilities and Permitted Encumbrances would yield substantially less value for the Debtors' estates, with less certainty, than the Sale as contemplated. Therefore, the Sale contemplated by the APA is in the best interests of the Debtors, their estates and creditors, and all other parties in interest.

AA.      The Debtors have demonstrated that it is an exercise of their sound business judgment for the Debtors to assume and assign the Assumed and Assigned Contracts to the Buyer pursuant to the terms of this Sale Order and the APA, in each case in connection with the consummation of the Sale, and the assumption and assignment of the Assigned Contracts is in the best interests of the Debtors, their bankruptcy estates and creditors and other parties in interest. The Assigned Contracts being assigned to the Buyer under the APA are an integral part of the APA and the Sale, and accordingly such assumptions and assignments are reasonable and enhance the value of the Debtors' bankruptcy estates.  Any non-Debtor counterparty to any Assumed and

Assigned Contract that has not actually filed with the Court an objection to such assumption as of the date hereof is deemed to have consented to such assumption and assignment.

BB.    The Debtors and the Buyer have, to the extent necessary, satisfied the requirements of section 365 of the Bankruptcy Code, including sections 365(b)(1)(A), 365(b)(1)(B), and 365(f) of the Bankruptcy Code, in connection with the sale and assumption and assignment of the Assumed and Assigned Contracts to the extent provided under this Sale Order and the APA and have:  (i) cured any default existing prior to the date hereof under any of the Assumed and Assigned Contracts, within the meaning of section 365(b)(l)(A) of the Bankruptcy Code; and (ii) provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Assumed and Assigned Contracts, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code, and the Buyer has provided adequate assurance of future performance with respect to the Assigned Contracts, within the meaning of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code.  The Assumed and Assigned Contracts are assignable notwithstanding any provisions contained therein to the contrary.

CC.    The APA and Sale must be approved and the Closing must occur promptly to preserve the value of the Acquired Assets and the Debtors' bankruptcy estates.

DD.    Given the adequacy and fair value of the consideration provided by the Buyer under the APA, the Sale constitutes a reasonable and sound exercise of the Debtors' business judgment, is in the best interests of the Debtors, their bankruptcy estates and their creditors and other parties in interest in these Chapter 11 Cases, and should be approved.

EE.    The consummation of the Sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a),

DM3\9563073.3

363(b), 363(f), 363(m), 365(b), and 365(f) of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the Sale.

FF.     Time is of the essence in effectuating the APA and proceeding with the transactions contemplated therein without interruption.  Accordingly, cause exists to waive the stay to the extent necessary, as contemplated by Bankruptcy Rules 4001(a), 6004(h), and 6006(d) to permit the immediate effectiveness of this Sale Order.

## NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     The relief requested in the Motion is granted as set forth herein.

2.     Any and all objections and responses to the Motion that have not been withdrawn, waived, settled, or resolved, and all reservations of rights included therein, are hereby overruled and denied on the merits.

3.     Notice of the Motion, the Auction, the Sale Hearing, and the Sale was fair and equitable under the circumstances, and complied in all respects with section 102(1) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 6006, and the Local Rules.

### Approval of the Sale of the Acquired Assets

4.     The APA, including all other ancillary documents, and all of the terms and conditions thereof, and the Sale contemplated thereby, are hereby approved in all respects.

5.     Pursuant to section 363(b) of the Bankruptcy Code, the Debtors, acting by and through their agents, representatives, directors and officers, are authorized and empowered to take any and all actions necessary or appropriate to:  (a) consummate and close the Sale pursuant to and in accordance with the terms and conditions of this Sale Order and the APA; (b) transfer and assign all right, title, and interest to all property, licenses, and rights to be conveyed in accordance with the terms and conditions of this Sale Order and the APA; and (c) execute and deliver, perform under, consummate, and implement this Sale Order and the APA and all

11

additional instruments and documents that may be reasonably necessary or desirable to implement

this Sale Order, the APA and the Sale, including any other ancillary documents, or as may be

reasonably necessary or appropriate to the performance of the obligations as contemplated by this

Sale Order, the APA and any such other ancillary documents.

6.      This Sale Order shall be binding in all respects upon the Debtors, their

bankruptcy estates, all creditors of the Debtors, all holders of equity interests in the Debtors, all

holders of any Encumbrances against the Debtors, any holders of Encumbrances against or on all

or any portion of the Acquired Assets, all counterparties to any executory contract or unexpired

lease of the Debtors, the Buyer and all agents, representatives, affiliates, and permitted successors

and assigns of the Buyer, and any trustees, examiners, or other fiduciary under any section of the

Bankruptcy Code, if any, subsequently appointed in these Chapter 11 Cases or upon a conversion

to chapter 7 under the Bankruptcy Code of the Debtors' bankruptcy cases.  The terms and

provisions of the APA and this Sale Order shall inure to the benefit of the Debtors, their bankruptcy

estates, their creditors, the Buyer and all agents, representatives, affiliates, and permitted

successors and assigns of the Buyer, and any other affected third parties, including all persons

asserting any Encumbrances in the Acquired Assets to be sold to the Buyer pursuant to the APA,

notwithstanding any subsequent appointment of any trustee(s), party, entity, or other fiduciary

under any section of any chapter of the Bankruptcy Code, as to which trustee(s), party, entity, or

other fiduciary such terms and provisions likewise shall be binding.

7.      The consideration provided by the Buyer for the Acquired Assets under the

APA shall be deemed for all purposes to constitute reasonably equivalent value and fair

consideration under the Bankruptcy Code and any other applicable law, and the Sale may not be

avoided, or costs or damages imposed or awarded under section 363(n) or any other provision of

the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act or any other similar state laws.

8.      The consummation of the Sale does not amount to a consolidation, merger or de facto merger of the Buyer and the Debtors and/or the Debtors' estates, there is not substantial continuity between the Buyer and the Debtors, there is no continuity of enterprise between the Debtors and the Buyer, the Buyer is not a mere continuation of the Debtors or the Debtors' estates, and the Buyer does not constitute a successor to the Debtors or the Debtors' estates.  The Buyer's acquisition of the Acquired Assets shall be free and clear of any "successor liability" claims of any nature whatsoever, whether known or unknown and whether asserted or unasserted as of the time of Closing.  The Buyer's operations shall not be deemed a continuation of the Debtors' business as a result of the acquisition of the Acquired Assets purchased.

### Sale and Transfer of Acquired Assets

9.      Pursuant to sections 105(a), 363(b), 363(f), 365(b) and 365(f) of the Bankruptcy Code, upon the Closing Date, the Acquired Assets shall be transferred to the Buyer free and clear of all Encumbrances (other than Assumed Liabilities and Permitted Encumbrances), with all such Encumbrances to attach to the proceeds of the Sale in the order of their priority, with the same validity, force, and effect that they now have as against the Acquired Assets, subject to any claims and defenses the Debtors and their bankruptcy estates may possess with respect thereto. Except as otherwise provided in the APA, the Buyer shall not be responsible for any Encumbrances, other than Assumed Liabilities or Permitted Encumbrances.

10.      On the Closing Date, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of all of the Acquired Assets or a bill of sale transferring good and marketable title in such Acquired Assets to the Buyer pursuant to the terms set forth in this Sale Order and the APA.  For the avoidance of

DM3\9563073.3

doubt, the Excluded Assets set forth in the APA are not included in the Acquired Assets, and the Excluded Liabilities set forth in the APA are not Assumed Liabilities.

11.     Subject to the terms and conditions of this Sale Order, the transfer of the Acquired Assets to the Buyer pursuant to the APA and the consummation of the Sale and any related actions contemplated thereby do not require any consents other than as specifically provided for in this Sale Order and the APA, constitute a legal, valid, and effective transfer of the Acquired Assets, and shall vest the Buyer with right, title, and interest in and to the Acquired Assets as set forth in this Sale Order and the APA, as applicable, free and clear of all Encumbrances other than Assumed Liabilities and Permitted Encumbrances.

12.     All entities that are presently, or on the Closing may be, in possession of some or all of the Acquired Assets to be sold, transferred, or conveyed (wherever located) to the Buyer pursuant to this Sale Order and the APA are hereby directed to surrender possession of the Acquired Assets to the Buyer on the Closing Date.

13.     Upon consummation of the Sale, if any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing Encumbrances (other than Assumed Liabilities and Permitted Encumbrances) against or in the Acquired Assets shall not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfactions, releases of all Encumbrances (other than Assumed Liabilities and Permitted Encumbrances) that the person or entity has with respect to the Acquired Assets, then (a) the Debtors are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Acquired Assets, and (b) the Buyer is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which,

DM3\9563073.3

once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Encumbrances against or in the Acquired Assets of any kind or nature (other than Assumed Liabilities and Permitted Encumbrances).  For the avoidance of doubt, upon consummation of the Sale, the Buyer is authorized to file termination statements, lien terminations, or other amendments in any required jurisdiction to remove and record, notice filings or financing statements recorded to attach, perfect, or otherwise notice any Encumbrances that are extinguished or otherwise released pursuant to this Sale Order under section 363 of the Bankruptcy Code and the related provisions of the Bankruptcy Code.

14.    Except to the extent included in Assumed Liabilities or Permitted Encumbrances, or to enforce the APA, all entities, including all lenders, debt security holders, equity security holders, governmental, tax, and regulatory authorities, parties to contracts and leases, customers, employees and former employees, dealers and sale representatives, and trade or other creditors holding Encumbrances against or in the Debtors and their bankruptcy estates or the Acquired Assets arising under or out of, in connection with, or in any way relating to, the transfer of the Acquired Assets to the Buyer, or any entities or individuals asserting any interests in the Acquired Assets, hereby are forever barred, estopped, and permanently enjoined from asserting any Encumbrances against the Buyer, the permitted successors and assigns of the Buyer, the property of the Buyer or its permitted successors and assigns, or the Acquired Assets conveyed in accordance with the APA.

15.    As of and after the Closing, each of the Debtors' creditors is hereby authorized and directed to execute such documents and take all other actions as may be necessary to release its Encumbrances (other than Assumed Liabilities and Permitted Encumbrances) in the Acquired Assets (if any) as such Encumbrances may have been recorded or may otherwise exist.

DM3\9563073.3

Any and all valid and perfected liens or interests in the Acquired Assets shall attach to any proceeds of the Sale immediately upon receipt of such proceeds by the Debtors in the order of priority, and with the same validity, force and effect which they now have against such Acquired Assets, subject to any rights, claims, and defenses of the Debtors, the Debtors' estates or any trustee for any Debtor, or the Committee or any party (to the extent any such rights, claims, and defenses exist), including, but not limited to the right to bring a Challenge (as defined in the Final Cash Collateral Order [Docket No. 130]), as applicable, may possess with respect thereto; *provided*, *however*, that setoff rights will be extinguished to the extent there is no longer mutuality after the consummation of the Sale in addition to any limitations on the use of such proceeds pursuant to any provision of this Sale Order.

16.     The Buyer or its affiliates, successors and assigns shall not have or incur any liability to, or be subject to any action by any Debtor or any of its predecessors, successors, or assigns, arising out of the negotiation, investigation, preparation, execution, or delivery of the APA, the Transaction Documents, and the entry into and consummation of the Sale, except as expressly provided in the APA and this Sale Order.

## Contracts to be Assumed and Assigned

17.     Pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, and subject to and conditioned upon the occurrence of the Closing Date, the Debtors' assumption and assignment to the Buyer, and the Buyer's assumption, on the terms set forth in this Sale Order and the APA, of the Assigned Contracts, is hereby approved in its entirety, and the requirements of section 365 of the Bankruptcy Code with respect thereto are hereby deemed satisfied.

18.     The Debtors are hereby authorized in accordance with sections 105(a), 363, and 365 of the Bankruptcy Code to assume and assign to the Buyer, effective upon the Closing Date, the Assigned Contracts free and clear of all Encumbrances other than Assumed Liabilities

16

and Permitted Encumbrances and execute and deliver to the Buyer such documents or other instruments as may be necessary to assign and transfer the Assigned Contracts to the Buyer.

19.    Upon the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Buyer shall be fully and irrevocably vested in all right, title, and interest in and of each Assigned Contract.

20.    The Assigned Contracts shall be transferred to, and remain in full force and effect for the benefit of, the Buyer in accordance with their respective terms, notwithstanding any provision in any such Assigned Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer.

21.    Pursuant to sections 365(b)(1)(A) and (B) of the Bankruptcy Code, at the Closing, the Buyer shall pay to the respective counterparty the Cure Claims relating to any Assumed and Assigned Contract.

22.    Except as otherwise agreed in writing between the Debtors and the non-Debtor parties to the Assumed and Assigned Contracts, the Cure Claims to be paid by the Buyer, subject to Section 4.04(b) of the APA, for the Assumed and Assigned Contracts are hereby fixed at the amounts set forth on **Exhibit 2** attached to this Sale Order, and the non-Debtor parties to such Assumed and Assigned Contracts are: (i) forever bound by such Cure Claims; and (ii) upon payment of such Cure Claims in accordance with Section 4.04(b) of the APA, are hereby enjoined from taking any action against the Debtors and their bankruptcy estates, the Buyer and all agents, representatives, affiliates, and permitted successors and assigns of the Buyer, or the Acquired Assets with respect to any claim for cure under any Assumed and Assigned Contract.

17

23.     The payment of the applicable Cure Claims (if any) shall effect a cure of all defaults existing as of the date that such executory contracts or unexpired leases are assumed and compensate for any actual pecuniary loss to such non-Debtor party resulting from such default.

24.     Subject to entry of this Sale Order and Closing, the Buyer shall have assumed the Assumed and Assigned Contracts, and pursuant to section 365(f) of the Bankruptcy Code, the assignment by the Debtors of such Assumed and Assigned Contracts shall not be a default thereunder.  After the payment of the relevant Cure Claims in accordance with Section 4.04(b) of the APA, neither the Debtors and their bankruptcy estates nor the Buyer shall have any further liabilities to the non-Debtor counterparties to the Assumed and Assigned Contracts, other than the Buyer's obligations under the Assumed and Assigned Contracts that accrue after the date that such Assumed and Assigned Contracts are assumed and/or assigned, as the case may be.

25.     Any provisions in any Assumed and Assigned Contracts that prohibit or condition the assignment of such Assigned Contract or allow the party to such Assigned Contract to terminate, recapture, impose any penalty, condition on renewal or extension or modify any term or condition upon the assignment of such Assumed and Assigned Contract constitute unenforceable anti-assignment provisions that are void and of no force and effect.  All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the Buyer of the Assumed and Assigned Contracts have been satisfied.

26.     Any party having the right to consent to the assumption or assignment of any Assumed and Assigned Contract that failed to object to such assumption or assignment is deemed to have consented to such assumption and assignment as required by section 365(c) of the Bankruptcy Code.

DM3\9563073.3

27.     The Buyer shall be deemed to be substituted for the Debtors as a party to the applicable Assumed and Assigned Contracts, and the Debtors and their bankruptcy estates shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Assumed and Assigned Contracts.

28.     The Buyer has provided adequate assurance of future performance under the Assumed and Assigned Contracts within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B) of the Bankruptcy Code.

29.     There shall be no assignment fees, increases, rent-acceleration, or any other fees charged to the Buyer or the Debtors and their bankruptcy estates as a result of the assumption and assignment of the Assumed and Assigned Contracts.

30.     Pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, all counterparties to the Assumed and Assigned Contracts are forever barred and permanently enjoined from raising or asserting against the Debtors, their bankruptcy estates or the Buyer any assignment fee, default, breach, claim, pecuniary loss, or condition to assignment, arising under or related to the Assumed and Assigned Contracts, existing as of the date that such Assumed and Assigned Contracts are assumed or arising by reason of the Closing.

31.     Except as specifically provided by the APA or this Sale Order, neither the Buyer nor any permitted successor or assign of the Buyer shall be responsible for or have any Encumbrances or obligations arising out of any of the Excluded Liabilities including any Contracts that are not Assumed and Assigned Contracts.

## Additional Provisions

32.     The Debtors and the Buyer hereby waive, and shall be deemed to waive, any requirement of compliance with, and any claims related to non-compliance with, the provisions of any bulk sales, bulk transfer, or similar law of any jurisdiction that may be applicable.

19

33.     Following the Closing, no holder of an Encumbrance (other than Assumed Liabilities and Permitted Encumbrances) in or against the Debtors and their bankruptcy estates or the Acquired Assets shall interfere with the Buyer's title to or use and enjoyment of the Acquired Assets based on or related to such Encumbrance or any actions that the Debtors and their bankruptcy estates may take in these Chapter 11 Cases or any successor bankruptcy cases.

34.     The Debtors, including their respective directors, managers, officers, employees and agents, are hereby authorized to execute such documents and do such acts as are necessary or desirable to carry out the transactions contemplated by the terms and conditions of the APA and this Sale Order.  The Debtors shall be, and they hereby are, authorized to take all such actions as may be necessary to effectuate the terms of this Sale Order and the relief granted pursuant to this Sale Order.

35.     The Sale is undertaken by the Buyer without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale (including the assumption and assignment of the Assigned Contracts by the Buyer and the sale free and clear of all Encumbrances other than Assumed Liabilities and Permitted Encumbrances) unless such authorization and consummation of such Sale are duly stayed pending such appeal.  The Buyer is a good-faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and as such is entitled to the full benefits and protections of such section.

36.     As a good-faith purchaser of the Acquired Assets, the Buyer has not colluded with any of the other bidders, potential bidders, or any other parties interested in the Acquired Assets, and therefore the sale of the Acquired Assets may not be avoided pursuant to section 363(n) of the Bankruptcy Code.

37.     The failure specifically to include any particular provisions of the APA including any of the documents, agreements, or instruments executed in connection therewith in this Sale Order shall not diminish or impair the efficacy of such provision, document, agreement, or instrument, it being the intent of this Court that the APA and each document, agreement or instrument be authorized and approved in its entirety.

38.     All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

39.     To the extent there are any inconsistencies between the terms of this Sale Order and the APA (including all ancillary documents executed in connection therewith), the terms of this Sale Order shall govern.

40.     The APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of this Court.

41.     Notwithstanding the provisions of Bankruptcy Rules 6004(h), 6006(d) or 7062 or any applicable provisions of the Local Rules, this Sale Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply.

42.     This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the APA, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtors are a party or which has been assigned by the Debtors

to the Buyer, and to adjudicate, if necessary, any and all disputes concerning or relating in any way

to the Sale.

**Dated: April 12th, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

22