# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| BIG VILLAGE HOLDING LLC, *et al.*,[1] | ) ) ) | Case No. 23-10174 (CTG) |
| Debtors. | ) ) ) | (Jointly Administered) |
|  | ) | **Related to Docket No. 130** |

### STIPULATION BY AND AMONG THE ADMINISTRATIVE AGENT AND THE COMMITTEE PURSUANT TO THE FINAL CASH COLLATERAL ORDER

This stipulation (this "Stipulation") is entered into by and among: (a) the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and (b) BNP Paribas, as administrative agent and collateral agent (the "Administrative Agent") under that certain *Amended and Restated Credit and Guaranty Agreement*, dated as of November 17, 2020 (as amended, restated, supplemented, or otherwise modified, the "Prepetition Credit Agreement," and together with all other related documents, guarantees, and agreements executed in connection with the Prepetition Credit Agreement, the "Prepetition Financing Documents"). The Committee and the Administrative Agent are collectively referenced herein as the "Parties."

WHEREAS, on February 8, 2023, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code before the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Big Village Holding LLC (6595); Big Village Group Holdings LLC (5882); Big Village Group Inc. (6621); Big Village Insights, Inc. (8960); Big Village Media LLC (7288); EMX Digital, Inc. (5543); Big Village USA Corporation, Inc. (3414); Big Village Agency, LLC (0767); Balihoo, Inc. (9666); Deep Focus, Inc. (8234); and Trailer Park Holdings Inc. (1447). The Debtors' service address is 301 Carnegie Center, Suite 301, Princeton, NJ 80540.

WHEREAS, on March 13, 2023, the Court entered the *Final Order (A) Authorizing the Debtors' Use of Cash Collateral; (B) Granting Adequate Protection to the Prepetition Secured Parties, (C) Scheduling a Final Hearing, and (D) Granting Related Relief* [Docket No. 130] (the "Final Order").[2] The Final Order, among other things, set a Challenge Deadline of 11:59:59 p.m. (ET) on Tuesday, April 25, 2023 by which any party in interest may assert a Challenge to the Debtors' admissions, stipulations, agreements, releases, and waivers in favor of the Prepetition Secured Parties under the Final Order.

WHEREAS, in order to clarify and resolve certain matters among the Parties with respect to the Challenge contemplated by the Final Order, the Parties have agreed to enter into this Stipulation.

NOW, THEREFORE, the Parties, by and through their respective undersigned counsel, hereby stipulate and agree as follows:

1. The Prepetition Secured Liens are valid, binding, perfected, duly recorded, and enforceable liens on, and security interests in, the Prepetition Collateral (as defined in the Final Order); *provided*, *however*, that the Prepetition Secured Liens do not include, and do not attach to, the following assets of the applicable Debtors:[3] (a) any owned or leased real estate, including the proceeds thereof; (b) any commercial tort claims, including the proceeds thereof; (c) any deposit accounts at any bank or financial institution that are not covered by a control agreement in favor of the Administrative Agent or are not otherwise under the control of the Administrative Agent, *provided, however,* that the Prepetition Secured Liens extend to all funds in such deposit accounts that constitute identifiable cash proceeds of other Prepetition Collateral; (d) any insurance policies,

---

[2] Each capitalized term that is not defined herein will have the meaning ascribed to such term in the Final Order.
[3] Debtor Big Village Holding LLC is neither an obligor nor a pledgor under the Prepetition Financing Documents.

**Error! No document variable supplied.**

including the proceeds thereof; and (e) any Excluded Assets[4] (as defined in the Prepetition Financing Documents), including the proceeds thereof.  The Committee reserves its rights to assert a Challenge or an objection to confirmation of a proposed chapter 11 plan for the Debtors (a "Plan") as to the extent of the Prepetition Secured Liens over the funds in the deposit accounts referenced in sub-paragraph (c) of this paragraph, until the earlier of:  (i) conversion or dismissal of any of the Debtors' chapter 11 cases or (ii) the deadline for the Committee to assert an objection to any Plan.  The Administrative Agent reserves its rights to object to such a Challenge or objection to any Plan.

2.  Except as expressly set forth in paragraph 1, the Committee shall not assert any Challenge against the Prepetition Secured Parties; *provided*, *however*, for the avoidance of doubt, all rights of the Committee are preserved to contest:  (a) the allowance of any interest (or default rate interest) paid or accrued under the Prepetition Financing Documents for the period after the Petition Date and (b) any adequate protection or diminution claim that may be asserted by any of the Prepetition Secured Parties against the Debtors' estates.

3.  This Stipulation will be binding and effective upon execution by the Parties hereto. This Stipulation may not be amended or modified without the written consent of the Parties.  This Stipulation may be executed in counterparts by facsimile or other electronic transmission, each of which will be deemed an original, and all of which when taken together will constitute one document.

---

[4] For the avoidance of doubt, Excluded Assets include, without limitation, Equity Interests in Foreign Subsidiaries and Foreign Subsidiary Holding Companies (other than a pledge of the capital stock of a first tier Foreign Subsidiary or Foreign Subsidiary Holding Company, in each case, not exceeding 65% of the voting stock and 100% of the non-voting stock of such Foreign Subsidiary or Foreign Subsidiary Holding Company, as applicable), assets of Foreign Subsidiaries and Foreign Subsidiary Holding Companies, and Indebtedness of Foreign Subsidiaries and Foreign Subsidiary Holding Companies owed to a Credit Party (each capitalized term in this sentence as defined in the Prepetition Financing Documents).

**Error! No document variable supplied.**

4. The Court will retain jurisdiction over all matters related to this Stipulation and the Final Order.

*[remainder of page intentionally blank]*

**Error! No document variable supplied.**

| | |
|---|---|
| Dated: April 25, 2023 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | |
| | */s/ Steven W. Golden* |
| | Jeffrey N. Pomerantz, Esq. (admitted *pro hac vice*) |
| | Maxim B. Litvak, Esq. (admitted *pro hac vice*) |
| | Steven W. Golden, Esq. (DE Bar No. 6807) |
| | 919 N. Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, DE 19899-8705 (Courier 19801) |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | Email:   jpomerantz@pszjlaw.com |
| |             mlitvak@pszjlaw.com |
| |             sgolden@pszjlaw.com |
| | |
| | *Counsel for the Official Committee of Unsecured Creditors* |

/s/ *L. Katherine Good*

**POTTER ANDERSON & CORROON LLP**
L. Katherine Good (No. 5101)
Katelin A. Morales (No. 6683)
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6400
Facsimile: (302) 658-1192
Email: kgood@potteranderson.com
         kmorales@potteranderson.com

-and-

**MAYER BROWN LLP**
Brian Trust, Esq. (*pro hac vice*)
Joaquin M. C de Baca, Esq. (*pro hac vice*)
Dabin Chung, Esq. (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020-1001
Telephone: (212)-506-2500
Email: btrust@mayerbrown.com
         jcdebaca@mayerbrown.com
         dchung@mayerbrown.com

*Counsel for BNP Paribas, as Administrative Agent*