**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Big Village Holding LLC, *et al.*,[1] | Case No. 23-10174 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: July 10, 2023 at 10:00 a.m. (ET)**<br>**Obj. Deadline: June 26, 2023 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; (II) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES; (III) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS; (IV) ESTABLISHING THE VOTING RECORD DATE; (V) FIXING THE DATE, TIME, AND PLACE FOR THE COMBINED HEARING AND THE DEADLINE FOR FILING OBJECTIONS THERETO; (VI) ESTABLISHING BAR DATE FOR FILING REQUESTS FOR ALLOWANCE OF INITIAL ADMINISTRATIVE CLAIMS; AND (VII) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "**Debtors**") hereby submit this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Solicitation Procedures Order**"), (i) approving the *Combined Disclosure Statement and Joint Chapter 11 Plan of Big Village Holding LLC and Its Affiliated Debtors* [D.I. 343] (as may be amended, modified, or supplemented, the "**Combined Disclosure Statement and Plan**"),[2] filed contemporaneously herewith, on an interim basis and for solicitation purposes only; (ii) establishing procedures for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan; (iii) approving the form of ballot and solicitation

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Big Village Holding LLC (6595); Big Village Group Holdings LLC (5882); Big Village Group Inc. (6621); Big Village Insights, Inc. (8960); Big Village Media LLC (7288); EMX Digital, Inc. (5543); Big Village USA Corporation, Inc. (3414); Big Village Agency, LLC (0767); Balihoo, Inc. (9666); Deep Focus, Inc. (8234); and Trailer Park Holdings Inc. (1447).  The Debtors' service address is 301 Carnegie Center, Suite 301, Princeton, NJ 80540.

[2]  Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan

materials; (iv) establishing a voting record date; (v) fixing the date, time, and place for the combined hearing (the "**Confirmation Hearing**") to approve and confirm the Combined Disclosure Statement and Plan, including the adequacy of the disclosures therein, and establishing the deadline for filing objections related thereto; (vi) establishing bar dates for filing requests for allowance of Initial Administrative Claims; and (vii) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are sections 105, 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rules 2002(b), 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 3017.

## BACKGROUND

### A.      General

2.      On February 8, 2023 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").

30429329.3

The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On February 24, 2023, the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Committee**") [D.I. 60].  No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

3.      A detailed description of the Debtors and their business and the facts and circumstances leading to the commencement of the Chapter 11 Cases is set forth in detail in the *Declaration of Kasha Cacy in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 2] (the "**First Day Declaration**").

4.      On March 6, 2023, the Court entered an Order [D.I. 101] establishing April 27, 2023, as the date for filing proof of Claims that arose prior to the Petition Date, and establishing August 7, 2023, as the deadline by which any governmental unit must file a proof of Claim (the "**Bar Date Order**").

5.      As set forth in the First Day Declaration, the Debtors' paramount goal in these Chapter 11 Cases was to maximize the value of their estates for the benefit of the Debtors' creditor constituencies and other stakeholders through the sale of certain Assets.  To that end, on February 8, 2023, the Debtors filed a motion [D.I. 14] seeking entry of an order approving bidding procedures relating to the sale of a portion or substantially all of the Assets and, ultimately, approving such sale free and clear of liens, claims, interests, and encumbrances.  On March 13, 2023, the Court entered the Bidding Procedures Order [D.I. 129], and thereafter the Debtors and their professionals continued to market the Assets to potential purchasers in accordance therewith.

6.      In accordance with the Bidding Procedures Order, on April 4, 2023, the Debtors commenced auctions for the sale of their Assets.  At the conclusion of the auctions, Bright

Mountain Media, Inc. was declared the winning bidder for the Agency and Insights businesses, Insticator, Inc., was declared the winning bidder for the Balihoo business, ZStream Acquisition LLC was declared the winning bidder for the Managed Services business, and Cadent, Inc. was declared the winning bidder for the SSP business.

7.      The Bankruptcy Court held a hearing and approved the Sales on April 6, 2023, and entered orders approving each of the Sales on April 10, 2023, and April 12, 2023 [D.I. 234, 235, 236, and 241].  The Sales closed between April 14 and April 22, 2023.

**B.      The Combined Disclosure Statement and Plan**

8.      The Combined Disclosure Statement and Plan is a liquidating plan that provides for the satisfaction of Administrative, Other Secured, and Priority Claims, and the transfer of the Plan Administration Assets to the Plan Administrator for ultimate distribution to the Debtor's creditors in accordance with the Combined Disclosure Statement and Plan and the priority scheme of the Bankruptcy Code.   The Combined Disclosure Statement and Plan complies with Bankruptcy Code section 1129(a)(9), and does not provide for any non-consensual releases.

9.      The Combined Disclosure Statement and Plan also incorporates the Global Settlement between the Debtors, the Committee, the Prepetition Agent, and Lake Capital.  Pursuant to the Final Cash Collateral Order, the Committee was afforded until April 25, 2023 (the "**Challenge Deadline**"), to assert a challenge (a "**Challenge**") to the various stipulations and admissions by the Debtors in the Final Cash Collateral Order regarding, among other things, the extent, validity and priority of the liens and claims of the Prepetition Lenders (as defined in the Final Cash Collateral Order, the "**Prepetition Lien and Claim Matters**").  Following entry of the Final Cash Collateral Order, the Debtors produced a significant volume of documents to the Committee on a consensual basis and the Committee, the Prepetition Agent and the Debtors engaged in thorough discussions further to the Committee's investigatory duties.

4

10.     On April 25, 2023, the Committee and the Prepetition Agent entered into that certain *Stipulation By and Among the Administrative Agent and the Committee Pursuant to the Final Cash Collateral Order* [D.I. 256] which resolved certain Prepetition Lien and Claim Matters. Thereafter, the Committee, Prepetition Agent and Debtors continued ongoing discussions, and on May 9, 2023, the Committee made a proposal to the Debtors and the Prepetition Lenders to resolve such outstanding matters.   The Committee, Prepetition Lenders, Lake Capital, and the Debtors continued to engage in extensive, detailed good faith and arm's-length negotiations to resolve any outstanding issues and to formulate a fully consensual chapter 11 plan supported by the Committee and the Prepetition Lenders.

11.     Shortly before filing the Combined Disclosure Statement and Plan, the Committee, the Prepetition Lenders, Lake Capital, and the Debtors finalized those discussions and ultimately agreed to the terms of the Global Settlement, the terms of which are:

i.     The Committee supports the Plan, including but not limited to the release and exculpation provisions set forth in Article XIV hereof.

ii.     $795,000 of the Prepetition Lenders' Cash Collateral (as defined in the Final Cash Collateral Order) shall be carved out of the Prepetition Lenders' Class 3 recovery and contributed to fund the GUC Cash Allocation.

iii.     Under the Plan, all of the available sale proceeds and available Cash shall be distributed to the Prepetition Lenders after funding of any reserves required under the Plan and payment of allowed administrative expenses and priority claims in full, subject to the following.

iv.     The GUC Cash Allocation shall be reserved for the sole and exclusive purpose of satisfying Allowed General Unsecured Claims in accordance with this Plan, which Allowed General Unsecured Claims against each of the Debtors shall be consolidated for purposes of voting, allowance, and distribution *provided, however*, that the Prepetition Lenders waive the Prepetition Loan Deficiency Claim and shall not participate in any Distributions from of the GUC Cash Allocation, and *provided further,* that the Lake Capital Claims shall also not participate in any Distributions from of the GUC Cash Allocation.

     v.        Any and all Avoidance Actions shall be waived and extinguished upon the Effective Date.

     vi.      The Debtors, in consultation with the Committee, shall exercise commercially reasonable efforts prior to the Effective Date to administer and reconcile General Unsecured Claims so that (a) the pool of allowed general unsecured claims is determined as soon as possible (taking into account that distributions will represent a small percentage of projected Allowed General Unsecured Claims), and (b) distributions can be made by the Debtors out of the GUC Cash Allocation promptly following the Effective Date of the Plan.  The Debtors shall provide draft claim objections to the Committee three (3) days prior to filing, and will make appropriate personnel and advisors available to address any questions or concerns regarding such claim objections.

     vii.     All approved fees and expenses of the Committee's professionals shall be paid in full through the Effective Date of this Plan in accordance with the approved budget set forth in the Final Cash Collateral Order.

12.     The Debtors are the proponents of the Combined Disclosure Statement and Plan, and seek a combined hearing, because they believe that the Combined Disclosure Statement and Plan provides the most efficient means to conclude the Chapter 11 Cases under the circumstances.

## RELIEF REQUESTED

13.     By this Motion, the Debtors seek entry of the Proposed Solicitation Procedures Order:  (i) approving the Combined Disclosure Statement and Plan, on an interim basis for solicitation purposes only; (ii) establishing procedures for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan; (iii) approving the form of Ballot (as defined below) and solicitation materials; (iv) establishing a voting record date; (v) fixing the date, time, and place for the Confirmation Hearing and establishing the deadline for filing objections related thereto; (vi) establishing bar dates for filing requests for allowance of Initial Administrative Claims; and (vii) granting related relief.  A summary of the key dates proposed to be established by the Proposed Solicitation Procedures Order, subject to the Court's availability, is set forth below:

| Event | Proposed Date[3] |
|---|---|
| Voting Record Date | July 5, 2023 |
| Service Date (as defined below) | No later than four (4) business days after the entry of the Proposed Solicitation Procedures Order (or as soon as reasonably practicable thereafter) |
| Deadline to Object to Confirmation and Final Approval of Adequacy of Disclosures | August 11, 2023 at 4:00 p.m. (ET) |
| Voting Deadline | August 11, 2023 at 4:00 p.m. (ET) |
| Deadline to File Voting Declaration | August 17, 2023 |
| Initial Administrative Claim Bar Date | August 11, 2023 at 5:00 p.m. (ET) |
| Proposed Confirmation Hearing Date | August 21, 2023, subject to the availability of the Court. |

## BASIS FOR RELIEF

**A.    Interim Approval of the Combined Disclosure Statement and Plan for Solicitation Purposes**

14.    Bankruptcy Code section 1125 requires that a disclosure statement be approved by the bankruptcy court as containing "adequate information" prior to a debtor's solicitation of acceptances or rejections of a plan.  11 U.S.C. § 1125(b).  "Adequate information" is defined in the Bankruptcy Code as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

15.    In evaluating whether a disclosure statement provides "adequate information," courts adhere to Bankruptcy Code's instruction that making this determination is a flexible

---

[3]  The proposed dates are based on the Proposed Solicitation Procedures Order being entered by the Court on July 10, 2023.

exercise based on the facts and circumstances of each case and is within the broad discretion of the court. *See, e.g.*, *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 321–22 (3d Cir. 2003); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *First Am. Bank of New York v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); S. Rep. No. 95-989, at 121 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5907 ("[T]he information required will necessarily be governed by the circumstances of the case."); *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991) (stating that a disclosure statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution.").

16.     In accordance with these precepts, the Combined Disclosure Statement and Plan provides the pertinent information necessary for eligible Holders of Claims to make an informed decision about whether to vote to accept or reject the Combined Disclosure Statement and Plan. Specifically, the Combined Disclosure Statement and Plan provides, among other things, information regarding:

- an overview of the major events that occurred prior to, and during the course of, these Chapter 11 Cases;

- a summary of the classification and treatment of all Classes of Claims and Interests under the Combined Disclosure Statement and Plan;

- an estimate of distributions to the Holders of Allowed Claims pursuant to the Combined Disclosure Statement and Plan;

- the provisions governing distributions under the Combined Disclosure Statement and Plan; and

- the means for implementation of the Combined Disclosure Statement and Plan.

17.    The Debtors respectfully submit that the Combined Disclosure Statement and Plan complies with all aspects of Bankruptcy Code section 1125.  However, at the hearing on this Motion—which is scheduled for July 10, 2023—the Debtors seek only interim approval of the Combined Disclosure Statement and Plan for solicitation purposes.  At the Confirmation Hearing, the Debtors will demonstrate on a final basis that the information set forth therein contains adequate information within the meaning of Bankruptcy Code section 1125.

18.    The Debtors filed this Motion and are seeking approval of the procedures and timeline requested herein because, among other reasons, now that the Sales have been approved, the Debtors have limited remaining cash to fund their operations, and desire to exit from bankruptcy in an efficient manner that will maximize value for the benefit of all stakeholders.  To ensure that the Combined Disclosure Statement and Plan is confirmed in a timely manner, the Debtors have determined, in their business judgment, that it is necessary and prudent to proceed with a combined plan and disclosure statement process and on the timeline proposed herein. Accordingly, the Debtors respectfully request that the Court enter the Proposed Solicitation Procedures Order approving, among other things, the Combined Disclosure Statement and Plan on an interim basis for solicitation purposes only.

19.    Any objections or proposed modifications to the interim approval of the Combined Disclosure Statement and Plan shall (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, and (c) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon the following (collectively, the "**Notice Parties**"):  (i) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Michael R. Nestor, Esq.

9

(mnestor@ycst.com), Joseph Barry, Esq. (jbarry@ycst.com), and Joseph M. Mulvihill, Esq. (jmulvihill@ycst.com), (ii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn: Linda Richenderfer, Esq. (linda.richenderfer@usdoj.gov), (iii) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, Attn:  Jeffrey N. Pomerantz, Esq. (jpomerantz@pszjlaw.com); Maxim B. Litvak, Esq. (mlitvak@pszjlaw.com); and Steven V. Golden, Esq. (sgolden@pszjlaw.com), and counsel to the Prepetition Agent, Mayer Brown LLP, Attn: Brian Trust (btrust@mayerbrown.com), Scott Zemser (szemser@mayerbrown.com), and Joaquin C de Baca (jcdebaca@mayerbrown.com), and Potter Anderson & Corroon LLP, Attn: L. Katherine Good (kgood@potteranderson.com) by no later than **4:00 p.m. (prevailing Eastern Time) on June 26, 2023**.

**B.    Solicitation Procedures**

> *i.    Approval of Form of Solicitation Materials and Ballot*

20.    Pursuant to the Combined Disclosure Statement and Plan, the Debtors have created six (6) separate Classes of Claims and Interests.  A chart listing each such Class is below:

| Class | Type | Status Under Plan | Voting Status |
|-------|------|-------------------|---------------|
| 1 | Priority Non-Tax Claims | Unimpaired | Deemed to Accept |
| 2 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 3 | Prepetition Loan Secured Claims | Impaired | Entitled to Vote |
| 4 | General Unsecured Claims | Impaired | Entitled to Vote |
| 5 | Intercompany Claims | Impaired | Deemed to Reject |
| 6 | Interests | Impaired | Deemed to Reject |

21.    Two Classes are Impaired and entitled to vote to accept or reject the Combined Disclosure Statement and Plan—Class 3 (Prepetition Loan Secured Claims) and Class 4 – General Unsecured Claims (the "**Voting Classes**").  The remaining classes (collectively, the "**Non-Voting Classes**") are not entitled to vote on the Combined Disclosure Statement and Plan, as they are

conclusively presumed to have accepted the Combined Disclosure Statement and Plan in accordance with Bankruptcy Code section 1126(f) (in the case of Class 1 Priority Non-Tax Claims and Class 2 Other Secured Claims) or, in the alternative, to have rejected the Combined Disclosure Statement and Plan (in the case of Class 5 Intercompany Claims and Class 6 Interests).

22.     Bankruptcy Rule 3017(d) identifies the materials that must be provided to the holders of claims and equity interests for purposes of soliciting votes and providing adequate notice of the hearing on confirmation of a plan:

> Upon approval of a disclosure statement,—except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders—the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
>> (1)     the disclosure statement approved by the court;
>>
>> (2)     the plan or a court-approved summary of the plan;
>>
>> (3)     notice of the time within which acceptances and rejections of the plan may be filed; and
>>
>> (4)     any other information as the court may direct, including any court order approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with [Bankruptcy] Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan . . . .

Fed. R. Bankr. P. 3017(d).

23.     The Debtors propose that the following materials be mailed four (4) business days after the entry of the Proposed Solicitation Procedures Order (or as soon as reasonably practicable

11

thereafter) (the "**Service Date**"), by the Debtors' claims and voting agent, Kroll Restructuring

Administration, LLC (the "**Voting Agent**" or "**Kroll**"), to the Holders of Claims in the Voting

Classes (each, a "**Solicitation Package**"):

(a)     the applicable form of ballots attached to the Proposed Solicitation Procedures Order as Exhibits 1-A and 1-B (the "**Ballots**")[4]

(b)     the notice of, among other things, the Confirmation Hearing and related objection procedures (the "**Confirmation Notice**"), substantially in the form attached to the Proposed Solicitation Procedures Order as Exhibit 2;

(c)     either a paper copy or a copy in "pdf" format on CD-ROM or flash drive of the Combined Disclosure Statement and Plan (without exhibits attached);

(d)     either a paper copy or a copy in "pdf" format on CD-ROM or flash drive of the Proposed Solicitation Procedures Order without exhibits;

(e)     a pre-paid, pre-addressed return envelope; and

(f)     any other documents and materials that the Debtors deem appropriate.

24.     The Solicitation Package will provide the Combined Disclosure Statement and

Plan, and the Proposed Solicitation Procedures Order (without exhibits attached) in electronic

format (i.e., CD-ROM or flash drive format), and all other contents of the Solicitation Package,

including Ballots and the Confirmation Hearing Notice, will be provided in paper format. Any

party that receives the materials in electronic format but would prefer paper format may contact

the Voting Agent and request paper copies of the corresponding materials previously received in

electronic format (to be provided at the Debtors' expense) by: (a) writing to Big Village Holding

LLC, et al. Balloting Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite

412, Brooklyn, NY 11232; (b) calling (888) 819-5647 (domestic, toll-free) or +1 (646) 440-4398

(international, toll); or (c) emailing BigVillageInfo@ra.kroll.com (with "Big Village Solicitation"

---

[4] The Ballots are substantially similar to Official Form No. 14, but has been modified to be consistent with the specific provisions of the Combined Disclosure Statement and Plan and the facts of these Chapter 11 Cases.

in the subject line).  Additionally, the Debtors will provide the Solicitation Package (excluding the Ballots) to the U.S. Trustee and all parties requesting service of notice pursuant to Bankruptcy Rule 2002 as of the Voting Record Date.

25.    The Debtors request that they not be required to transmit Solicitation Packages to Holders of Claims or Interests in the Non-Voting Classes, and instead propose sending such parties only the Confirmation Notice.  The Confirmation Notice sets forth, among other things, the manner in which a copy of the Combined Disclosure Statement and Plan and the Solicitation Procedures may be obtained free of charge through the website maintained by the Voting Agent or upon request to the Voting Agent.

26.    For purposes of serving the solicitation materials, the Debtors and Voting Agent seek authorization to rely on the address information (for voting and non-voting parties alike) maintained by the Debtors or Prepetition Agent, as applicable, and provided by the Debtors or Prepetition Agent to the Voting Agent.  To that end, the Debtors seek the waiver of any obligation for the Debtors or Voting Agent to conduct any additional research for updated addresses based on undeliverable solicitation materials (including undeliverable Ballots) and will not be required to resend Solicitation Packages or other materials, including Confirmation Notices, that are returned as undeliverable unless the Debtors are provided with accurate addresses for such parties prior to the Voting Record Date.

27.    Notwithstanding anything herein to the contrary, the Debtors request that neither they nor the Voting Agent be required to mail a Solicitation Package or any other materials related to voting or confirmation of the Plan to any person or entity from which the notice of this Motion or other mailed notice in this case was returned as undeliverable by the postal service, unless the

30429329.3

Voting Agent is provided with accurate addresses for such persons or entities before the Voting Record Date.

### ii.     *Establishment of the Voting Deadline*

28.     Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan . . . ." Fed. R. Bankr. P. 3017(c).  The Debtors will finish the plan solicitation period by mailing the Ballots (and other approved solicitation materials) to the Voting Classes no later than four business days after the entry of the Proposed Solicitation Procedures Order (or as soon as reasonably practicable thereafter).  Based on this schedule, the Debtors propose that any Ballot being cast must be properly executed, completed, and delivered by mail, overnight courier, personal delivery, or E-Ballot (as defined below) to the Voting Agent in accordance with the instructions set forth in the Ballot, so that the Ballot is actually *received* no later than **4:00 p.m. (prevailing Eastern Time) on August 11, 2023** (the "**Voting Deadline**").  This date will give Holders of Claims in the Voting Classes sufficient time to review the solicitation materials and vote.

29.     In addition to accepting paper Ballots by mail, overnight courier, and personal delivery, the Debtors request authorization to accept Ballots from Holders of Claims in the Voting Classes by electronic Ballots (an "**E-Ballot**") transmitted solely through a customized online balloting portal on the Debtors' case website to be maintained by Kroll (the "**E-Balloting Portal**").  Parties entitled to vote may cast an electronic Ballot and electronically sign and submit the Ballot instantly by utilizing E-Ballot, which allows a Holder to submit an electronic signature.  The instructions for submission of E-Ballots will be set forth on the Ballots.  The encrypted Ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot

submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

### iii.    *Approval of Tabulation Procedures*

30.    The Debtors propose that the following procedures be utilized in tabulating the votes to accept or reject the Combined Disclosure Statement and Plan (the "**Tabulation Procedures**"):

**Establishing Amounts for Voting Purposes.**

Solely for purposes of voting to accept or reject the Combined Disclosure Statement and Plan, and not for the purpose of the allowance of, or distribution on account of, any Claim and without prejudice to the rights of the Debtors' and their estates in any other context, the Debtors propose that each Claim within the Voting Classes vote in an amount determined by the following procedures:

**Class 3 (Prepetition Loan Secured Claims)**

(a)    The voting amounts of the Class 3 Prepetition Loan Secured Claims will be established based on the amount of the applicable positions held by Holders of the Prepetition Loan Secured Claims, as of the Voting Record Date, as evidenced by the applicable records provided by the Prepetition Agent, as the administrative agent under the Prepetition Financing Documents, in electronic excel format to the Debtors or the Voting Agent not later than one (1) Business Day following the Voting Record Date.

**Class 4 (General Unsecured Claims)**

(a)    If a Claim is deemed allowed under the Combined Disclosure Statement and Plan, an order of the Court or a stipulated agreement between the parties, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein;

(b)    if a Claim for which a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated or wholly contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation) and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

(c)    if a Claim for which a proof of Claim has been timely filed is partially unliquidated or partially contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Voting Agent), such Claim is temporarily allowed in the amount that is liquidated and non-contingent for voting purposes only, and not for purposes of allowance or distribution;

(d)    if a Claim for which a proof of claim was timely filed and is liquidated and non-contingent or was listed in the Debtor's schedules of assets and liabilities (the "**Schedules**") in an amount that is liquidated, non-contingent, and undisputed, such Claim is allowed for voting in the amount set forth on the proof of claim, or if no proof of claim was timely filed, the Debtor's filed Schedules;

(e)    if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(f)    if a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline; such Claim shall be disallowed for voting purposes; *provided*, *however*, if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00.

(g)    proofs of claim filed for $0.00 are not entitled to vote;

(h)    if the Debtor or other party in interest has served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only, and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

(i)    for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan for the Debtor;

(j)    notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtor has objected to such duplicate Claims; and

(k)     if a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtor has objected to such amended claim. Except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

**<u>Voting Rules</u>**

(a)     Except as otherwise ordered by the Court, any Ballot received after the Voting Deadline will not be counted absent the consent of the Debtors in their discretion;

(b)     any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

(c)     any Ballot cast by a person or entity that does not hold an Claim in a Voting Class as of the Voting Record Date will not be counted;

(d)     any Ballot submitted on account of a duplicative Claim will not be counted;

(e)     any unsigned Ballot will not be counted, provided that Ballots validly submitted through the E-Balloting Portal will be deemed to contain an immediately legally valid and effective signature;

(f)     except in the Debtors' discretion, any Ballot transmitted to the Voting Agent by facsimile or other electronic means (other than through the E-Balloting Portal) will not be counted;

(g)     any Ballot that does not indicate an acceptance or rejection of the Combined Disclosure Statement and Plan, or that indicates both an acceptance and rejection of the Combined Disclosure Statement and Plan, will not be counted;

(h)     whenever a claimant casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots;

(i)     subject to the other Tabulation Procedures, each claimant will be deemed to have voted the full amount of its Claim as set forth on the Ballot;

(j)     claimants may not split their vote within a Class; thus, each claimant will be required to vote all of its Claims within the Class either to accept or reject the Combined Disclosure Statement and Plan, and any votes that are split will not be counted; and

17

(k)     subject to any contrary order of the Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot.

31.     The Debtors request that the Court authorize the Debtors or the Voting Agent, as applicable, to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawals of Ballots, which determination will be final and binding.

32.     To assist in the solicitation process, the Debtors request that the Court grant the Voting Agent the authority to contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, provided that, neither the Debtors nor the Voting Agent are required to contact such parties to provide notification of defects or irregularities with respect to completion or delivery of Ballots, nor will any of them incur any liability for failure to provide such notification.

33.     The Voting Agent is required to retain all paper copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date, whereupon, the Voting Agent is authorized to destroy and/or otherwise dispose of all paper copies of Ballots; printed solicitation materials including unused copies of the Solicitation Package; and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one (1) year period.

34.     The Debtors respectfully submit that the Tabulation Procedures are appropriate and reasonable under the circumstances and should be approved.

### iv.     *Establishment of Voting Record Date*

35.     Bankruptcy Rule 3017 provides that the bankruptcy court may set the date on which the disclosure statement is approved or another date as the record date for determining which

holders of securities are entitled to receive solicitation materials, including ballots for voting on a chapter 11 plan.  See Fed. R. Bankr. P. 3017(d).

36.     The Debtors propose that the Court establish July 5, 2023 (the date that is three (3) business days prior to the date this Motion is scheduled to be heard), as the record date (the "**Voting Record Date**") for purposes of determining which Holders of Prepetition Loan Secured Claims and General Unsecured Claims are entitled to receive a Ballot to vote to accept or reject the Combined Disclosure Statement and Plan.  Only Holders of Prepetition Loan Secured Claims and General Unsecured Claims are entitled to vote.  Establishing July 5, 2023, as the Voting Record Date will provide sufficient time for the Debtors and the Voting Agent to ensure that the Solicitation Packages can be mailed by the Service Date.

37.     With respect to any transferred Claim, the Debtors propose that the transferee will be entitled to receive and cast a Ballot on account of such transferred Claim only if (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date (including, without limitation, the passage of any applicable objection period) or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

## C.     Confirmation Hearing, Confirmation Objection Deadline, and Notice Thereof

38.     Bankruptcy Rule 3017 provides that, on or before the approval of a disclosure statement, a bankruptcy court "may fix the date for the hearing on confirmation."  *See* Fed. R. Bankr. P. 3017(c).  Bankruptcy Code section 105 expressly authorizes a court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the bankruptcy court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically."  *See* 11 U.S.C.

30429329.3

§ 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. at 425 ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases."); *In re Luminent Mortg. Capital Inc.*, Case No. 08-21389 (Bankr. D. Md. May 15, 2009).

39.     Consistent with the foregoing authority, the Debtors respectfully request that the Confirmation Hearing to consider confirmation of the Combined Disclosure Statement and Plan, including final approval of the adequacy of the disclosures therein, be set for August 21, 2023, or as soon thereafter as the Court is available.  The Debtors submit that a combined hearing will streamline and expedite the Confirmation process, which will inure directly to the benefit of creditors by allowing the Debtors to implement the Combined Disclosure Statement and Plan in a timely and efficient manner and limiting the amount of time the Debtors remain in chapter 11. Under the circumstances, a combined hearing will spare the Debtors from additional administrative expenses associated with a two-stage process, and promote judicial efficiency and economy.

40.     In the interests of orderly procedure, the Debtors further request that objections to confirmation of the Combined Disclosure Statement and Plan, including final approval of the adequacy of the disclosures contained therein, if any, must (a) be in writing and (b) be filed with the Court and served on the Notice Parties, so that they are received no later than **4:00 p.m. (prevailing Eastern Time) on August 11, 2023** (the "**Confirmation Objection Deadline**").  The Debtors shall, if they deem necessary in their discretion, and any other party in interest may, file a reply to any such objections or brief in support of approval of the Combined Disclosure Statement and Plan by no later than **noon (prevailing Eastern Time) on August 18, 2023** (or one (1) business day prior to the date of any adjourned Confirmation Hearing).

30429329.3

41.     Bankruptcy Rule 2002(b) requires that the Debtors provide notice to all creditors and parties in interest at least twenty-eight (28) days prior to the deadline for filing objections to confirmation of the Combined Disclosure Statement and Plan, and the hearing on the final approval of the Combined Disclosure Statement and Plan.  Bankruptcy Rule 2002(d), in turn, requires that equity security holders be given notice of these matters in the manner and form directed by the Court.

42.     The Confirmation Notice sets forth, among other things, (i) the Confirmation Objection Deadline, (ii) the time, date, and place of the Confirmation Hearing, and (iii) instructions on how to obtain a copy of the Combined Disclosure Statement and Plan free of charge.  The Debtors will cause the Confirmation Notice to be served by the Service Date on the following parties:  (a) all persons or entities that have filed, or are deemed to have filed a proof of Claim or request for allowance of Claim as of the Voting Record Date; (b) all persons or entities listed on the Schedules as holding a Claim or potential Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal Revenue Service; (e) the United States Attorney's office for the District of Delaware; (f) other known Holders of Claims (or potential Claims) and Interests; (g) all entities known by the Debtors to hold or assert a lien or other interest in the Debtors' property; and (h) any other parties that have requested notice pursuant to Bankruptcy Rule 2002.  Under the Debtors' proposed timeline set forth herein, the Confirmation Notice will be served at least twenty-eight days prior to the Confirmation Objection Deadline, and more than thirty-five days prior to the Confirmation Hearing.

43.     The Debtors submit that the foregoing procedures for providing notice of the Confirmation Hearing, the Confirmation Objection Deadline, and related matters fully comply

with Bankruptcy Rules 2002 and 3017, Local Rule 3017, and the time limits set forth therein, are consistent with Bankruptcy Code sections 105, 1126(f) and 1126(g) and Bankruptcy Rule 3017(d) with respect to parties that are not entitled to vote on the Combined Disclosure Statement and Plan, are both fair to Holders of Claims or Interests and other parties in interest, and are designed to permit an organized and efficient Confirmation Hearing. Accordingly, the Debtors respectfully request that the Court approve such notice procedures as appropriate under the circumstances of these Chapter 11 Cases and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**D.      Establishing Bar Date for Filing Requests for Allowance of Initial Administrative Claims**

44.      For the Debtors to properly make distributions under the Plan, the Debtors require, among other things, complete and accurate information regarding the nature, validity, and amount of Claims that will be asserted. To that end, the Debtors are seeking to establish a bar date for all Administrative Claims that arose or accrued after the Petition Date through and including the date of entry of the Proposed Solicitation Procedures Order (collectively, the "**Initial Administrative Claims**").

45.      The Debtors request entry of an order establishing that Holders of Initial Administrative Claims be required to file a request for allowance (each, an "**Administrative Claim Form**") of such Initial Administrative Claims by 5:00 p.m. (prevailing Eastern time) on the date that is twenty eight (28) days after the Service Date; *provided*, that the Confirmation Notice shall indicate the exact calendar date of the deadline established by the Court (the "**Initial Administrative Claim Bar Date**").

46.      The Debtors also respectfully request that the Court (i) approve the Debtors' proposed form and manner of notice of the Initial Administrative Claim Bar Date and (ii) grant the

30429329.3

Debtors the authority, in their discretion, to extend the Initial Administrative Claim Bar Date for certain holders of claims by stipulation or otherwise where the Debtors determine that to do so is in the best interests of their estates.

### *i.    Persons or Entities Required to File Administrative Claim Requests*

47.    The Debtors propose that, except as set forth in the following paragraph, all persons or entities holding Initial Administrative Claims must file an Administrative Claim Form on or before the Initial Administrative Claim Bar Date.

48.    Notwithstanding the foregoing, the Debtors propose that the following need ***not*** file an Administrative Claim Form:[5]

(a)    any entity that does not have an Initial Administrative Claim against any of the Debtors;

(b)    any entity holding an Administrative Claim arising after the date of entry of the Proposed Solicitation Procedures Order,[6]

(c)    any person or entity that already has filed a request for allowance of an Initial Administrative Claim with the Clerk of the Court or Kroll;

(d)    any entity whose Claim has previously been Allowed by order of the Court;

(e)    any entity whose Claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

(f)    any entity whose Claim is solely against any of the Debtors' non-Debtor affiliates;

(g)    any entity holding a Claim for which a separate deadline to file a Proof of Claim has been fixed previously by the Court;

(h)    any Holder of a Claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930 or accrued interest thereon arising under 31 U.S.C. § 3717;

---

[5] The Debtors reserve the right to dispute any of the claims described in this paragraph, and nothing shall preclude the Debtors from objecting to any such claims on any ground.

[6] Subject to Court approval, the deadline for filing a request for allowance of an Administrative Claim arising after entry of the Proposed Solicitation Procedures Order will be set forth in the Effective Date Notice.

(i)  any entity holding a Professional Fee Claim;

(j)  any member of the Committee for reimbursement of expenses incurred in connection with the member's service on the Committee; and

(k)  any Debtor having a Claim against another Debtor.

ii.  ***Effect of Failure to File an Administrative Claim Form by the Initial Administrative Claim Bar Date***

49.  The Debtors propose that, pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to file an Administrative Claim Form for an Initial Administrative Claim, but that fails to do so by the Initial Administrative Claim Bar Date in the form and manner provided for in the Proposed Solicitation Procedures Order shall not be treated as a creditor with respect to such Claim for purposes of voting on any chapter 11 plan filed in these cases, participating in any distributions under the Combined Disclosure Statement and Plan (or any other chapter 11 plan confirmed in these cases) on account of such Claim, or receiving further notices regarding such Claim.

iii.  ***Notice of the Initial Administrative Claim Bar Date***

50.  As set forth above, by the Service Date, the Debtors will cause to be served upon all known entities holding potential Claims as of the Voting Record Date, including Initial Administrative Claims, the Confirmation Notice.  The Confirmation Notice provides notice of the Initial Administrative Claim Bar Date and instructions on how to obtain an Administrative Claim Form, substantially in the form attached hereto as **Exhibit B**, free of charge at https://cases.ra.kroll.com/bigvillage/EPOC-Index or by request to Kroll at the telephone numbers or email address set forth below.  The Confirmation Notice also sets forth the following proposed procedures for filing Administrative Claim Forms for Initial Administrative Claims:

(a)  Administrative Claim Forms may be obtained free of charge at https://cases.ra.kroll.com/bigvillage/EPOC-Index  or upon request to the Voting Agent by (i) telephone at (888) 819-5647 (domestic, toll-free) or +1

(646)    440-4398    (international,    toll)    or    (ii)    email
bigvillageinfo@ra.kroll.com (with "Big Village Claims" in the subject
line).

(b)    Each request for allowance of an Initial Administrative Claim must: (i) be
written in English; (ii) include a claim amount denominated in United States
dollars; (iii) conform substantially with the Administrative Claim Form
provided by the Debtors; and (iv) be signed by the claimant or by an
authorized agent or legal representative of the claimant.

(c)    Each Administrative Claim Form must state a claim against **only one**
Debtor and clearly indicate the Debtor against which the claim is asserted.
To the extent more than one Debtor is listed on the Administrative Claim
Form, as applicable, such Claim may be treated as if filed only against the
first-listed Debtor.    An Administrative Claim filed under the joint
administration case number (No. 23-10174), or otherwise without
identifying a specific Debtor, will be deemed as filed only against Big
Village Holding LLC.

(d)    Administrative Claim Forms must be filed either (1) electronically via the
interface    provided    on    Kroll's    website    at
https://cases.ra.kroll.com/BigVillage/EPOC-Index (the "**Electronic Filing
System**") or (2) by delivering the original Administrative Claim Form by
hand, or sending the original Administrative Claim Form by overnight
courier or first class mail, on or before the Initial Administrative Claim bar
Date to:

> Big Village Holding LLC Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> 850 3rd Avenue, Suite 412
> Brooklyn, NY 11232

(e)    An Administrative Claim Form will be deemed timely filed only if it is
**actually received** by Kroll on or before the Initial Administrative Claim
Bar Date (1) at the address listed above or (2) electronically through the
Electronic Filing System. Administrative Claim Form sent by facsimile,
telecopy, or electronic mail transmission (other than those filed
electronically through the Electronic Filing System) **will not** be accepted.

51.    The Debtors submit that the proposed Initial Administrative Claim Bar Date and

notice procedures described herein comply with the Bankruptcy Rules and provide sufficient time

for all parties in interest to assert any Initial Administrative Claims.

30429329.3

## NOTICE

52.    The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) counsel

to the Prepetition Lender; (iii) counsel to the Committee; and (iv) all parties who, as of the filing

of this Motion, have filed a notice of appearance and request for service of papers pursuant to

Bankruptcy Rule 2002 at the time of service.  In light of the nature of the relief requested in this

Motion, the Debtors respectfully submit that no further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed

Solicitation Procedures Order substantially in the form attached hereto as Exhibit A, granting the

relief requested herein and such other and further relief as the Court deems just and proper.

Dated:    June 12, 2023
            Wilmington, Delaware

*/s/ Joseph M. Mulvihill*
Michael R. Nestor (No. 3526)
Joseph Barry (No. 4221)
Joseph M. Mulvihill (No. 6061)
Heather P. Smillie (No. 6293)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
1000 N. King Street
Rodney Square
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
E-mails:        mnestor@ycst.com
                jbarry@ycst.com
                jmulvihill@ycst.com
                hsmillie@ycst.com

*Counsel to the Debtors and Debtors in Possession*

30429329.3