# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Big Village Holding LLC, *et al.*,[1] | Case No. 23-10174 (CTG) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 344 |

**ORDER (I) APPROVING THE COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; (II) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES; (III) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS; (IV) ESTABLISHING THE VOTING RECORD DATE; (V) FIXING THE DATE, TIME, AND PLACE FOR THE COMBINED HEARING AND THE DEADLINE FOR FILING OBJECTIONS THERETO; (VI) ESTABLISHING BAR DATE FOR FILING REQUESTS FOR ALLOWANCE OF INITIAL ADMINISTRATIVE CLAIMS; AND <u>(VI) GRANTING RELATED RELIEF</u>**

Upon consideration of the motion (the "**Motion**")[2] of the debtors in possession in the above-captioned cases (collectively, the "**Debtors**") for entry of an order: (i) approving the Combined Disclosure Statement and Plan, on an interim basis and for solicitation purposes only; (ii) establishing procedures for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan; (iii) approving the form of ballot and solicitation materials; (iv) establishing a voting record date; (v) fixing the date, time, and place for the Confirmation Hearing and the deadline for filing objections related thereto; and (vi) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Big Village Holding LLC (6595); Big Village Group Holdings LLC (5882); Big Village Group Inc. (6621); Big Village Insights, Inc. (8960); Big Village Media LLC (7288); EMX Digital, Inc. (5543); Big Village USA Corporation, Inc. (3414); Big Village Agency, LLC (0767); Balihoo, Inc. (9666); Deep Focus, Inc. (8234); and Trailer Park Holdings Inc. (1447). The Debtors' service address is 301 Carnegie Center, Suite 301, Princeton, NJ 80540.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Combined Disclosure Statement and Plan, as applicable.

30517852.2

1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it appearing that no other or further notice is required; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estate, its creditors, and other parties in interest; and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AS FOLLOWS:**

A. The form of ballots attached hereto as <u>Exhibit 1-A and 1-B</u> (together, the "**Ballots**"): (i) are consistent with Official Form No. 14; (ii) adequately addresses the particular needs of the Chapter 11 Cases; (iii) are appropriate for the Voting Classes; and (iv) comply with Bankruptcy Rule 3017(d).

B. The Ballots need not be provided to Holders of Claims or Interests in the following Classes, as such Non-Voting Classes are either (i) unimpaired and are conclusively presumed to have accepted the Combined Disclosure Statement and Plan in accordance with Bankruptcy Code section 1126(f), or (ii) impaired but will neither retain nor receive any property under the Combined Disclosure Statement and Plan and, thus, are conclusively deemed to have rejected the Combined Disclosure Statement and Plan under Bankruptcy Code section 1126(g):

| Class | Type | Status Under Plan | Voting Status |
|---|---|---|---|
| 1 | Priority Non-Tax Claims | Unimpaired | Deemed to Accept |
| 2 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 5 | Intercompany Claims | Impaired | Deemed to Reject |
| 6 | Interests | Impaired | Deemed to Reject |

30517852.2

C. The period during which the Debtors may solicit votes to accept or reject the Combined Disclosure Statement and Plan, as established by this Order, provides sufficient time for Holders of Claims in the Voting Classes to make informed decisions to accept or reject the Combined Disclosure Statement and Plan and submit a Ballot in a timely fashion, and the solicitation provided by this Order is consistent with Bankruptcy Code section 1126.

D. The Tabulation Procedures (defined below) for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan, as approved herein, provide a fair and equitable voting process and are consistent with Bankruptcy Code section 1126.

E. The contents of the Solicitation Packages and the procedures for providing notice of the Confirmation Hearing and the other matters set forth in the Confirmation Notice, under the circumstances, constitute sufficient notice to all interested parties in accordance with Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The relief requested in the Motion is granted as set forth herein.

**Combined Disclosure Statement and Plan**

2. The Combined Disclosure Statement and Plan is approved on an interim basis for solicitation purposes under Bankruptcy Code sections 105 and 1125 and Bankruptcy Rule 3017.

3. The Ballots substantially in the form attached hereto as Exhibits 1-A and 1-B, is approved.

4. To be counted as votes to accept or reject the Combined Disclosure Statement and Plan, a Ballot must be properly executed, completed, and delivered, by mail, overnight courier, personal delivery, or by submitting a properly completed E-Ballot to the Voting Agent in

accordance with the instructions on the Ballot or E-Ballot so that it is actually received no later than **4:00 p.m. (prevailing Eastern Time) on August 15, 2023** (the "**Voting Deadline**").

5. The following procedures shall be used in tabulating the votes to accept or reject the Combined Disclosure Statement and Plan (the "**Tabulation Rules and Procedures**"):

**Amounts for Voting Purposes.**

Solely for purposes of voting to accept or reject the Combined Disclosure Statement and Plan and not for the purpose of the allowance of, or distribution on account of, any Claim and without prejudice to the Debtors' rights in any other context, each Claim within a Class of Claims is entitled to vote to accept or reject the Combined Disclosure Statement and Plan be in an amount determined by the following procedures:

### Class 3 (Prepetition Loan Secured Claims)

(a) The voting amounts of the Class 3 Prepetition Loan Secured Claims will be established based on (x) the applicable positions held by Holders of the Prepetition Loan Secured Claims, as of the Voting Record Date, and (y) in an amount of principal outstanding as of the Petition Date, as evidenced by the applicable records provided by the Prepetition Agent, BNP Paribas, as the administrative agent under the Prepetition Financing Documents, in electronic excel format to the Debtors or the Voting Agent not later than one (1) Business Day following the Voting Record Date.

### Class 4 (General Unsecured Claims)

(a) If a Claim is deemed allowed under the Combined Disclosure Statement and Plan, an order of the Court or a stipulated agreement between the parties, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein:

(b) if a Claim for which a proof of claim has been timely filed for unknown or undetermined amounts, or is wholly unliquidated or wholly contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation) and such Claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

(c) if a Claim for which a proof of Claim has been timely filed is partially unliquidated or partially contingent (as determined on the face of the claim

or after a reasonable review of the supporting documentation by the Voting Agent), such Claim is temporarily allowed in the amount that is liquidated and non-contingent for voting purposes only, and not for purposes of allowance or distribution;

(d) if a Claim for which a proof of claim was timely filed and is liquidated and non-contingent or was listed in the Debtor's schedules of assets and liabilities (the "**Schedules**") in an amount that is liquidated, non-contingent, and undisputed, such Claim is allowed for voting in the amount set forth on the proof of claim, or if no proof of claim was timely filed, the Debtor's filed Schedules;

(e) if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(f) if a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court; or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline; such Claim shall be disallowed for voting purposes; *provided*, *however*, if the applicable bar date has not yet passed, such Claim shall be entitled to vote at $1.00.

(g) proofs of claim filed for $0.00 are not entitled to vote;

(h) if the Debtor or other party in interest has served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only, and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline;

(i) for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan for the Debtor;

(j) notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Classes shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtor has objected to such duplicate Claims; and

(k) if a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and

5

the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtor has objected to such amended claim. Except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

**Voting Rules**

(a) Except as otherwise ordered by the Court, any Ballot received after the Voting Deadline will not be counted absent the consent of the Debtors in their discretion;

(b) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted;

(c) any Ballot cast by a person or entity that does not hold a Claim in a Voting Class as of the Voting Record Date will not be counted;

(d) any Ballot submitted on account of a duplicative Claim will not be counted;

(e) any unsigned Ballot will not be counted, provided that Ballots validly submitted through the E-Balloting Portal will be deemed to contain an immediately legally valid and effective signature;

(f) except in the Debtors' discretion, any Ballot transmitted to the Voting Agent by facsimile or other electronic means (other than through the E-Balloting Portal) will not be counted;

(g) any Ballot that does not indicate an acceptance or rejection of the Combined Disclosure Statement and Plan, or that indicates both an acceptance and rejection of the Combined Disclosure Statement and Plan, will not be counted;

(h) whenever a claimant casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots;

(i) subject to the other Tabulation Procedures, each claimant will be deemed to have voted the full amount of its Claim as set forth on the Ballot;

(j) claimants may not split their vote within a Class; thus, each claimant will be required to vote all of its Claims within the Class either to accept or reject the Combined Disclosure Statement and Plan, and any votes that are split will not be counted; and

30517852.2

(k) subject to any contrary order of the Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot.

6. The Debtors or Voting Agent, as applicable, without further Order of the Court, are authorized to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawals of Ballots, which determination will be final and binding.

7. The Debtors or Voting Agent are authorized to contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, provided that, neither the Debtors nor the Voting Agent are required to contact such parties to provide notification of defects or irregularities with respect to completion or delivery of Ballots, nor will any of them incur any liability for failure to provide such notification.

8. The Voting Agent is required to retain all paper copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date, whereupon, the Voting Agent is authorized to destroy and/or otherwise dispose of all paper copies of Ballots; printed solicitation materials including unused copies of the Solicitation Package; and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one (1) year period

9. The Confirmation Hearing is hereby scheduled for **August 24, 2023, at 1:00 p.m. (prevailing Eastern Time)**. The Confirmation Hearing may be continued from time to time by the Debtors without further notice other than by (a) announcing any adjourned date at the Confirmation Hearing (or any continued hearing) or (b) filing a notice on the docket of these Chapter 11 Cases.

10. Objections to approval and confirmation of the Combined Disclosure Statement and Plan on any grounds, including adequacy of the disclosures therein, if any, must (a) be in

writing, (b) comply with the Bankruptcy Rules and the Local Rules, and (c) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon the following (collectively, the "**Notice Parties**"): (i) the Debtors at 301 Carnegie Center, Suite 301, Princeton, NJ 80540; (ii) counsel to the Debtors, (a) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Michael R. Nestor (mnestor@ycst.com); Joseph M. Barry, Esq. (jbarry@ycst.com); and Joseph M. Mulvihill, Esq. (jmulvihill@ycst.com); (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn: Linda Richenderfer, Esq. (linda.richenderfer@usdoj.gov); (iv) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, Attn: Jeffrey N. Pomerantz, Esq. (jpomerantz@pszjlaw.com); Maxim B. Litvak, Esq. (mlitvak@pszjlaw.com); and Steven V. Golden, Esq. (sgolden@pszjlaw.com); and (v) counsel to the Prepetition Agent, Mayer Brown LLP, Attn: Brian Trust (btrust@mayerbrown.com), Scott Zemser (szemser@mayerbrown.com), and Joaquin C de Baca (jcdebaca@mayerbrown.com), and Potter Anderson & Corroon LLP, Attn: L. Katherine Good (kgood@potteranderson.com) by no later than **4:00 p.m. (prevailing Eastern Time) on August 15, 2023**.

11. The Debtors shall, if they deem necessary in their discretion, and any other party in interest may, file a reply to any objections or brief in support of approval of the Combined Disclosure Statement and Plan by no later than **noon (prevailing Eastern Time) on August 23, 2023** (or one (1) business days prior to the date of any adjourned Confirmation Hearing).

12. The Confirmation Notice, in substantially the form attached hereto as Exhibit 2, is approved.

13. Pursuant to Bankruptcy Rule 3017(d), July 5, 2023 shall be the record date for purposes of determining which Holders of Claims are entitled to receive Solicitation Packages and vote on the Combined Disclosure Statement and Plan (the "**Voting Record Date**").

14. With respect to any transferred Claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred Claim if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date (including, without limitation, the passage of any applicable objection period) or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

15. No later than four (4) business days after the entry of this Order (the "**Service Date**"), in accordance with the terms of this Order, the Voting Agent shall transmit the Solicitation Packages to the Voting Classes containing copies of: (a) the Confirmation Notice; (b) either a paper copy or a copy in "pdf" format on CD-ROM or flash drive of the Combined Disclosure Statement and Plan; (c) either a paper copy or a copy in "pdf" format on CD-ROM or flash drive of the Proposed Solicitation Procedures Order without exhibits; (d) the applicable form of ballot attached to hereto as Exhibit 1-A or Exhibit 1-B; and (d) a pre-paid, pre-addressed return envelope. Additionally, the Debtors shall provide complete Solicitation Materials (excluding the Ballot) to the U.S. Trustee and all parties requesting service of notice pursuant to Bankruptcy Rule 2002 as of the Voting Record Date.

16. On or prior to the Service Date, the Voting Agent shall mail the Confirmation Notice to the following parties, to the extent such parties are not otherwise entitled to receive a Solicitation Package: (a) all persons or entities that have filed, or are deemed to have filed a proof

of Claim or request for allowance of Claim as of the Voting Record Date; (b) all persons or entities listed on the Schedules as holding a Claim or potential Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (d) the Internal Revenue Service; (e) the United States Attorney's office for the District of Delaware; (f) other known Holders of Claims (or potential Claims) and Interests; (g) all entities known to the Debtors to hold or assert a lien or other interest in the Debtors' property; (h) all parties listed on the Debtors' creditor matrix; and (i) any other parties that have requested notice pursuant to Bankruptcy Rule 2002.

17. The Debtors and Voting Agent are authorized to rely on the address information (for voting and non-voting parties alike) maintained by the Debtors or Prepetition Agent, as applicable, and provided by the Debtors or Prepetition Agent to the Voting Agent. Neither the Debtors nor the Voting Agent are required to conduct any additional research for updated addresses based on undeliverable solicitation materials (including undeliverable Ballots) and will not be required to resend Solicitation Packages or other materials, including Confirmation Notices, that are returned as undeliverable unless the Debtors are provided with accurate addresses for such parties prior to the Voting Record Date.

18. Notwithstanding anything herein or in the Motion to the contrary, neither the Debtors nor the Voting Agent are required to mail a Solicitation Package or any other materials related to voting or confirmation of the Plan to any person or entity from which the notice of Motion or other mailed notice in this case was returned as undeliverable by the postal service, unless the Voting Agent is provided with accurate addresses for such persons or entities before the Voting Record Date. Notwithstanding the foregoing, (i) if materials have been returned to the Voting Agent with a forwarding address, such address will be used for service of the Solicitation

Materials; and (ii) if Solicitation Materials are returned with a forwarding address, the Voting Agent shall mail the Solicitation Materials to such address.

## Initial Administrative Claim Bar Date

19. Holders of Initial Administrative Claims are required to file a request for allowance (each, an "**Administrative Claim Form**") of such Initial Administrative Claims by 5:00 p.m. (prevailing Eastern time) on the date that is twenty eight (28) days after the Service Date; *provided*, that the Confirmation Notice shall indicate the exact calendar date of the deadline established by the Court (the "**Initial Administrative Claim Bar Date**").

20. Notwithstanding the foregoing, the following need *not* file an Administrative Claim Form:

    (a)    any entity that does not have an Initial Administrative Claim against any of the Debtors;

    (b)    any entity holding an Administrative Claim arising after the date of entry of this Order;[3]

    (c)    any person or entity that already has filed a request for allowance of an Initial Administrative Claim with the Clerk of this Court or Kroll;

    (d)    any entity whose Claim has previously been Allowed by order of this Court;

    (e)    any entity whose Claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of this Court;

    (f)    any entity whose Claim is solely against any of the Debtors' non-Debtor affiliates;

    (g)    any entity holding a Claim for which a separate deadline to file a Proof of Claim has been fixed previously by this Court;

    (h)    any Holder of a Claim payable to this Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930 or accrued interest thereon arising under 31 U.S.C. § 3717;

---

[3] The deadline for filing a request for allowance of an administrative claim arising after the date of the entry of this Order shall be set forth in the Effective Date Notice.

(i) any entity holding a Professional Fee Claim;

(j) any member of the Committee for reimbursement of expenses incurred in connection with the member's service on the Committee; and

(k) any Debtor having a Claim against another Debtor.

21. Pursuant to Bankruptcy Rule 2002, the manner of providing notice of the Initial Administrative Clam Bar Date proposed in the Motion is approved in all respects. The manner of notice of the Initial Administrative Claim Bar Date approved herein is deemed to fulfill the notice requirements of the Bankruptcy Rules and the Local Rules and shall be deemed good and sufficient notice of the Bar Dates to known creditors pursuant to Bankruptcy Rule 2002(a)(7).

22. On or prior to the Service Date, the Debtors shall post the Administrative Claim Form, and the Confirmation Notice on Kroll's website (https://cases.ra.kroll.com/bigvillage).

23. Pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required to file an Administrative Claim Form for an Initial Administrative Claim, but that fails to do so by the Initial Administrative Claim Bar Date in the form and manner provided for in this Order may not be treated as a creditor with respect to such Claim, participate in any distributions under the Combined Disclosure Statement and Plan (or any other chapter 11 plan confirmed in these cases) on account of such Claim, or receive further notices regarding such Claim.

24. The Debtors may extend the Initial Administrative Claim Bar Date by stipulation or otherwise, without further order of this Court, where the Debtors determine that to do so is in the best interests of their estates.

25. The following procedures shall apply for filing Administrative Claim Forms for Initial Administrative Claims:

(a) Administrative Claim Forms may be obtained free of charge at https://cases.ra.kroll.com/bigvillage/EPOC-Index or upon request to the Voting Agent by (i) telephone at (888) 819-5647 (domestic, toll-free) or +1

(646) 440-4398 (international, toll) or (ii) email bigvillageinfo@ra.kroll.com (with "Big Village Claims" in the subject line).

(b) Each request for allowance of an Initial Administrative Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Administrative Claim Form provided by the Debtors; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

(c) Each Administrative Claim Form must state a claim against **only one** Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the Administrative Claim Form, as applicable, such Claim may be treated as if filed only against the first-listed Debtor. An Administrative Claim filed under the joint administration case number (No. 23-10174 (CTG)), or otherwise without identifying a specific Debtor, will be deemed as filed only against Big Village Holding LLC.

(d) Administrative Claim Forms must be filed either (1) electronically via the interface provided on Kroll's website at https://cases.ra.kroll.com/bigvillage/EPOC-Index (the "**Electronic Filing System**") or (2) by delivering the original Administrative Claim Form by hand, or sending the original Administrative Claim Form by overnight courier or first class mail, on or before the Initial Administrative Claim bar Date to:

**Big Village Holding LLC Claims Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 3rd Avenue, Suite 412**
**Brooklyn, NY 11232**

(e) Administrative Claim Form will be deemed timely filed only if it is **actually received** by Kroll on or before the Initial Administrative Claim Bar Date (1) at the address listed above or (2) electronically through the Electronic Filing System. Administrative Claim Form sent by facsimile, telecopy, or electronic mail transmission (other than those filed electronically through the Electronic Filing System) **will not** be accepted.

26. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: July 12th, 2023
Wilmington, Delaware

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

30517852.2