# EXHIBIT 1-A

**Class 3 Ballot**

30517852.2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Big Village Holding LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10174 (CTG)<br><br>(Jointly Administered) |

**CLASS 3 (PREPETITION LOAN SECURED CLAIMS) BALLOT FOR VOTING TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN OF BIG VILLAGE HOLDING, LLC AND ITS AFFILIATED DEBTORS AND THIRD PARTY RELEASES**

> **TO BE COUNTED, YOUR VOTE (WHETHER THROUGH "E-BALLOT" OR "PAPER BALLOT" AS DEFINED BELOW) MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT BY THE VOTING DEADLINE OF AUGUST 15, 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME).**

This ballot (the "**Ballot**") is being submitted to you by the above captioned debtors and debtors in possession (collectively, the "**Debtors**") to solicit your vote to accept or reject the *Combined Disclosure Statement and Joint Chapter 11 Plan of Big Village Holding, LLC and Its Affiliated Debtors* [D.I. [●]] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "**Combined Disclosure Statement and Plan**").[2] Copies of the Combined Disclosure Statement and Plan may be obtained free of charge on the dedicated webpage of Kroll Restructuring Associates, LLC (the "**Voting Agent**") at https://cases.ra.kroll.com/BigVillage/ or upon request to the Voting Agent by (i) telephone at (888) 819-5647 (toll-free), (646) 440-4398 (international, toll), or (ii) email at BigVillageInfo@ra.kroll.com (with "Big Village Solicitation" in the subject line).[3]

The Combined Disclosure Statement and Plan can be confirmed by the Bankruptcy Court and, thereby, made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each Impaired Class who vote on the Combined Disclosure Statement and Plan and if the Combined Disclosure Statement and Plan otherwise satisfies the applicable requirements of Bankruptcy Code section 1129(a). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Combined Disclosure Statement and Plan if it finds that the Combined Disclosure Statement and Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Combined Disclosure Statement and Plan and (ii) otherwise satisfies the requirements of Bankruptcy Code section 1129(b).

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**

1. For your vote to count, you must:

    a. Submit your Ballot by ***one*** of the following methods:

    i. Completing, executing, and submitting this paper Ballot ("**Paper Ballot**") in the return envelope provided by mail, overnight courier, or hand delivery to the following address:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Big Village Holding LLC (6595); Big Village Group Holdings LLC (5882); Big Village Group Inc. (6621); Big Village Insights, Inc. (8960); Big Village Media LLC (7288); EMX Digital, Inc. (5543); Big Village USA Corporation, Inc. (3414); Big Village Agency, LLC (0767); Balihoo, Inc. (9666); Deep Focus, Inc. (8234); and Trailer Park Holdings Inc. (1447). The Debtors' service address is 301 Carnegie Center, Suite 301, Princeton, NJ 80540.

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Combined Disclosure Statement and Plan.

[3] Copies of the Combined Disclosure Statement and Plan are also available for a fee on the Bankruptcy Court's website, www.deb.uscourts.gov (a PACER account is required).

30517852.2

**If by first class mail hand delivery or overnight mail, to**:
Big Village Holding LLC, et al. Balloting Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

To arrange hand delivery of your Paper Ballot, please send an email to BigVillageBallots@ra.kroll.com (with "Big Village Ballot Submission" in the subject line) at least 24 hours before your arrival at the address above and provide the expected date and time of your delivery.

**or**

ii. Submitting an electronic Ballot (an "**E-Ballot**") through the Voting Agent's dedicated, E-Ballot portal (the "**E-Balloting Portal**"). To submit your Ballot through the E-Balloting Portal, https://cases.ra.kroll.com/BigVillage/Home-Index click on the "Submit E-Ballot" section of the website and follow the instructions to submit your E-Ballot.

- IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:

  Unique E-Ballot ID#:_____

- Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of E-Ballot. Please complete and submit an E- Ballot for each E-Ballot ID# you receive, as applicable. If you submit an E-Ballot, you should NOT also submit a Paper Ballot.

- The E-Balloting Portal is the sole manner in which Ballots will be accepted by electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

**If you are casting a Ballot using the E-Ballot Portal you should NOT also submit a paper Ballot.**

a. In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Combined Disclosure Statement and Plan by checking the appropriate box;

b. If appropriate, in the box provided in item 3 indicate if you opt out of the release provisions.

c. Review and sign the acknowledgements in Item 4 of the Ballot. Please be sure to sign and date your Ballot. Your signature is required for your vote to be counted. For the avoidance of doubt, a properly submitted E-Ballot will be deemed to include a valid signature. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. If the Prepetition Loan Secured Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

d. **Return your Ballot (whether by E-Ballot or by Paper Ballot) so it is *received* by the Voting Agent on or before the Voting Deadline approved by the Bankruptcy Court, August 15, 2023 at 4:00 p.m. (prevailing Eastern Time)**. If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Debtors' discretion. If neither the "accept" nor "reject" box is checked or if both boxes are checked in Item 2 for an otherwise properly completed, executed, and timely returned Ballot, the Ballot will not be counted for voting purposes.

2. If you voted to reject the Combined Disclosure Statement and Plan or did not vote, review the opt-out election disclosure in Item 3, and determine whether to opt out of the release provisions contained in Section 14.1(c) of the Combined Disclosure Statement and Plan by checking the box in Item 3. Electing to opt out of such release provisions by checking the box in Item 3 will result in you <u>NOT</u> being a Released Party.

3. You must vote all your Claims within a single Class under the Combined Disclosure Statement and Plan either to accept or reject the Combined Disclosure Statement and Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Combined Disclosure Statement and Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject Combined Disclosure Statement and Plan likewise will not be counted.

4. The Ballot does not constitute and will not be deemed a proof of Claim or an assertion of a Claim or Interest.

5. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed, valid Ballot will supersede any prior received Ballots.

6. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7. PLEASE RETURN YOUR BALLOT PROMPTLY. THE VOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL (BIGVILLAGEINFO@RA.KROLL.COM) OR BY TELEPHONE AT (888) 819-5647 (DOMESTIC TOLL-FREE), +1 (646) 440-4398 (INTERNATIONAL, TOLL). DO NOT CONTACT THE VOTING AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE. THE VOTING AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

**NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS
IN THE COMBINED DISCLOSURE STATEMENT AND PLAN**

8. PLEASE BE ADVISED THAT THE COMBINED DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, INCLUDING THE FOLLOWING:

Section 14.1(a) contains the following exculpation provision:

**Exculpation and Limitation of Liability. Notwithstanding any other provision of the Plan, the Exculpated Parties shall not have or incur any liability to, or be subject to any right of action by, any Holder of a Claim or an Interest, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or agents omission relating to, in any way, or arising from (i) the Chapter 11 Cases, (ii) formulating, negotiating or implementing the combined Disclosure Statement and Plan or any contract, instrument, release or other agreement or document created or entered into in connection with the combined Disclosure Statement and Plan; (iii) the Sales; (iv) any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring, sale or liquidation of the Debtors; (v) the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, the Confirmation of the Plan, the Consummation of the Plan or (vi) the administration of the Plan or the property to be distributed under the Plan, except for their gross negligence or willful misconduct as determined by a Final Order, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations and any other applicable law or rules protecting the Exculpated Parties from liability. The Confirmation Order shall serve as a permanent injunction against any Entity seeking to enforce any claim or cause of action against the Exculpated Parties that has been exculpated pursuant to Section 14.1(a) of the Plan.**

Section 14(b) contains the following consensual releases by the Debtors:

**Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, for good and valuable consideration, each of the Debtors, on their own behalf and as a representative of their respective Estates, shall, and shall be deemed to, completely and forever release, waive, void, extinguish and discharge unconditionally, each and all of the Released Parties of and from any and all Claims, Causes of Action, obligations, suits, judgments, damages, debts, rights, remedies and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or Contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are or may be based in whole or part on any act, omission, transaction, event or other circumstance taking place or existing on or prior to the Effective Date (including prior to the Petition Date) in connection with or related to any of the Debtors, their respective Assets, the Estates, the Chapter 11 Cases, the Prepetition Facility Documents, any of the Debtors' in- or out-of-court restructuring efforts, or the combined Plan and Disclosure Statement, that may be asserted by or on behalf of any of the Debtors or their respective Estates, against any of the Released Parties.**

Section 14.1(c) contains the following consensual releases by Holders of Claims and Interests:

**As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to forever release, waive and discharge the Released Parties of all claims, obligations, suits, judgments, damages, demands, debts, rights, remedies, causes of action and liabilities of any nature whatsoever in connection with or related to any of the Debtors, their respective Assets, the Estates, the Chapter 11 Cases, the Prepetition Facility Documents, any of the Debtors' in- or out-of-court restructuring efforts, or the combined Plan and Disclosure Statement, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or hereafter arising, in law, equity, or otherwise that are or may be based in whole or in part upon any act, omission, transaction, event, or other occurrence taking place or existing on or prior to the Effective Date (other than the rights of Holders of Allowed Claims to enforce the obligations under the Confirmation Order and the Plan); provided, however, that nothing in this section shall operate as a release, waiver or discharge of (i) any causes of action or liabilities unknown to such Entity as of the Petition Date arising out of gross negligence, willful misconduct, fraud, (ii) any obligations of the Debtors, Estates, or the Plan Administrator under the Plan arising from and after the Effective Date, or (iii) criminal acts of any such Released Party as determined by a Final Order.**

Section 14(d) contains the following non-discharge of the Debtors and Injunction provision:

**Non-Discharge of the Debtors; Injunction.** In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors. Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors. As such, no Entity holding a Claim against the Debtors may receive any payment from, or seek recourse against, any assets that are to be distributed under the Plan other than assets required to be distributed to that Entity under the Plan. All parties are precluded from asserting against any property to be distributed under the Plan any Claims, rights, Causes of Action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.

**Except as otherwise expressly provided for in the Plan or in obligations issued pursuant to the Plan, all Entities are permanently enjoined, on and after the Effective Date, on account of any Claim or Interest, from: (1) commencing or continuing in any manner any action or other proceeding of any kind against any of the Estates, the Plan Administrator, their successors and assigns, and any of their assets and properties; (2) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against any Estate, the Plan Administrator, their successors and assigns, and any of their assets and properties; (3) creating, perfecting or enforcing any encumbrance of any kind against any Estate, the Plan Administrator, their successors and assigns, and any of their assets and properties; (4) asserting any right of setoff or subrogation of any kind against any obligation due from any Estate, the Plan Administrator or their successors and assigns, or against any of their assets and properties, except to the extent a right to setoff or subrogation is asserted with respect to a timely filed proof of Claim; or (5) commencing or continuing in any manner any action or other proceeding of any kind in respect of any Claim or Interest or Cause of Action released under Article XIV of the Plan.**

**Any Entity injured by any willful violation of such injunction may seek actual damages and, in appropriate circumstances, may seek punitive damages from the willful violator.**

As defined in the Combined Disclosure Statement and Plan:

**"Exculpated Parties"** means, in each of their capacities as such, (a) the Debtors, (b) the Committee, and (c) and each of the foregoing's respective Related Parties.

**"Released Parties"** means (a) the Debtors and the Estates, (b) the Prepetition Agent, (c) the Prepetition Lenders, (d) the Plan Administrator, (e) Lake Capital, (f) the Committee and its members, and (g) with respect to each of the foregoing, their Related Parties, provided, however, that Released Parties shall exclude any of the foregoing parties that makes a Release Opt-Out Election, unless otherwise ordered by the Bankruptcy Court.

**"Released Parties"** means (a) the Debtors and the Estates, (b) the Prepetition Agent, (c) the Prepetition Lenders, (d) the Plan Administrator, (e) Lake Capital, (f) the Committee and its members, and (g) with respect to each of the foregoing, their Related Parties, provided, however, that Released Parties shall exclude any of the foregoing parties that makes a Release Opt-Out Election, unless otherwise ordered by the Bankruptcy Court.

**"Releasing Parties"** means (a) all Holders of Claims or Interests who are Unimpaired, (b) the Committee and its members, (c) the Prepetition Lenders, (d) the Prepetition Agent, (e) all Holders of General Unsecured Claims, (f) Lake Capital, and (g) with respect to each of the foregoing, their Related Parties, provided, however, that Releasing Parties shall exclude any of the foregoing parties that makes a Release Opt-Out Election, unless otherwise ordered by the Bankruptcy Court.

**"Release Opt-Out Election"** means the timely election to "opt out" of being a Releasing Party by (a) submitting a Ballot by the Voting Deadline that (i) does not vote to accept the Plan and (ii) selecting the option set forth on the Ballot to not grant the releases set forth in Section 14.1(c) of this Plan, or (b) Filing a written objection to the releases set forth in Section 14.1(c) of this Plan by the objection deadline established by the Solicitation Procedures Order, unless otherwise ordered by the Bankruptcy Court.

**OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN SECTION 14.1 OF THE COMBINED DISCLOSURE STATEMENT AND PLAN. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**PLEASE READ THE PRECEDING VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1, 2, 3 (IF APPLICABLE) AND 4.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Voting Amount.** The undersigned certifies that, as of July 5, 2023, the undersigned was a Holder of a Class 3 Prepetition Loan Secured Claims in the amount set forth below:[4]

Voting Amount: _____

Debtor: _____

**Item 2. Vote on Plan.** The undersigned Holder of the Claim identified in Item 1 hereby votes to (check <u>one</u> box only):

☐ **Accept** the Combined Disclosure Statement and Plan    ☐ **Reject** the Combined Disclosure Statement and Plan

**You are consenting to the releases set forth in Section 14.1(c) of the Combined Disclosure Statement and Plan and the related injunction to the fullest extent permitted by applicable law if you (i) vote to accept the Combined Disclosure Statement and Plan, (ii) vote to reject the Combined Disclosure Statement and Plan <u>and</u> do not check the box in Item 3 below electing not to grant the releases in Section 14.1(c), or (iii) do note vote to accept or reject the Combined Disclosure Statement and Plan and do not check the box in item 3 below electing not to grant the releases in section 14.1 (c).**

**Item 3. (ONLY APPLICABLE IF VOTED TO REJECT THE COMBINED DISCLOSURE STATEMENT AND PLAN) Release Opt-Out Election.**

If you voted to reject the Combined Disclosure Statement and Plan, check this box if you elect **<u>not</u>** to grant the releases contained in Section 14.1(c) of the Combined Disclosure Statement and Plan.  Election to withhold consent is at your option.  **If you exercise your right to not grant the releases by checking the box below, you <u>will not</u> be a Released Party.**  If you submit your Ballot without this box checked, you will be deemed to consent to the releases set forth in Section 14.1(c) of the Combined Disclosure Statement and Plan and the related injunction to the fullest extent permitted by applicable law.

☐ **The undersigned elects <u>not</u> to grant the releases contained in Section 14.1(c) of the Combined Disclosure Statement and Plan.**

**Item 4. Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Combined Disclosure Statement and Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Combined Disclosure Statement and Plan on behalf of the claimant.  The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Combined Disclosure Statement and Plan or indicates both acceptance and rejection of the Combined Disclosure Statement and Plan will not be counted for voting purposes.

_____            _____
Name of Creditor                                                      Telephone Number

_____            _____
Signature                                                                   Email Address

_____
If by Authorized Agent, Name and Title

_____            _____
Name of Institution                                                  Date Completed

_____
Street Address

_____
City, State, Zip Code

---

[4] For voting purposes only, subject to tabulation rules. For the avoidance of doubt, this amount only reflects the outstanding principal amount owed to each Prepetition Lender under the Prepetition Financing Documents as of the Petition Date, and does not include any interest, fees, and other additional amounts that are owing under the Prepetition Financing Documents.

5

**EXHIBIT 1-B**

**Class 4 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Big Village Holding LLC, *et al.*,[1] | Case No. 23-10174 (CTG) |
| Debtors. | (Jointly Administered) |

**CLASS 4 (GENERAL UNSECURED CLAIMS) BALLOT FOR VOTING TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN OF BIG VILLAGE HOLDING, LLC AND ITS AFFILIATED DEBTORS AND THIRD PARTY RELEASES**

> **TO BE COUNTED, YOUR VOTE (WHETHER THROUGH "E-BALLOT" OR "PAPER BALLOT" AS DEFINED BELOW) MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING AGENT BY THE VOTING DEADLINE OF AUGUST 15, 2023, AT 4:00 P.M. (PREVAILING EASTERN TIME).**

This ballot (the "**Ballot**") is being submitted to you by the above captioned debtors and debtors in possession (collectively, the "**Debtors**") to solicit your vote to accept or reject the *Combined Disclosure Statement and Joint Chapter 11 Plan of Big Village Holding, LLC and Its Affiliated Debtors* [D.I. [●]] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "**Combined Disclosure Statement and Plan**").[2] Copies of the Combined Disclosure Statement and Plan may be obtained free of charge on the dedicated webpage of Kroll Restructuring Associates, LLC (the "**Voting Agent**") at https://cases.ra.kroll.com/BigVillage/ or upon request to the Voting Agent by (i) telephone at (888) 819-5647 (domestic toll-free), +1 (646) 440-4398 (international, toll), or (ii) email at BigVillageInfo@ra.kroll.com (with "Big Village Solicitation" in the subject line).[3]

The Combined Disclosure Statement and Plan can be confirmed by the Bankruptcy Court and, thereby, made binding on you if it is accepted by the Holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each Impaired Class who vote on the Combined Disclosure Statement and Plan and if the Combined Disclosure Statement and Plan otherwise satisfies the applicable requirements of Bankruptcy Code section 1129(a). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Combined Disclosure Statement and Plan if it finds that the Combined Disclosure Statement and Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Combined Disclosure Statement and Plan and (ii) otherwise satisfies the requirements of Bankruptcy Code section 1129(b).

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**

1. For your vote to count, you must:

    a. Submit your Ballot by *<u>one</u>* of the following methods:

    i. Completing, executing, and submitting this paper Ballot ("**Paper Ballot**") in the return envelope provided or by mail, overnight courier, or hand delivery to the following address:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Big Village Holding LLC (6595); Big Village Group Holdings LLC (5882); Big Village Group Inc. (6621); Big Village Insights, Inc. (8960); Big Village Media LLC (7288); EMX Digital, Inc. (5543); Big Village USA Corporation, Inc. (3414); Big Village Agency, LLC (0767); Balihoo, Inc. (9666); Deep Focus, Inc. (8234); and Trailer Park Holdings Inc. (1447). The Debtors' service address is 301 Carnegie Center, Suite 301, Princeton, NJ 80540.

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Combined Disclosure Statement and Plan.

[3] Copies of the Combined Disclosure Statement and Plan are also available for a fee on the Bankruptcy Court's website, www.deb.uscourts.gov (a PACER account is required).

30517852.2

**If by first class mail hand delivery or overnight mail, to**:
Big Village Holding LLC, et al. Balloting Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**To arrange hand delivery of your Paper Ballot, please send an email to BigVillageBallots@ra.kroll.com (with "Big Village Ballot Submission" in the subject line) at least 24 hours before your arrival at the address above and provide the expected date and time of your delivery.**

**or**

ii. Submitting an electronic Ballot (an "**E-Ballot**") through the Voting Agent's dedicated, E-Ballot portal (the "**E-Balloting Portal**"). To submit your Ballot through the E-Balloting Portal, visit https://cases.ra.kroll.com/BigVillage/Home-Index click on the "Submit E-Ballot" section of the website and follow the instructions to submit your E-Ballot.

- IMPORTANT NOTE: You will need the following information to retrieve and submit your customized Electronic Ballot:

  Unique E-Ballot ID#:_____

- Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of E-Ballot. Please complete and submit an E- Ballot for each E-Ballot ID# you receive, as applicable. If you submit an E-Ballot, you should NOT also submit a Paper Ballot.

- The E-Balloting Portal is the sole manner in which Ballots will be accepted by electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

**If you are casting a Ballot using the E-Ballot Portal you should NOT also submit a paper Ballot.**

b. If appropriate, in the box provided in item 3 indicate if you opt out of the release provisions.

c. In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Combined Disclosure Statement and Plan by checking the appropriate box;

d. Review and sign the acknowledgements in Item 4 of the Ballot. Please be sure to sign and date your Ballot. Your signature is required for your vote to be counted. For the avoidance of doubt, a properly submitted E-Ballot will be deemed to include a valid signature. If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing. If the Prepetition Loan Secured Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

e. **Return your Ballot (whether by E-Ballot or by Paper Ballot) so it is *received* by the Voting Agent on or before the Voting Deadline approved by the Bankruptcy Court, August 15, 2023 at 4:00 p.m. (prevailing Eastern Time)**. If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Debtors' discretion. If neither the "accept" nor "reject" box is checked or if both boxes are checked in Item 2 for an otherwise properly completed, executed, and timely returned Ballot, the Ballot will not be counted for voting purposes.

2. If you voted to reject the Combined Disclosure Statement and Plan or did not vote, review the opt-out election disclosure in Item 3, and determine whether to opt out of the release provisions contained in Section 14.1(c) of the Combined Disclosure Statement and Plan by checking the box in Item 3. Electing to opt out of such release provisions by checking the box in Item 3 will result in you <u>NOT</u> being a Released Party.

3. You must vote all your Claims within a single Class under the Combined Disclosure Statement and Plan either to accept or reject the Combined Disclosure Statement and Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Combined Disclosure Statement and Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject Combined Disclosure Statement and Plan likewise will not be counted.

4. The Ballot does not constitute and will not be deemed a proof of Claim or an assertion of a Claim or Interest.

5. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

6. NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7. PLEASE RETURN YOUR BALLOT PROMPTLY. THE VOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL (BIGVILLAGEINFO@RA.KROLL.COM) OR BY TELEPHONE AT (888) 819-5647 (DOMESTIC, TOLL-FREE), (646) 440-4398 (INTERNATIONAL, TOLL). DO NOT CONTACT THE VOTING AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE. THE VOTING AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

**NOTICE REGARDING CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS
IN THE COMBINED DISCLOSURE STATEMENT AND PLAN**

8. PLEASE BE ADVISED THAT THE COMBINED DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, INCLUDING THE FOLLOWING:

Section 14.1(a) contains the following exculpation provision:

**Exculpation and Limitation of Liability. Notwithstanding any other provision of the Plan, the Exculpated Parties shall not have or incur any liability to, or be subject to any right of action by, any Holder of a Claim or an Interest, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or agents omission relating to, in any way, or arising from (i) the Chapter 11 Cases, (ii) formulating, negotiating or implementing the combined Disclosure Statement and Plan or any contract, instrument, release or other agreement or document created or entered into in connection with the combined Disclosure Statement and Plan; (iii) the Sales; (iv) any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring, sale or liquidation of the Debtors; (v) the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, the Confirmation of the Plan, the Consummation of the Plan or (vi) the administration of the Plan or the property to be distributed under the Plan, except for their gross negligence or willful misconduct as determined by a Final Order, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations and any other applicable law or rules protecting the Exculpated Parties from liability. The Confirmation Order shall serve as a permanent injunction against any Entity seeking to enforce any claim or cause of action against the Exculpated Parties that has been exculpated pursuant to Section 14.1(a) of the Plan.**

Section 14(b) contains the following consensual releases by the Debtors:

**Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, for good and valuable consideration, each of the Debtors, on their own behalf and as a representative of their respective Estates, shall, and shall be deemed to, completely and forever release, waive, void, extinguish and discharge unconditionally, each and all of the Released Parties of and from any and all Claims, Causes of Action, obligations, suits, judgments, damages, debts, rights, remedies and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or Contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are or may be based in whole or part on any act, omission, transaction, event or other circumstance taking place or existing on or prior to the Effective Date (including prior to the Petition Date) in connection with or related to any of the Debtors, their respective Assets, the Estates, the Chapter 11 Cases, the Prepetition Facility Documents, any of the Debtors' in- or out-of-court restructuring efforts, or the combined Plan and Disclosure Statement, that may be asserted by or on behalf of any of the Debtors or their respective Estates, against any of the Released Parties.**

Section 14.1(c) contains the following consensual releases by Holders of Claims and Interests:

**As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to forever release, waive and discharge the Released Parties of all claims, obligations, suits, judgments, damages, demands, debts, rights, remedies, causes of action and liabilities of any nature whatsoever in connection with or related to any of the Debtors, their respective Assets, the Estates, the Chapter 11 Cases, the Prepetition Facility Documents, any of the Debtors' in- or out-of-court restructuring efforts, or the combined Plan and Disclosure Statement, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or hereafter arising, in**

3

Class 4 Ballot
30517852.2

law, equity, or otherwise that are or may be based in whole or in part upon any act, omission, transaction, event, or other occurrence taking place or existing on or prior to the Effective Date (other than the rights of Holders of Allowed Claims to enforce the obligations under the Confirmation Order and the Plan); provided, however, that nothing in this section shall operate as a release, waiver or discharge of (i) any causes of action or liabilities unknown to such Entity as of the Petition Date arising out of gross negligence, willful misconduct, fraud, (ii) any obligations of the Debtors, Estates, or the Plan Administrator under the Plan arising from and after the Effective Date, or (iii) criminal acts of any such Released Party as determined by a Final Order.

Section 14(d) contains the following non-discharge of the Debtors and Injunction provision:

**Non-Discharge of the Debtors; Injunction. In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors. Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors. As such, no Entity holding a Claim against the Debtors may receive any payment from, or seek recourse against, any assets that are to be distributed under the Plan other than assets required to be distributed to that Entity under the Plan. All parties are precluded from asserting against any property to be distributed under the Plan any Claims, rights, Causes of Action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Plan or the Confirmation Order.**

**Except as otherwise expressly provided for in the Plan or in obligations issued pursuant to the Plan, all Entities are permanently enjoined, on and after the Effective Date, on account of any Claim or Interest, from: (1) commencing or continuing in any manner any action or other proceeding of any kind against any of the Estates, the Plan Administrator, their successors and assigns, and any of their assets and properties; (2) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against any Estate, the Plan Administrator, their successors and assigns, and any of their assets and properties; (3) creating, perfecting or enforcing any encumbrance of any kind against any Estate, the Plan Administrator, their successors and assigns, and any of their assets and properties; (4) asserting any right of setoff or subrogation of any kind against any obligation due from any Estate, the Plan Administrator or their successors and assigns, or against any of their assets and properties, except to the extent a right to setoff or subrogation is asserted with respect to a timely filed proof of Claim; or (5) commencing or continuing in any manner any action or other proceeding of any kind in respect of any Claim or Interest or Cause of Action released under Article XIV of the Plan.**

**Any Entity injured by any willful violation of such injunction may seek actual damages and, in appropriate circumstances, may seek punitive damages from the willful violator.**

As defined in the Combined Disclosure Statement and Plan:

**"Exculpated Parties"** means, in each of their capacities as such, (a) the Debtors, (b) the Committee, and (c) and each of the foregoing's respective Related Parties.

**"Released Parties"** means (a) the Debtors and the Estates, (b) the Prepetition Agent, (c) the Prepetition Lenders, (d) the Plan Administrator, (e) Lake Capital, (f) the Committee and its members, and (g) with respect to each of the foregoing, their Related Parties, provided, however, that Released Parties shall exclude any of the foregoing parties that makes a Release Opt-Out Election, unless otherwise ordered by the Bankruptcy Court.

**"Releasing Parties"** means (a) all Holders of Claims or Interests who are Unimpaired, (b) the Committee and its members, (c) the Prepetition Lenders, (d) the Prepetition Agent, (e) all Holders of General Unsecured Claims, (f) Lake Capital, and (g) with respect to each of the foregoing, their Related Parties, provided, however, that Releasing Parties shall exclude any of the foregoing parties that makes a Release Opt-Out Election, unless otherwise ordered by the Bankruptcy Court.

**"Release Opt-Out Election"** means the timely election to "opt out" of being a Releasing Party by (a) submitting a Ballot by the Voting Deadline that (i) does not vote to accept the Plan and (ii) selecting the option set forth on the Ballot to not grant the releases set forth in Section 14.1(c) of this Plan, or (b) Filing a written objection to the releases set forth in Section 14.1(c) of this Plan by the objection deadline established by the Solicitation Procedures Order, unless otherwise ordered by the Bankruptcy Court.

**OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN SECTION 14.1 OF THE COMBINED DISCLOSURE STATEMENT AND PLAN. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

> PLEASE COMPLETE ITEMS 1, 2, 3 (IF APPLICABLE) AND 4.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Voting Amount.** The undersigned certifies that, as of July 5, 2023, the undersigned was a Holder of a Class 4 General Unsecured Claims in the amount set forth below:[4]

Voting Amount: _____

Debtor: _____

**Item 2. Vote on Plan.** The undersigned Holder of the Claim identified in Item 1 hereby votes to (check <u>one</u> box only):

☐ **Accept** the Combined Disclosure Statement and Plan     ☐ **Reject** the Combined Disclosure Statement and Plan

**You are consenting to the releases set forth in Section 14.1(c) of the Combined Disclosure Statement and Plan and the related injunction to the fullest extent permitted by applicable law if you (i) vote to accept the Combined Disclosure Statement and Plan, (ii) vote to reject the Combined Disclosure Statement and Plan <u>and</u> do not check the box in Item 3 below electing not to grant the releases in Section 14.1(c), or (iii) do note vote to accept or reject the Combined Disclosure Statement and Plan and do not check the box in item 3 below electing not to grant the releases in section 14.1 (c).**

**Item 3. (ONLY APPLICABLE IF VOTED TO REJECT THE COMBINED DISCLOSURE STATEMENT AND PLAN) Release Opt-Out Election.**

If you voted to reject the Combined Disclosure Statement and Plan, check this box if you elect **<u>not</u>** to grant the releases contained in Section 14.1(c) of the Combined Disclosure Statement and Plan.  Election to withhold consent is at your option.  **If you exercise your right to not grant the releases by checking the box below, you <u>will not</u> be a Released Party.**  If you submit your Ballot without this box checked, you will be deemed to consent to the releases set forth in Section 14.1(c) of the Combined Disclosure Statement and Plan and the related injunction to the fullest extent permitted by applicable law.

☐ **The undersigned elects <u>not</u> to grant the releases contained in Section 14.1(c) of the Combined Disclosure Statement and Plan.**

**Item 4. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Combined Disclosure Statement and Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Combined Disclosure Statement and Plan on behalf of the claimant.  The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Combined Disclosure Statement and Plan or indicates both acceptance and rejection of the Combined Disclosure Statement and Plan will not be counted for voting purposes.

_____     _____
Name of Creditor                                         Telephone Number

_____     _____
Signature                                                        Email Address

_____
If by Authorized Agent, Name and Title

_____     _____
Name of Institution                                      Date Completed

_____
Street Address

_____
City, State, Zip Code

---

[4] For voting purposes only, subject to tabulation rules.

# EXHIBIT 2

**Confirmation Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Big Village Holding LLC, *et al.*,[1] | Case No. 23-10174 (CTG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF:**

**(I)** **DEADLINES FOR FILING REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS ARISING AFTER THE PETITION DATE THROUGH AND INCLUDING [DATE];**

**(II)** **APPROVAL OF COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; AND**

**(III)** **THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On February 8, 2023 (the "**Petition Date**"), the above-captioned debtors and debtors-in-possession (the "**Debtors**") filed voluntary petitions for relief under title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

**I.** **DEADLINES FOR FILING CERTAIN PROOFS OF CLAIM AGAINST THE DEBTORS**

1. On [DATE], the Court entered an order (the "**Solicitation Procedures Order**"),[2] which, among other things, established a certain date by which parties holding claims under Bankruptcy Code sections 503(b) and 507(a)(2) (each, an "**Administrative Claim**") for the actual and necessary costs and expenses, incurred after the Petition Date through [DATE], of preserving the Debtors' estates and operating the Debtors' businesses (such as amounts outstanding, if any, for goods and services provided to the Debtors during such time period by the Debtors' employees and vendors) must file a request for allowance of such Administrative Claims (each, an "**Administrative Claim Form**").

2. As used in this Notice, (i) the term "person or entity" shall include, without limitation, individuals, partnerships, corporations, joint ventures, and trusts and (ii) the term "claim" means, as to or against the Debtors and in accordance with Bankruptcy Code section 101(5): (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

3. **Initial Administrative Claim Bar Date**. All claimants holding Administrative Claims (excluding Professional Fee Claims) against the Debtors' estates arising after the Petition Date through and including July 10, 2023 (an "**Initial Administrative Claim**") must file an Administrative Claim Form in respect of such claim so that it is received on or before **August 15, 2023 at 5:00 p.m. (prevailing Eastern Time)** (the "**Initial Administrative Claim Bar Date**").

4. **WHO MUST FILE**. You MUST file an Administrative Claim Form to share in distributions from the Debtors' bankruptcy estates if you have an Initial Administrative Claim and it is not one of the types of claims described in Section 7 below. **DO NOT FILE AN ADMINISTRATIVE CLAIM FORM UNLESS YOU HAVE AN INITIAL ADMINISTRATIVE CLAIM AGAINST ONE OR MORE DEBTORS.**

5. **A CLAIMANT SHOULD CONSULT HIS OR HER ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE AN ADMINISTRATIVE CLAIM FORM. NONE OF THE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Big Village Holding LLC (6595); Big Village Group Holdings LLC (5882); Big Village Group Inc. (6621); Big Village Insights, Inc. (8960); Big Village Media LLC (7288); EMX Digital, Inc. (5543); Big Village USA Corporation, Inc. (3414); Big Village Agency, LLC (0767); Balihoo, Inc. (9666); Deep Focus, Inc. (8234); and Trailer Park Holdings Inc. (1447). The Debtors' service address is 301 Carnegie Center, Suite 301, Princeton, NJ 80540.

[2] Capitalized terms used herein shall have the meanings ascribed to them in the Solicitation Procedures Order or the Combined Disclosure Statement and Plan.

**DEBTORS' ATTORNEYS, KROLL, THE CLERK OF THE COURT, OR THE U.S. TRUSTEE CAN ADVISE A CLAIMANT WHETHER A CLAIMANT SHOULD FILE A CLAIM.**

6. **WHO NEED NOT FILE**. Certain parties are not required to file Administrative Claim Forms. The Court may, however, enter one or more separate orders at a later time requiring creditors to file Administrative Claim Forms for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of such order. The following need **not** file Proofs of Claims or Administrative Claim Forms:

   a. any entity holding an Administrative Claim arising after [DATE];[3]

   b. any person or entity that already has filed a request for allowance of an Initial Administrative Claim with the Clerk of the Court or Kroll;

   c. any entity whose Claim has previously been allowed by order of the Court;

   d. any entity whose Claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

   e. any entity whose Claim is solely against any of the Debtors' non-Debtor affiliates;

   f. any entity holding a Claim for which a separate deadline to file a Proof of Claim has been fixed previously by the Court;

   g. any Holder of a Claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930 or accrued interest thereon arising under 31 U.S.C. § 3717;

   h. any entity holding a Professional Fee Claim;

   i. any member of the Committee for reimbursement of expenses incurred in connection with the member's service on the Committee; and

   j. any Debtor having a Claim against another Debtor.

7. **WHAT TO FILE.**

   a. **Forms**. Administrative Claim Forms may be obtained free of charge at Kroll's website (https://cases.ra.kroll.com/bigvillage/EPOC-Index) or upon request to Kroll by (i) telephone at (888) 819-5647 (domestic, toll-free) or +1 (646) 440-4398 (international, toll) or (ii) email at bigvillageinfo@ra.kroll.com (with "Big Village Claims" in the subject line).

   b. **Contents**. Each request for allowance of an Administrative Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Administrative Claim Form provided by the Debtors; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

   c. **Identification of Applicable Debtor**. Each Administrative Claim Form must state a claim against **only one** Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the Administrative Claim Form, as applicable, such claim may be treated as if filed only against the first-listed Debtor. An Administrative Claim Form filed under the joint administration case number (No. 23-10174), or otherwise without identifying a specific Debtor, will be deemed as filed only against Big Village Holding LLC.

8. **WHEN AND WHERE TO FILE.** Administrative Claim Forms must be filed either (1) electronically via the interface provided on Kroll's website at https://cases.ra.kroll.com/bigvillage/EPOC-Index (the "**Electronic Filing System**") or (2) by delivering the original Administrative Claim Form by hand, or sending the original Administrative Claim Form by overnight courier, hand delivery or first class mail, on or before the Initial Administrative Bar Date, to:

**If by first class mail hand delivery or overnight mail, to:**
Big Village Holding LLC Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

An Administrative Claim Form will be deemed timely filed only if it is **actually received** by Kroll on or before the Initial Administrative Claim Bar Date (1) at the address listed above or (2) electronically through the Electronic Filing System. Administrative Claim Forms

---

[3] Subject to Court approval, the deadline for filing a request for allowance of an administrative claim arising after [DATE] will be set forth in the Effective Date Notice.

30517852.2

sent by facsimile, telecopy, or electronic mail transmission (other than those filed electronically through the Electronic Filing System) **will not** be accepted.

9. **CONSEQUENCES OF FAILURE TO TIMELY FILE A CLAIM**. ANY HOLDER OF AN INITIAL ADMINISTRATIVE CLAIM, OTHER THAN THOSE HOLDERS SET FORTH IN SECTION 6 ABOVE, THAT FAILS TO TIMELY FILE AN ADMINISTRATIVE CLAIM FORM IN THE APPROPRIATE FORM BY THE INITIAL ADMINISTRATIVE CLAIM BAR DATE MAY NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM, PARTICIPATE IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM, OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

10. **Reservation of Rights**. The Debtors reserve all rights and defenses with respect to any Administrative Claim Form, including, among other things, the right to object to any Administrative Claim Form on any grounds.

11. **Additional Information**. If you require additional information regarding the filing of an Administrative Claim Form, you may contact Kroll by (i) telephone at (888) 819-5647 (domestic, toll-free) or +1 (646) 440-4398 (international, toll) or (ii) email at bigvillageinfo@ra.kroll.com (with "Big Village Claims" in the subject line).

## II. APPROVAL OF COMBINED DISCLOSURE STATEMENT AND PLAN ON AN INTERIM BASIS

12. Pursuant to the Solicitation Procedures the Court approved the *Combined Disclosure Statement and Joint Chapter 11 Plan of Big Village Holding LLC and Its Affiliated Debtors* (as may be amended, modified, or supplemented from time to time, the "**Combined Disclosure Statement and Plan**") on an interim basis for solicitation purposes only.

**Copies of the Combined Disclosure Statement and Plan, the Solicitation Procedures, and all other documents filed in the Chapter 11 Cases may be obtained and reviewed without charge at https://cases.ra.kroll.com/BigVillage/, or upon request to Kroll by (i) telephone at (888) 819-5647 (domestic, toll-free), or +1 (646) 440-4398 (international, toll), or (ii) email at BigVillageInfo@ra.kroll.com (with "Big Village Solicitation" in the subject line).**

## III. THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE COMBINED DISCLOSURE STATEMENT AND PLAN AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND PLAN

13. **Confirmation Hearing**. A combined hearing (the "**Confirmation Hearing**") to consider (a) final approval of the Combined Disclosure Statement and Plan as containing adequate information within the meaning of Bankruptcy Code section 1125 and (b) confirmation of the Combined Disclosure Statement and Plan will be held before the Craig T. Goldblatt, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 3rd Floor, Courtroom #7, 824 North Market Street, Wilmington, Delaware 19801, on **August 24, 2023 at 1:00 p.m. (prevailing Eastern Time)**. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors in open court of the adjourned date at the Confirmation Hearing or any continued hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Cases.

14. **Voting Deadline**. Only holders of Prepetition Loan Secured Claims in Class 3 and General Unsecured Claims in Class 4 are entitled to vote to accept or reject the Combined Disclosure Statement and Plan. The deadline for the submission of such votes is **August 15, 2023 at 4:00 p.m.** (prevailing Eastern Time).

15. **Parties Not Entitled to Vote**. Holders of Unimpaired Claims in Class 1 (Priority Non-Tax Claims), Class 2 (Other Secured Claims), will be paid in full and are deemed to accept the Combined Disclosure Statement and Plan. Holders of Claims or interests in Class 5 (Intercompany Claims) and Class 6 (Interests), Impaired/Unimpaired Claims, are deemed to either accept or reject the plan and are not entitled to vote. In accordance with Bankruptcy Code section 1123(a)(1), Administrative Claims and Priority Tax Claims, as described in the Combined Disclosure Statement and Plan, have not been classified and, therefore, Holders of such Claims are not entitled to vote to accept or reject the Combined Disclosure Statement and Plan. The respective treatment of such unclassified Claims is set forth in Article VII of the Combined Disclosure Statement Plan.

16. **Objections to Confirmation**. Objections to confirmation of the Combined Disclosure Statement and Plan, including any objection to the adequacy of the disclosures, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of such objection; and (d) be filed with the Court and served on the Notice Parties[4] so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on August 15, 2023**. Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

---

[4] The Notice Parties are: (i) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Michael R. Nestor (mnestor@ycst.com), Joseph M. Barry, Esq. (jbarry@ycst.com) and Joseph M. Mulvihill, Esq. (jmulvihill@ycst.com), (ii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn: Linda Richenderfer, Esq. (linda.richenderfer@usdoj.gov); (iii) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, Attn:

**PLEASE BE ADVISED THAT ARTICLE XIV OF THE COMBINED DISCLOSURE STATEMENT AND PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING:**

<u>Exculpation and Limitation of Liability</u>.  Notwithstanding any other provision of the Plan, the Exculpated Parties shall not have or incur any liability to, or be subject to any right of action by, any Holder of a Claim or an Interest, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or agents acting in such capacity, or Affiliates, or any of their successors or assigns, for any act or omission relating to, in any way, or arising from (i) the Chapter 11 Cases, (ii) formulating, negotiating or implementing the combined Disclosure Statement and Plan or any contract, instrument, release or other agreement or document created or entered into in connection with the combined Disclosure Statement and Plan; (iii) the Sales; (iv) any other postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring, sale or liquidation of the Debtors; (v) the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, the Confirmation of the Plan, the Consummation of the Plan or (vi) the administration of the Plan or the property to be distributed under the Plan, except for their gross negligence or willful misconduct as determined by a Final Order, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.  This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations and any other applicable law or rules protecting the Exculpated Parties from liability.  The Confirmation Order shall serve as a permanent injunction against any Entity seeking to enforce any claim or cause of action against the Exculpated Parties that has been exculpated pursuant to Section 14.1(a) of the Plan.

<u>Releases by the Debtors</u>.  Except as otherwise expressly provided in the Plan or the Confirmation Order, on the Effective Date, for good and valuable consideration, each of the Debtors, on their own behalf and as a representative of their respective Estates, shall, and shall be deemed to, completely and forever release, waive, void, extinguish and discharge unconditionally, each and all of the Released Parties of and from any and all Claims, Causes of Action, obligations, suits, judgments, damages, debts, rights, remedies and liabilities of any nature whatsoever, whether liquidated or unliquidated, fixed or Contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are or may be based in whole or in part on any act, omission, transaction, event or other circumstance taking place or existing on or prior to the Effective Date (including prior to the Petition Date) in connection with or related to any of the Debtors, their respective Assets, the Estates, the Chapter 11 Cases, the Prepetition Facility Documents, any of the Debtors' in- or out-of-court restructuring efforts, or the combined Plan and Disclosure Statement,  that may be asserted by or on behalf of any of the Debtors or their respective Estates, against any of the Released Parties.

<u>Consensual Party Releases by Certain Parties</u>.  As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties shall be deemed to forever release, waive and discharge the Released Parties of all claims, obligations, suits, judgments, damages, demands, debts, rights, remedies, causes of action and liabilities of any nature whatsoever in connection with or related to any of the Debtors, their respective Assets, the Estates, the Chapter 11 Cases, the Prepetition Facility Documents, any of the Debtors' in- or out-of-court restructuring efforts, or the combined Plan and Disclosure Statement, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or hereafter arising, in law, equity, or otherwise that are or may be based in whole or in part upon any act, omission, transaction, event, or other occurrence taking place or existing on or prior to the Effective Date (other than the rights of Holders of Allowed Claims to enforce the obligations under the Confirmation Order and the Plan); provided, however, that nothing in this section shall operate as a release, waiver or discharge of (i) any causes of action or liabilities unknown to such Entity as of the Petition Date arising out of gross negligence, willful misconduct, fraud, (ii) any obligations of the Debtors, Estates, or the Plan Administrator under the Plan arising from and after the Effective Date, or (iii) criminal acts of any such Released Party as determined by a Final Order.

> As defined in the Combined Disclosure Statement and Plan:

"**Exculpated Parties**" means, in each of their capacities as such, (a) the Debtors, (b) the Committee, and (c) and each of the foregoing's respective Related Parties.

"**Released Parties**" means (a) the Debtors and the Estates, (b) the Prepetition Agent, (c) the Prepetition Lenders, (d) Lake Capital, (e) the Committee and its members, and (f) with respect to each of the foregoing, their Related Parties, provided, however, that Released Parties shall exclude any of the foregoing parties that makes a Release Opt-Out Election, unless otherwise ordered by the Bankruptcy Court.

"**Releasing Parties**" means (a) all Holders of Claims who are Unimpaired, (b) the Committee and its members, (c) the Prepetition Lenders, (d) the Prepetition Agent, (e) all Holders of General Unsecured Claims, (f) Lake Capital, and (g) with respect to each of the foregoing, their Related Parties, provided, however, that Releasing Parties shall exclude any of the foregoing parties that makes a Release Opt-Out Election, unless otherwise ordered by the Bankruptcy Court.

"**Release Opt-Out Election**" means the timely election to "opt out" of being a Releasing Party by (a) submitting a Ballot by the Voting Deadline that (i) does not vote to accept the Plan and (ii) selecting the option set forth on the Ballot to not grant the releases set forth in Section 14.1(c) of this Plan, or (b) Filing a written objection to the releases set forth in Section 14.1(c) of this Plan by the objection deadline established by the Solicitation Procedures  Order, unless otherwise ordered  by the Bankruptcy Court.

**OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN SECTION 14.1 OF THE COMBINED DISCLOSURE STATEMENT AND PLAN.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED DISCLOSURE STATEMENT AND PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

Dated: [__], 2023
Wilmington, Delaware

*/s/ DRAFT*
_____
Michael R. Nestor (No. 3526)
Joseph Barry (No. 4221)
Joseph M. Mulvihill (No. 6061)
Heather P. Smillie (No. 6923)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
1000 N. King Street
Rodney Square
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
E-mails:  mnestor@ycst.com
   jbarry@ycst.com
   jmulvihill@ycst.com
   hsmillie@ycst.com

*Counsel to the Debtors and Debtors in Possession*

---

Jeffrey N. Pomerantz, Esq. (jpomerantz@pszjlaw.com); Maxim B. Litvak, Esq. (mlitvak@pszjlaw.com); and Steven V. Golden, Esq. (sgolden@pszjlaw.com).