## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Big Village Holding LLC, *et al.*,[1] | Case No. 23-10174 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 470** |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING AND CONFIRMING THE AMENDED COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN OF THE DEBTORS

Upon consideration of (a) the *Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Big Village Holding LLC and Its Affiliated Debtors* [D.I. 470] (as amended, modified, or supplemented, the "**Combined Disclosure Statement and Plan**" or the "**Plan**"),[2] attached hereto as **Exhibit A**, (b) the *Debtors' Motion for Entry of an Order (I) Approving the Combined Disclosure Statement and Plan on an Interim Basis for Solicitation Purposes Only; (II) Establishing Solicitation and Tabulation Procedures; (III) Approving the Form of Ballot and Solicitation Materials; (IV) Establishing the Voting Record Date; (V) Fixing the Date, Time, and Place for the Combined Hearing and the Deadline for Filing Objections Thereto; (VI) Establishing Bar Date for Filing Requests for Allowance of Initial Administrative Claims; and (VII) Granting Related Relief* [D.I. 344] (the "**Solicitation Motion**") filed by the above-captioned debtors and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Big Village Holding LLC (6595); Big Village Group Holdings LLC (5882); Big Village Group Inc. (6621); Big Village Insights, Inc. (8960); Big Village Media LLC (7288); EMX Digital, Inc. (5543); Big Village USA Corporation, Inc. (3414); Big Village Agency, LLC (0767); Balihoo, Inc. (9666); Deep Focus, Inc. (8234); and Trailer Park Holdings Inc. (1447). The Debtors' service address is 301 Carnegie Center, Suite 301, Princeton, NJ 80540.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan, unless otherwise noted.

debtors in possession (collectively, the "**Debtors**"), (c) the *Declaration of Zachary Rose in Support of Entry of Order Confirming Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Big Village Holding LLC and its Affiliated Debtors* [D.I. 478] (the "**Rose Declaration**"), (d) the *Memorandum of Law in Support of the Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Big Village Holding LLC and its Affiliated Debtors* [D.I. 479] (the "**Confirmation Memorandum**"), and (e) the *Declaration of Stanislav Kesler of Kroll Restructuring Administration LLC Regarding the Solicitation of Votes and Tabulation of Ballots Cast on the Combined Disclosure Statement and Joint Chapter 11 Plan of Big Village Holding LLC and its Affiliated Debtors* [D.I. 477] (the "**Voting Declaration**"); and this Court, by order dated July 12, 2023 [D.I. 383] (the "**Interim Approval and Procedures Order**"), having conditionally approved the Combined Disclosure Statement and Plan for solicitation purposes only, and authorized the Debtors to solicit acceptances for the Combined Disclosure Statement and Plan; and all objections and all reservations of rights that have not been withdrawn, waived, or settled pertaining to final approval and Confirmation of the Combined Disclosure Statement and Plan having been overruled on the merits; and a hearing having been held on August 24, 2023, regarding final approval and Confirmation of the Combined Disclosure Statement and Plan (the "**Confirmation Hearing**"); and upon the evidence adduced and proffered and the arguments of counsel made at or in connection with the Confirmation Hearing; and this Court having reviewed all documents in connection with Confirmation, and having heard all parties desiring to be heard with respect to Confirmation; and upon the record compiled in the Chapter 11 Cases; and after due deliberation and consideration of all of the foregoing; and sufficient cause appearing therefor; this Court hereby makes the following

**FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.      The findings and conclusions set forth herein and on the record of the Confirmation Hearing constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      This Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.  Venue of these proceedings and the Chapter 11 Cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. §157(b), and this Court may enter a final order hereon under Article III of the U.S. Constitution.

C.      This Court takes judicial notice of the docket in the Chapter 11 Cases maintained by the Clerk of the Bankruptcy Court and/or its duly appointed agent, including, without limitation, all pleadings, notices, and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at or in connection with the hearings held before this Court during the Chapter 11 Cases, including, without limitation, the hearing on the Solicitation Motion and the Confirmation Hearing.

D.      On June 10, 2023, the Debtors filed the initial version of the Combined Disclosure Statement and Plan [D.I. 343].  On June 12, 2023, the Debtors filed the solicitation version of the Combined Disclosure Statement and Plan [D.I. 344].  On August 21, 2023, the Debtors filed an amended version of the Combined Disclosure Statement and Plan.  The filing of

the Combined Disclosure Statement and Plan satisfies Bankruptcy Rule 3016 and Local Rule 3017-2.

E. As evidenced by the *Affidavit of Service of Solicitation Materials* [D.I. 428 & 457], on or before July 18, 2023, the Debtors caused the Ballots to be distributed as required by sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Local Rules, all other applicable provisions of the Bankruptcy Code, the Interim Approval and Procedures Order, and all other rules, laws, and regulations applicable to such solicitation. The Solicitation Packages (as defined in the Interim Approval and Procedures Order) were transmitted in accordance with the Interim Approval and Procedures Order. Sufficient time was provided for the Voting Classes (as defined in the Interim Approval and Procedures Order) to vote to accept or reject the Combined Disclosure Statement and Plan. Such transmittal and service was adequate and sufficient under the circumstances, and no other or further notice is or shall be required.

F. As evidenced by the *Affidavit of Service of Solicitation Materials* [D.I. 428], the Debtors have provided proper, adequate, and sufficient notice of the Combined Disclosure Statement and Plan and Confirmation Hearing, as required by Bankruptcy Rule 3017(d), to all Holders of Claims and Interests and all other parties in interest, and no other or further notice is or shall be required. Sufficient time was provided to all Holders of Claims and Interests and all other parties in interest to object to Confirmation of the Combined Disclosure Statement and Plan.

G. The solicitation of acceptance or rejection of the Combined Disclosure Statement and Plan has been fair, properly conducted, in good faith, and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Approval and Procedures Order, and all other rules, laws, and regulations applicable to such solicitation.

H.     The procedures by which the Ballots for acceptance or rejection of the Plan were distributed and tabulated, including as set forth in the Voting Declaration, under the circumstances of the Chapter 11 Cases were fair, properly conducted, in good faith, and complied with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable non-bankruptcy law, and the Interim Approval and Procedures Order.  As more fully set forth in the Voting Declaration, Class 3 of each Debtor voted to accept the Plan, and Class 4, which was consolidated for voting purposes, voted to accept the Plan.

I.     Prior to the Confirmation Hearing, the Debtors filed the Plan Supplement [D.I. 427].  The Plan Supplement complies with the terms of the Plan, and the filing and notice of the Plan Supplement was, under the circumstances of the Chapter 11 Cases, appropriate and complied with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Interim Approval and Procedures Order, and no other or further notice is or shall be required.  The Debtors are authorized to modify the Plan Supplement documents following entry of this Confirmation Order in a manner consistent with this Confirmation Order, the Plan, or applicable law.

J.     The Combined Disclosure Statement and Plan complies with all of the applicable provisions of the Bankruptcy Code including, but not limited to:  (a) the proper classification of Claims and Interests (sections 1122 and 1123(a)(1) of the Bankruptcy Code); (b) the specification of Unimpaired Classes (section 1123(a)(2) of the Bankruptcy Code); (c) the specification of treatment of Impaired Classes (section 1123(a)(3) of the Bankruptcy Code); (d) the provision for the equal treatment of each Claim or Interest within a particular Class (section 1123(a)(4) of the Bankruptcy Code); (e) the provision for adequate and proper means of implementation (section 1123(a)(5) of the Bankruptcy Code); (f) the prohibition against the

issuance of non-voting equity securities (section 1123(a)(6) of the Bankruptcy Code); (g) the manner of selection of the Plan Administrator (section 1123(a)(7) of the Bankruptcy Code); and (h) the inclusion of additional Plan provisions permitted to effectuate and implement the transactions contemplated by the Combined Disclosure Statement and Plan (section 1123(b) of the Bankruptcy Code). Thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(1) of the Bankruptcy Code.

K. Article IX of the Plan provides for the appointment of the Plan Administrator, who, as of the Effective Date, will serve as the sole officer and director of the Post-Effective Date Debtors and as the sole representative of the Estates, as provided for in the Combined Disclosure Statement Plan and the Plan Administration Agreement. The Plan Administrator will be empowered and directed to, among other things, implement the terms of the Combined Disclosure Statement and Plan and the Plan Administration Agreement, and otherwise wind down the Estates and administer the Plan Administration Assets, in accordance with the terms of the Combined Disclosure Statement and Plan and the Wind Down Budget incorporated therein, this Confirmation Order, and the Plan Administration Agreement. For the avoidance of doubt, the Plan Administration Assets shall include the Possessory Cash Collateral referenced in paragraph 3(d) of the Final Cash Collateral Order. Such Possessory Cash Collateral shall continue to be maintained by the Prepetition Agent, and upon and shortly after the Effective Date, be applied to satisfy Prepetition Loan Claims in accordance with the Prepetition Financing Documents. The foregoing is consistent with the interest of Holders of Claims and Interests and with public policy, and therefore, section 1123(a)(7) of the Bankruptcy Code is satisfied.

L. The Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class or Sub-Class, unless the Holder of a particular Claim or Interest

has agreed to a less favorable treatment of such Claim or Interest. Thus, section 1123(a)(4) of the Bankruptcy Code is satisfied.

M. The settlements and compromises pursuant to and in connection with the Combined Disclosure Statement and Plan, including, without limitation, the Global Settlement, comply with and satisfy the requirements of section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019. Accordingly, except as otherwise set forth in the Plan or herein, in consideration for the Distributions and other benefits provided for under the Plan, including, without limitation, the release and injunction provisions provided for in the Plan, the Plan shall constitute a good faith compromise and settlement of all Claims and controversies resolved pursuant to the Plan. Each component of the Global Settlement is an integral part of the development and implementation of the Combined Disclosure Statement and Plan and the Global Settlement.

N. Based upon the representations and arguments of counsel to the Debtors and other interested parties with respect to Confirmation, all other testimony either actually given or proffered in connection with Confirmation, including, without limitation, the Voting Declaration, the Rose Declaration, and the Confirmation Memorandum, other evidence introduced at or in connection with the Confirmation Hearing, and the full record of the Chapter 11 Cases, this Confirmation Order constitutes this Court's approval of the Global Settlement because, among other things: (a) the Global Settlement reflects a reasonable balance between the possible success of litigation with respect to each of the settled claims and disputes, on the one hand, and the benefits of consensually resolving such disputes and allowing the Debtors to liquidate and distribute their Assets and wind down the Chapter 11 Cases in a timely and efficient manner, as provided for in the Plan, on the other hand; (b) absent the Global Settlement, there is a substantial likelihood of

complex and protracted litigation over Confirmation, with the attendant risk, expense, inconvenience, and delay that has a possibility to derail the Debtors' liquidation and wind-down efforts; (c) the Global Settlement provides significant value to the Debtors' Estates, favorably resolves and avoids potential litigation at Confirmation, and enables the prompt and efficient wind down of the Debtors' Estates, and absent such settlement, there is a substantial likelihood that significantly less value would be available for Allowed Claims; (d) each of the parties supporting the Global Settlement is represented by counsel; (e) the Global Settlement is the product of significant arm's-length bargaining and good-faith negotiations among sophisticated parties; (f) the Global Settlement is in the best interests of the Debtors, their Estates, Holders of Claims and Interests, and other parties in interest, and is fair, equitable, and reasonable; and (g) due notice and an opportunity to object and be heard with respect thereto has been given to Holders of Claims and Interests and other parties in interest. Based on the foregoing, the Global Settlement satisfies the requirements of applicable Third Circuit law for approval of settlements and compromises pursuant to Bankruptcy Rule 9019 and in connection with Confirmation.

O.       This Court has jurisdiction under 28 U.S.C. §§ 1334(a) and (b), and the *Amended Standing Order of Reference* dated as of February 29, 2012, from the United States District Court, to approve the releases and exculpations set forth in Article XIV of the Combined Disclosure Statement and Plan, and the related injunctions provided for therein. Section 105(a) of the Bankruptcy Code permits approval of such releases, exculpations, and injunctions because, as has been established here, based upon the record in the Chapter 11 Cases and the evidence presented at or in connection with the Confirmation Hearing, such provisions set forth in Article XIV of the Combined Disclosure Statement and Plan are: (a) within the jurisdiction of this Court as set forth above; (b) an appropriate exercise of the Debtors' business judgment; (c) given

8

in exchange for the good and valuable consideration provided by the Debtors and the Estates, the Prepetition Agent, the Prepetition Lenders, Lake Capital, the Committee and its members, and with respect to each of the foregoing, their Related Parties (as defined in the Combined Disclosure Statement and Plan, the "**Released Parties**"); (d) a good faith settlement and compromise of the Claims and Causes of Action released by Article XIV of the Combined Disclosure Statement and Plan; (e) integral to the Global Settlement, and therefore essential to the formulation and implementation of the Plan; (f) in the best interests of the Debtors and their Estates; (g) fair, equitable, and reasonable; (h) given and made after due notice and an opportunity to object and be heard with respect thereto, as the Combined Disclosure Statement and Plan, the Confirmation Notice, and the Ballots each unambiguously state that (i) the Plan contains certain release, exculpation, and injunction provisions, and (ii) affected parties may object to such release, exculpation, and injunction provisions; (i) are consistent with sections 105, 524, 1123, 1129, and 1141 of the Bankruptcy Code and other applicable provisions of the Bankruptcy Code and applicable law; and (j) a bar to any Entity asserting any Claim or Cause of Action released or exculpated by Article XIV of the Combined Disclosure Statement and Plan, including a bar to any of the Releasing Parties asserting any released Claims or Causes of Action against any of the Released Parties, as and to the extent provided for in the Plan and this Confirmation Order.

P.     The releases in Article XIV of the Plan are consensual as they pertain to the Releasing Parties because they are given and made after due notice and an opportunity to object and be heard with respect thereto, as the Combined Disclosure Statement and Plan, the Confirmation Notice, and the Ballots each unambiguously state that (a) the Plan contains such releases, (b) affected parties may object to such releases, and (c) the Release Opt-Out Election may be exercised as provided for in the Plan.

Q.      In accordance with Bankruptcy Rule 3016(a), the Combined Disclosure Statement and Plan is dated and identifies the Debtors as the proponents thereof.

R.      As required by section 1129(a)(2) of the Bankruptcy Code, the Debtors, as proponents of the Combined Disclosure Statement and Plan, have complied with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Approval and Procedures Order, and all other rules, laws, and regulations applicable to such solicitation.  The Debtors are proper debtors under section 109 of the Bankruptcy Code and proper proponents of the Combined Disclosure Statement and Plan pursuant to section 1121(a) of the Bankruptcy Code.

S.      The Combined Disclosure Statement and Plan has been proposed in good faith and in compliance with applicable provisions of the Bankruptcy Code, and not by any means forbidden by law, thus satisfying section 1129(a)(3) of the Bankruptcy Code.

T.      Any payments made or promised by the Debtors for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Combined Disclosure Statement and Plan and incident to the Chapter 11 Cases, have been approved by, or are subject to approval of this Court as reasonable, thus satisfying section 1129(a)(4) of the Bankruptcy Code.

U.      The identity of, and the terms of the proposed compensation to be paid to, the Plan Administrator (a) have been disclosed in the Combined Disclosure Statement and Plan and the Plan Supplement, and (b) are consistent with the interests of Holders of Claims and Interests and with public policy, and thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

V.      The provisions of section 1129(a)(6) of the Bankruptcy Code are inapplicable to the Chapter 11 Cases.

W.     As evidenced by the Combined Disclosure Statement and Plan and the Voting Declaration and established at or in connection with the Confirmation Hearing, each holder of a Claim or Interest in each Impaired Class has either accepted the Combined Disclosure Statement and Plan or will receive or retain under the Combined Disclosure Statement and Plan property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors liquidated under chapter 7 of the Bankruptcy Code on such date. Thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

X.     As evidenced by the Voting Declaration, Class 3 for each Debtor voted in favor of the Combined Disclosure Statement and Plan, and Class 4, which was consolidated for voting purposes, voted in favor of the Combined Disclosure Statement and Plan. Classes 1 and 2 are Unimpaired under the Combined Disclosure Statement and Plan and are, therefore, deemed to have accepted the Combined Disclosure Statement and Plan under section 1126(f) of the Bankruptcy Code, thus satisfying section 1129(a)(8) of the Bankruptcy Code. Classes 5 and 6 are Impaired by the Combined Disclosure Statement and Plan and are not entitled to receive or retain any property under the Combined Disclosure Statement and Plan and, therefore, are deemed to have rejected the Combined Disclosure Statement and Plan pursuant to section 1126(g) of the Bankruptcy Code. As found and determined below, pursuant to section 1129(b)(1) of the Bankruptcy Code, the Combined Disclosure Statement and Plan may be confirmed notwithstanding the fact that Classes 5 and 6 are Impaired and deemed to have rejected the Combined Disclosure Statement and Plan.

Y.     Except to the extent that the Holder of a particular Claim has agreed to a different treatment of such Claim, the treatment of Claims under the Combined Disclosure

Statement and Plan of the type specified in sections 507(a)(1) and 507(a)(3)-(8) of the Bankruptcy Code, if any, complies with the provisions of section 1129(a)(9) of the Bankruptcy Code.

Z.     Classes 3 and 4 are Impaired and have accepted the Combined Disclosure Statement and Plan, determined without including any acceptances of the Combined Disclosure Statement and Plan by any insider.  Thus, the Combined Disclosure Statement and Plan satisfies section 1129(a)(10) of the Bankruptcy Code.

AA.     The Combined Disclosure Statement and Plan provides for adequate means for its implementation and, thus, satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.  Because the Combined Disclosure Statement and Plan is a plan of liquidation for the Debtors, Confirmation is not likely to be followed by the need for further financial reorganization of the Debtors.

BB.     All fees payable on or before the Effective Date, pursuant to United States Code title 28 section 1930, shall be paid in full in Cash by the Debtors on or before the Effective Date.  All such fees payable after the Effective Date shall be paid in full in Cash by the Post-Effective Date Debtors until the cases are converted, dismissed, or closed, whichever occurs first. Notwithstanding anything to the contrary in the Plan, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") shall not be required to file a request for allowance of any Administrative Claims on account of such fees.   Thus, section 1129(a)(12) of the Bankruptcy Code is satisfied.

CC.     No Debtor offered "retiree benefits," as that term is used in the Bankruptcy Code, was required to pay a domestic support obligation, or is an individual.  Accordingly, sections 1129(a)(13)-(15) of the Bankruptcy Code are inapplicable.

DD. The Debtors are moneyed, business, or commercial corporations. Accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable.

EE. No other chapter 11 plan has been moved for Confirmation.

FF. The primary purpose of the Combined Disclosure Statement and Plan is not the avoidance of taxes or the requirements of section 5 of the Securities Act of 1933.

GG. The Debtors and their officers, directors, employees, advisors, professionals, and other agents and representatives have acted in good faith within the meaning of section 1125(e) of the Bankruptcy Code, and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Interim Approval and Procedures Order, in connection with all of their respective activities relating to the solicitation of the Plan and their participation in the activities described in section 1125(e) of the Bankruptcy Code, and they are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the injunction, exculpation, and release provisions set forth in Article XIV of the Plan and in this Confirmation Order to the extent provided in the Plan and this Confirmation Order.

HH. Holders of Claims and Interests in Classes 5 and 6 are deemed to have not accepted the Combined Disclosure Statement and Plan. Based upon the evidence proffered, adduced, and presented by the Debtors at or in connection with the Confirmation Hearing, the Combined Disclosure Statement and Plan does not discriminate unfairly and is fair and equitable with respect to the aforementioned Classes, as required by sections 1129(b)(1)-(2) of the Bankruptcy Code. Thus, the Combined Disclosure Statement and Plan may be confirmed notwithstanding the deemed rejection of the Combined Disclosure Statement and Plan by the Holders of Claims and Interests in Classes 5 and 6.

II.     The conditions to the occurrence of the Effective Date in Article XIII of the Combined Disclosure Statement and Plan are reasonably likely to be satisfied or waived in accordance with the Combined Disclosure Statement and Plan.

JJ.     With respect to any and all Executory Contracts of the Debtors that have not been assumed or assumed and assigned by the Debtors as of the Effective Date, such Executory Contracts are burdensome to the Estates, and rejection of such Executory Contracts pursuant to the Plan and this Confirmation Order is in the best interests of the Debtors and their Estates and is an appropriate exercise of the Debtors' business judgment.

KK.     The Debtors, as proponents of the Combined Disclosure Statement and Plan, have met their burden of proving the elements of sections 1129(a)-(b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard.  This Court also finds that the Debtors have satisfied the elements of sections 1129(a)-(b) of the Bankruptcy Code under the clear and convincing standard of proof.

LL.     Any modifications to the Combined Disclosure Statement and Plan, as reflected in the Combined Plan and Disclosure Statement attached hereto as **<u>Exhibit A</u>**, comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The filing of the modifications and the description of them on the record at the Confirmation Hearing constitutes due and sufficient notice thereof under the circumstances of the Chapter 11 Cases.  Such modifications are either not material or do not adversely change the treatment of any Holders of Claims and Interests, do not require re-solicitation of the Voting Classes, and are approved pursuant to section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019.  No Holder of a Claim that has voted to accept the Plan shall be permitted to change its acceptance to

a rejection as a consequence of such modifications. As a result of the foregoing, the Combined Disclosure Statement and Plan satisfies all applicable requirements for Confirmation.

MM. The other discretionary provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b)(6) of the Bankruptcy Code.

NN. This Court properly may retain jurisdiction over the matters set forth in Article XV of the Combined Disclosure Statement and Plan.

OO. Under the circumstances, it is appropriate that the 14-day stay imposed by Bankruptcy Rules 3020(e) and 7062(a) be waived.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

1. The Combined Disclosure Statement and Plan is approved and confirmed on a final basis pursuant to section 1129 of the Bankruptcy Code; *provided, however*, that, if there is any conflict between the terms of the Combined Disclosure Statement and Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control. The terms of the Combined Disclosure Statement and Plan are incorporated by reference into, and are an integral part of, this Confirmation Order. Any objections to final approval and Confirmation of the Combined Disclosure Statement and Plan, or any reservations of rights thereto, to the extent not withdrawn, waived, or resolved herein, are hereby overruled and denied on the merits.

2. The Combined Disclosure Statement and Plan is approved on a final basis as containing adequate information within the meaning of section 1125 of the Bankruptcy Code, and any objections to the adequacy of the information contained in the Combined Disclosure

Statement and Plan not withdrawn, waived, or resolved herein are hereby overruled and denied on the merits.

3.     Pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, upon the Effective Date, all settlements and compromises set forth in the Plan, including, without limitation, the Global Settlement, are approved in all respects, and constitute good faith compromises and settlements. Further, all documents, agreements, and instruments evidencing and implementing the Global Settlement, to the extent not already approved by order of this Court, are approved. The Debtors are authorized to execute and deliver such documents, agreements, and instruments and to effectuate the Global Settlement.

4.     Subject to the provisions of the Combined Disclosure Statement and Plan, in accordance with section 1141(a) of the Bankruptcy Code, and notwithstanding any otherwise applicable law, upon the occurrence of the Effective Date, the terms of the Combined Disclosure Statement and Plan and this Confirmation Order shall be immediately binding upon, and inure to the benefit of:  (a) the Debtors; (b) the Post-Effective Date Debtors; (c) any and all Holders of Claims or Interests (irrespective of whether any of such Claims or Interests are Impaired under the Combined Disclosure Statement and Plan or whether the Holders of such Claims or Interests accepted, rejected, or are deemed to have accepted or rejected the Combined Disclosure Statement and Plan, or whether such Holders filed a proof of claim or interest in the Chapter 11 Cases); (d) any other Entity giving, acquiring, or receiving property under the Combined Disclosure Statement and Plan; (e) the Plan Administrator (in its capacity as such); (f) any and all non-Debtor parties to any Executory Contract; and (g) the respective Affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, successors, or assigns, if any, or any Entity claiming by, through, or in the right of such Entity, of any of the foregoing. On the Effective Date, except as

otherwise set forth in the Combined Disclosure Statement and Plan: (i) all settlements, compromises, releases, waivers, discharges, exculpations, and injunctions set forth in the Combined Disclosure Statement and Plan shall be effective and binding on all Entities as provided for in the Combined Disclosure Statement and Plan and this Confirmation Order; and (ii) pursuant to sections 1141(b)-(c) of the Bankruptcy Code, the Plan Administration Assets (including, but not limited to, the Retained Causes of Action) shall vest in the Estates of the Post-Effective Date Debtors, in accordance with the Combined Disclosure Statement and Plan, on a free and clear basis as provided in the Combined Disclosure Statement and Plan, but subject to the Combined Disclosure Statement and Plan and this Confirmation Order.

5. The Combined Disclosure Statement and Plan shall not become effective unless and until the conditions set forth in Article XIII, Section 13.1 of the Combined Disclosure Statement and Plan have been satisfied or waived pursuant to Article XIII, Section 13.3 thereof.

6. In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all Holders of Claims who voted to accept the Plan, or who are conclusively presumed to have accepted the Plan, are deemed to accept the Plan.

7. The Plan's classification scheme is approved. The classifications set forth on the Ballots: (a) were set forth solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes; (c) may not be relied upon by any Holder of a Claim as representing the actual classification of such Claim under the Plan for distribution purposes; and (d) shall not be binding on the Debtors or the Estates, except for Plan voting purposes.

8.      Except as expressly provided in the Plan, the Global Settlement, or this Confirmation Order, and unless sold or transferred in the Sales, or otherwise waived, relinquished, exculpated, resolved, released, compromised or settled pursuant to the Global Settlement, the Plan or a Final Order of the Bankruptcy Court: (i) in accordance with Section 1123(b)(3) of the Bankruptcy Code, the Post-Effective Date Debtors shall retain all Retained Causes of Action and nothing contained in the Plan or this Confirmation Order shall be deemed a release, waiver or relinquishment of any such Retained Causes of Action; and (ii) the Post-Effective Date Debtors shall have, retain, reserve and be entitled to assert all such Retained Causes of Action as fully as if the Chapter 11 Cases had not been commenced, and all of the Post-Effective Date Debtors' legal and equitable rights respecting any Claims that are not specifically waived or relinquished by the Plan, this Confirmation Order, the Global Settlement, or any Final Order (including settlement or other agreements authorized thereby) may be asserted after the Effective Date to the same extent as if the Chapter 11 Cases had not been commenced. For the avoidance of doubt, any and all Avoidance Actions are waived and released upon the Effective Date.

9.      Unless a Retained Cause of Action against a Holder or other person or Entity is expressly waived, relinquished, released, compromised, or settled in the Plan, the Global Settlement, or any Final Order (including this Confirmation Order and including settlement or other agreements authorized by any Final Order), or otherwise sold or transferred in the Sales, the Debtors, the Estates, and the Post-Effective Date Debtors expressly reserve such Retained Cause of Action for later adjudication, including, without limitation, Retained Causes of Action of which the Debtors may presently be unaware or which may arise or exist by reason of additional facts or circumstances unknown to the Debtors at this time or facts or circumstances that may change or be different from those the Debtors now believe to exist. Therefore, no preclusion doctrine,

including, without limitation, the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise), laches, or the like shall apply to such Retained Causes of Action upon or after the entry of this Confirmation Order or the Effective Date based on the Combined Disclosure Statement and Plan or this Confirmation Order, except where such Retained Causes of Action have been expressly waived, relinquished, released, compromised, or settled in the Plan, the Global Settlement, this Confirmation Order, or any Final Order of this Court or, following the Effective Date, in a written agreement duly executed by the Plan Administrator, which agreement, by its terms, is not subject to Bankruptcy Court approval.

10. The Debtors, the Post-Effective Date Debtors, and the Plan Administrator, as applicable, are authorized to take or cause to be taken all corporate or other actions necessary or appropriate to implement all provisions of, and to consummate, the Plan and to execute, enter into, or otherwise make effective all documents arising in connection therewith.

11. On the Effective Date, the Plan Administrator is authorized to do all things and to execute and deliver all agreements, documents, instruments, notices, and certificates as are contemplated by the Plan and to take all necessary or appropriate actions required in connection therewith, in the name of and on behalf of the Debtors and the Post-Effective Date Debtors.

12. The approvals and authorizations specifically set forth in this Confirmation Order are not intended to limit the authority of the Debtors, the Post-Effective Date Debtors, or the Plan Administrator to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order.

13. The appointment of the Plan Administrator is hereby approved. The Plan Administrator is hereby authorized to wind up the Debtors' affairs and may make Distributions

after the Effective Date in accordance with this Confirmation Order and the Combined Disclosure Statement and Plan (and the Wind Down Budget incorporated therein). The Plan Administrator shall have such rights, powers, and duties and shall receive such compensation as is provided for in the Combined Disclosure Statement and Plan and the Wind Down Budget incorporated therein, this Confirmation Order, the Plan Supplement, and the Plan Administration Agreement.

14.     The Plan Administration Agreement, substantially in the form filed with the Plan Supplement, is hereby approved.

15.     On the Effective Date, all Executory Contracts that have not been assumed, assumed and assigned, or rejected, prior to the Effective Date, or are not subject to a motion to assume, assume and assign, or reject filed before the Effective Date, shall be deemed rejected pursuant to the Plan and this Confirmation Order, effective as of the Effective Date.

16.     **Unless required to be filed by an earlier date by another order of this Court, any Creditor asserting a Claim arising from the rejection of an Executory Contract or unexpired lease pursuant to the Plan and this Confirmation Order (a "Rejected Agreement") shall file a proof of claim on account of such Claim with the Debtors' claims and noticing agent, Kroll Restructuring Administration, LLC ("Kroll"), <u>within thirty (30) days of the Effective Date</u>, and shall also serve such proof of claim upon the Plan Administrator and its counsel. Any Claim arising from a Rejected Agreement that is not timely filed may be forever disallowed and barred, and may forever prohibit the counterparty to a Rejected Agreement from asserting a Claim for damages arising from such rejection and from receiving any distribution on account of such Claim from the Estates or otherwise.** Nothing herein shall impair, prejudice, waive or otherwise affect the rights of the Debtors, Post-Effective Date Debtors, and the Plan Administrator to: (a) assert that any Rejected

Agreements (i) were terminated prior to the Effective Date, or (ii) are not executory contracts or unexpired leases under section 365 of the Bankruptcy Code; (b) assert that any Claim for damages arising from the rejection of any Rejected Agreements is limited to the remedies available under any applicable termination provisions of any Rejected Agreements; (c) assert that any such Claim is an obligation of a third party, and not that of the Debtors or the Estates; or (d) otherwise contest any Claims that may be asserted in connection with any Rejected Agreements. All rights, Claims, defenses, and Causes of Action that the Debtors and the Estates may have against the counterparties to any Rejected Agreements, whether or not such claims arise under, are related to the rejection of, or are independent of any Rejected Agreements, are reserved, and except as otherwise set forth herein or in the Plan (for example, to the extent any Claims or Causes of Action are not Retained Causes of Action), nothing herein is intended or shall be deemed to impair, prejudice, waive, or otherwise effect such rights, claims, defenses, and Causes of Action.

17. **All objections to Claims (other than the Professional Fee Claims, which shall be governed by Article VI of the Plan) shall be filed by the Debtors or the Plan Administrator on or before 180 days after the Effective Date, which date may be extended by this Court upon a motion filed by the Debtors or the Plan Administrator on or before the Claims Objection Deadline with notice only to those parties entitled to notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the filing of such motion. The filing of a motion to extend the Claims Objection Deadline shall automatically extend the Claims Objection Deadline until a Final Order is entered by this Court. In the event that such a motion to extend the Claims Objection Deadline is denied, the Claims Objection Deadline shall be the later of the then-current Claims Objection Deadline (as previously extended, if**

**applicable) or thirty (30) days after entry of a Final Order denying the motion to extend the Claims Objection Deadline.**

18.     As of the Effective Date, all Interests of any kind shall be deemed cancelled, and the Holders thereof shall not receive or retain any property, interest in property, or consideration under the Plan on account of such Interests.

19.     Any insurance policies of the Debtors in which the Debtors are or were insured parties (including any policies covering directors' or officers' conduct), and any related insurance agreement, shall be treated in accordance with Article XVI, Section 16.12 of the Plan.

20.     On the Effective Date, and absent appeal of this Confirmation Order, the Committee shall be dissolved as provided by Article XVI, Section 16.8 of the Combined Disclosure Statement and Plan, subject to the rights set forth therein, and the engagement of each Professional retained by the Committee shall be terminated.

21.     As of the Effective Date, other than Kroll, the engagement of each Professional retained by the Debtors, including, without limitation, Young Conaway Stargatt & Taylor, LLP as counsel for the Debtors, Triple P RTS LLC, as restructuring advisor for the Debtors, and Stevens, Inc., as Investment Banker for the Debtors, shall be terminated. Nothing herein shall prevent any of the Professionals retained by the Debtors or Committee from being compensated for actual and necessary fees and expenses incurred for work relating to preparation, filing, prosecuting, and objecting to Professional Fee Claims that would have also been compensable prior to the Effective Date.

**22.     Unless required to be filed by an earlier date by another order of this Court, any Holder of an Administrative Claim that arose after July 12, 2023, but prior to the Effective Date, other than a Professional Fee Claim or a claim for U.S. Trustee Fees, must**

file with this Court and serve on (a) the Plan Administrator and its counsel, (b) the U.S. Trustee, and (c) all parties requesting notice pursuant to Bankruptcy Rule 2002, a request for payment of such Administrative Claim so as to be received by the Final Administrative Claim Bar Date, <u>which shall be 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the Effective Date Notice is filed and served</u>. Such request must include at a minimum: (i) the name of the Debtor(s) that are purported to be liable for the Administrative Claim; (ii) the name of the Holder of the Administrative Claim; (iii) the amount of the Administrative Claim; (iv) the basis of the Administrative Claim; and (v) all supporting documentation for the Administrative Claim. Any Administrative Claim that is not timely filed as set forth above may be forever barred, and holders of such Administrative Claims may not be able to assert such Claims in any manner against the Plan Administrator, the Debtors, or their Estates, or their respective successors or assigns or their respective property.

23. Unless required to be filed by an earlier date by another order of this Court, all Professional Fee Claims must be filed with this Court and served on (a) the Plan Administrator and its counsel (to the extent filed after the Effective Date), (b) the U.S. Trustee, (c) counsel to the Debtors, (d) counsel to the Committee, and (e) counsel to the Prepetition Agent, <u>so as to be received by the Professional Fee Claims Bar Date, which shall be the date that is forty-five (45) days after the Effective Date Notice is filed</u>. After notice and a hearing in accordance with the procedures established by the Bankruptcy Code and prior orders of this Court in the Chapter 11 Cases, this Court shall determine the Allowed amounts of such Professional Fee Claims. Any request for payment of a Professional Fee Claim that is not timely filed as set forth above will be forever barred, and holders of such

**Professional Fee Claims will not be able to assert such Claims in any manner against the Plan Administrator, the Debtors, or their Estates, or their respective successors or assigns or their respective property.**

24. Notwithstanding anything to the contrary in the Plan or this Confirmation Order, after the Effective Date, the Plan Administrator shall continue to reimburse the Prepetition Agent for the reasonable fees and expenses (including reasonable and documented fees and expenses of legal counsels and financial advisor) incurred by the Prepetition Agent after the Effective Date in accordance with paragraph 14(c) of the Final Cash Collateral Order.

25. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Combined Disclosure Statement and Plan. Each federal, state, commonwealth, local, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Combined Disclosure Statement and Plan and this Confirmation Order.

26. The Debtors are hereby authorized to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements, and to take such other actions, as may be necessary or appropriate to effectuate, implement, or further evidence the terms and conditions of the Combined Disclosure Statement and Plan. On and after the Effective Date, the Plan Administrator is authorized and empowered to issue, execute, file, and deliver or record such documents, contracts, instruments, releases, and other agreements in the name of and on behalf of the Debtors.

27.     Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property under the Combined Disclosure Statement and Plan shall not be subject to any stamp tax or similar tax.  Upon entry of this Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax and may accept for filing and recordation this Confirmation Order without the payment of any such tax, recordation fee, or governmental assessment.

28.     This Court hereby retains jurisdiction of the Chapter 11 Cases and all matters arising under, out of, or related to the Chapter 11 Cases and the Combined Disclosure Statement and Plan (a) as provided for in Article XV of the Combined Disclosure Statement and Plan, (b) as provided for in this Confirmation Order, and (c) for the purposes set forth in sections 1127 and 1142 of the Bankruptcy Code.

29.     The release, exculpation, injunction, and indemnification provisions contained in the Combined Disclosure Statement and Plan including, without limitation, those set forth in Article XIV of the Combined Disclosure Statement and Plan, are expressly incorporated into this Confirmation Order as if set forth herein in full, and are hereby authorized and approved and shall be effective and binding on all persons or entities, to the extent provided therein.

30.     No Entity holding a Claim against the Debtors may receive any payment from, or seek recourse against, any Assets that are to be distributed under the Combined Disclosure Statement and Plan other than Assets required to be distributed to that Entity under the Combined Disclosure Statement and Plan.  All parties are precluded from asserting against any property to be distributed under the Combined Disclosure Statement and Plan any Claims, rights, Causes of Action, liabilities, or Interests based upon any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the Combined Disclosure

25

Statement and Plan or this Confirmation Order. Except as otherwise expressly provided for in the Combined Disclosure Statement and Plan or in obligations issued pursuant to the Combined Disclosure Statement and Plan, all Entities are permanently enjoined, on and after the Effective Date, on account of any Claim or Interest, from: (a) commencing or continuing in any manner any action or other proceeding of any kind against the Debtors, the Post-Effective Date Debtors, any of the Estates, their successors and assigns, and any of their Assets and properties; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against the Post-Effective Date Debtors, any Estate, their successors and assigns, and any of their Assets and properties; (c) creating, perfecting, or enforcing any encumbrance of any kind against the Post-Effective Date Debtors, any Estate, their successors and assigns, and any of their Assets and properties; (d) asserting any right of setoff or subrogation of any kind against any obligation due from the Post-Effective Date Debtors, any Estate, or their successors and assigns, or against any of their Assets and properties, except to the extent a right to setoff or subrogation is asserted with respect to a timely filed proof of claim; or (e) commencing or continuing in any manner any action or other proceeding of any kind in respect of any Claim or Interest or Cause of Action released under Article XIV of the Combined Disclosure Statement and Plan. All injunctions or stays provided for in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the closing of the Chapter 11 Cases.

31.     For the avoidance of doubt, the GUC Cash Allocation shall only be distributed to Holders of Allowed General Unsecured Claims.

32.     Notwithstanding anything in the Plan to the contrary, any party submitting a Ballot voting in favor of the Plan, but opting-out of the releases set forth in Article 14, shall be deemed not to have granted such releases.

33.     The failure to reference or discuss any particular provision of the Combined Disclosure Statement and Plan in this Confirmation Order shall have no effect on the validity, binding effect, and enforceability or such provision, and such provision shall have the same validity, binding effect, and enforceability as every other provision of the Combined Disclosure Statement and Plan.

34.     The provisions of Rule 62 of the Federal Rules of Civil Procedure, as applicable pursuant to Bankruptcy Rule 7062, and Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order.  The period in which an appeal with respect to this Confirmation Order must be filed shall commence immediately upon the entry of this Confirmation Order.

35.     The Effective Date Notice, substantially in the form attached hereto as **Exhibit B**, is hereby approved.  Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Plan Administrator shall serve the Effective Date Notice in accordance with Article XIII, Section 13.2 of the Combined Disclosure Statement and Plan, no later than five (5) Business Days after the Effective Date.

36.     The Plan Administrator is authorized and empowered to effect the dissolution of any of the Debtors as soon as practicable after the Effective Date without the need for any company action or approval, and the Debtors, the Post-Effective Date Debtors, the Plan Administrator, or any of their successors or assigns, shall not be required to pay any taxes or fees to cause such dissolution.  All governance activities of a Debtor shall be exercised by the Plan Administrator in accordance with the Combined Plan and Disclosure Statement, the Plan

Administration Agreement, and this Confirmation Order, and the Plan Administrator shall be authorized and empowered to take or cause to be taken all actions necessary or appropriate to implement and consummate the Plan in accordance with the Combined Plan and Disclosure Statement, the Plan Administration Agreement, and this Confirmation Order.

37. Subject to the occurrence of the Effective Date, and notwithstanding Bankruptcy Rules 3020(e), 6004(h), 7062, 8001, or otherwise, immediately upon the entry of this Confirmation Order, the terms of the Combined Disclosure Statement and Plan and this Confirmation Order shall be, and hereby are, immediately effective and enforceable and deemed binding upon the Debtors, the Plan Administrator, any and all other Holders of Claims or Interests (irrespective of whether such Claims or Interests are Impaired under the Combined Disclosure Statement and Plan or whether the Holders of such Claims or Interests accepted, were deemed to have accepted, rejected, or were deemed to have rejected the Combined Disclosure Statement and Plan, or whether such Holders filed a proof of claim or interest in the Chapter 11 Cases), any trustees or examiners appointed in the Chapter 11 Cases, all Entities that are party to or subject to the settlements, compromises, releases, discharges, injunctions, stays, and exculpations described in the Combined Disclosure Statement and Plan or herein, each Entity acquiring property under the Combined Disclosure Statement and Plan, any and all non-Debtor parties to Executory Contracts, and all other parties-in-interest, and the respective heirs, executors, administrators, successors or assigns, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians, if any, or any Entity claiming by, through or in the right of such Entity, of any of the foregoing.

38. The Debtors are authorized to consummate the Combined Disclosure Statement and Plan at any time after the entry of this Confirmation Order, subject to satisfaction or waiver of the conditions precedent to the occurrence of the Effective Date as set forth in Article XIII of the Combined Disclosure Statement and Plan. On the Effective Date, the Plan shall be deemed to be substantially consummated within the meaning in section 1101 of the Bankruptcy Code and pursuant to section 1127(b) of the Bankruptcy Code.

**Dated: August 24th, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**